**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: <br><br> CURTIS PARKER, <br><br> Debtor. <br><br> 2017-1 IH Borrower, LP, <br><br> Movant, <br><br> v. <br><br> CURTIS PARKER, <br><br> Respondent. | CIVIL ACTION FILE NO. 25-61216-BEM <br><br> Chapter 7 <br><br> Contested Matter |

**MOTION AND INCORPORATED BRIEF FOR STAY PENDING APPEAL & TO SUSPEND ANY INJUNCTION PROHIBITING MOVANT FROM EXERCISING ITS STATE LAW RIGHTS**

COMES NOW 2017-1 IH Borrower, LP (hereinafter "Movant"), by and through its undersigned counsel, and herein files this Motion pursuant to Fed. R. Bankr.P. 8007 to stay this Court's January 21, 2026 orders (Doc. 43 and Doc. 44), which vacated a final dispositive order between Movant and Debtor, pending appeal of the foregoing orders with the District Court.[1] Movant also seeks herein for the Court to suspend and modify its prior order barring Movant from exercising its state law rights in recovering the underlying real property, as previously authorized by this Court. *See* Doc. 37, ¶ 4 (ordering Movant to not proceed with eviction pending further order of the Court); *see* Doc. 43 and Doc. 44 (neither lifting the 'order not to evict' or authorizing Movant to do so); Doc. 20 (order modifying automatic stay authorizing Movant to proceed with eviction under state law).

---

[1] Counsel submits, as set forth within its Notice of Appeal, that the matter is a direct appeal of a final order pursuant to 28 U.S.C. § 158(a)(1). Notwithstanding, particularly in light of the pro se nature of this action, an express order staying the January 21, 2026, orders while on appeal would ensure all parties are aware of the District Court's pending jurisdiction over the matters encompassed by the January 21, 2026, orders.

Movant has appealed the foregoing January 21, 2026 orders and, consistent with Rule 8007 of the Federal Rules of Bankruptcy Procedure, seeks this Court's express order staying the foregoing during the pendency of the appeal, to the extent the appeal may subsequently be viewed as an interlocutory appeal instead of a final order. *See In re Walker*, 515 F.3d 1204, 1211 (11th Cir. 2008) (filing of a proper notice of appeal confers jurisdiction on appellate court, divesting the bankruptcy court of its control over aspects of case involved in the appeal). Respectfully, Movant submits that the likelihood of success on appeal and irreparable harm favor staying the Order during the appeal. Movant respectfully requests this Court grant the instant motion to stay pending appeal and suspend or modify its prior order to authorize Movant to proceed with eviction.

## ARGUMENT AND CITATION OF AUTHORITY

As briefly set forth herein, the Motion is pled in the alternative, as the separately filed appeal encompasses orders directly appealable to the district court pursuant to 28 U.S.C. § 158(a)(1). Notwithstanding, the Motion as pled in the alternative equally sets forth bases for this Court to stay the January 21, 2026, rulings of this Court pending final determination by the district court.

Importantly though, in light of the pro se debtor representation in this matter, for purposes of clarity to a pro se party, it equally behooves this Court to stay the January 21, 2026, rulings of this Court until the district court speaks.

I. **The Order is Properly Reviewable as a Final Order Pursuant to 28 U.S.C. § 158(a)(1).**

In denying the relief sought by Respondent, and consequentially also by Movant, in seeking to enforce and seeking relief from certain provisions of the Final Order, the Court's denial of such relief within its Order squarely constitutes action directly appealable to the District Court pursuant to 28 U.S.C. § 158(a)(1).

Notably an order "denying relief under Fed.R.Civ.P. 60(b), made applicable to bankruptcy proceedings by Fed. R. Bankr.P. 9024, is generally considered a final, appealable order." *In re Reynolds*, 455 B.R. 312, 318 (D. Mass 2011). Such an order on appeal "is an event of jurisdictional significance – it confers jurisdiction on the appellate court and divests the trial court of its control over those aspects of the case in the appeal." *In re Walker*, 515 F.3d 1204, 1211 (11th Cir. 2008) (analyzing a potential "final" order under 28 U.S.C. § 158 which was directly appealed to the Eleventh Circuit from a bankruptcy court).

Debtor's motion, as denied by this Court within the Order, sought (1) enforcement of the underlying settlement agreement previously adopted by this Court; (2) equitable relief to compel payment to Debtor of $7,000.00; (3) vacatur of the dismissal with prejudice entered within the Final Order; (4) awards of unspecified damages due to the alleged breach of the settlement agreement; (5) sanctions against Movant; (6) ongoing enforcement of compliance by this Court of the settlement agreement; and (7) equitable relief from eviction, among other matters sought. *See* Doc. 35, 36. Movant similarly joined Debtor in part, in requesting this Court enforce the settlement agreement. *See e.g.* Doc. 39, p. 11. Unquestionably within the overlapping, and somewhat contradictory, relief sought by Debtor was ultimately some degree of relief from the Final Order, whether partial or in toto, as contemplated within Fed.R.Civ.P. 60(b), as made applicable to bankruptcy proceedings by Fed. R. Bankr.P. 9024.

However, despite Debtor seeking some degree of overlapping relief from the Final Order, this Court outright denied the relief sought by Debtor within the Order. *See* Order, p. 3 (ORDERED that the Motion to Enforce [Docs. 35, 36] is DENIED."). Instead, this Court sua sponte elected to determine that no agreement existed whatsoever despite failing to delve into any degree of analysis required under state law in evaluating the language of the settlement

agreement as a contract. *See, e.g., Samdperil v. Watson*, 359 Ga. App. 129, 130-131 (2021). This sua sponte election is conspicuous in light of Debtor's admitted failure to consider – and as admitted by Debtor at the hearing, outright discarding – of the word "account" within the settlement agreement.

Resultingly, this Court's denial of the relief sought by Debtor as to partial or complete relief from the Final Order based on various asserted grounds (at a minimum, Debtor asserted relief under Fed.R.Civ.P. 60(b)(3) and (6)) within the Order authorizes a direct appeal of the Order to the District Court.

## II. Alternatively, the Order and Scheduling Order Are Quintessential Orders Contemplated Within 28 U.S.C. § 158(a)(2) and the Collateral Order Doctrine.

Alternatively, the Order and Scheduling Order, as entered by the Bankruptcy Court, are prime examples of orders contemplated in the enactment of 28 U.S.C.A. § 158(a)(2), as analyzed under the codified collateral order doctrine set forth in 28 U.S.C.A. § 1292(b). Resultingly, the District Court alternative has jurisdiction of this appeal to consider the pure question of law surrounding the vacatur of the Final Order, as set forth within the Order and Scheduling Order.

For an interlocutory order to be appealable as a collateral order, "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Richardson–Merrell*, 472 U.S. 424, 431 (1985) (*citing Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949)). *See also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (*overturned on other grounds*); *Abney v. U.S.*, 431 U.S. 651, 658 (1977).

Particularly, a ruling conclusively determines an issue when it is "made with the expectation that [it] will be the final word on the subject." *Moses H. Cone Mem'l Hosp. v. Mercury Constr.*

*Corp.*, 460 U.S. 1, 12 n.14 (1983). Here, the Order and the Scheduling Order unquestionably serve as the 'final word' on the validity and enforceability of the settlement agreement between the parties.

An important issue completely separate from the merits of the action is one which is not "enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Mercantile Nat'l Bank v. Langdeau*, 371 U.S. 555, 558 (1963). Here, as the underlying matter at issue in this case is one for Chapter 7 discharge by Debtor, the resolution and discharge are wholly separate and distinct from any purported violations of 11 U.S.C.A. § 362 by Movant which is the subject of the Order.

Additionally, the validity or lack thereof of the settlement agreement between the parties will be effectively unreviewable upon an appeal from a final judgment. While this Court oddly failed to set forth the mutually agreed terms of the settlement agreement within its Order, the settlement agreement contemplated Debtor vacating and abandoning the underlying Property as of a date certain (January 30, 2026). *See* page 4, above. Every day which Debtor remains in the Property beyond the terms of the settlement agreement would be quintessentially unreviewable upon later appeal – and as expressly contemplated under Georgia law adopted from England, real property is generally considered unique and subject to specific performance, as monetary damages are not an adequate legal remedy for enforcement of a contract as to possession or ownership of real property. *See, e.g., Hampton Island, LLC v. HAOP, LLC*, 306 Ga. App. 542, 548 (2010). The fact that Debtor occupied the Property pursuant to a lease is inconsequential – the unique rights of a real property owner to possess, control, and exclude are unique and deprivation for each day unreviewable by a court. "The term (property) comprehends not only the thing possessed, but also, in strict legal parlance, Means the rights of the owner in relation to land or a thing; the

Right of a person to possess, use, enjoy and dispose of it, and the corresponding right to exclude others from the use." <u>Duffield v. Dekalb County</u>, 242 Ga. 432, 434 (1978) (cit. omitted).

Additionally, the entire issue outstanding by way of the Order – whether or not the settlement agreement constitutes a meeting of the minds under Georgia law and resultingly is enforceable – is additionally a matter of law as to which there is a substantial difference of opinion, equally vesting the District Court with jurisdiction under 28 U.S.C.A. § 1292(b).[2]

### III. Alternatively, Under Fed. R. Bankr.P. 8007, the Appeal Satisfies the Test to Stay the January 21, 2026 orders on Appeal.

To the extent a court may view the appeal through the framework of a discretionary appeal otherwise subject to Fed. R. Bankr.P. 8007 analysis, unquestionably the appeal satisfies the rubric set forth for this Court to stay the January 21, 2026 orders pending appeal.

For a court to grant a motion to stay an order pending appeal, a court must consider (1) whether movant has made a strong showing of likely success on the merits; (2) whether movant will be irreparably injured absent a stay; (3) whether issuance of a stay would substantially injury other parties interested in the matter; (4) where public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

<u>Movant Makes a Strong Showing of Likely Success on the Merits of Appeal.</u>

In analyzing an agreement between parties, "[t]he cardinal rule of contract construction is to ascertain the intention of the parties." *Samdperil v. Watson*, 359 Ga. 129, 130 (2021). When construing a contract, "a trial court must first determine whether the contract terms are ambiguous." <u>Id</u>. An ambiguity only exists "where the words used in the contract leave the intent

---

[2] The Bankruptcy Court electing to, sua sponte, find that there was no meeting of the minds between Movant and Respondent, despite neither party arguing the same, alone establishes a "substantial difference of opinion" as to an otherwise conclusive matter of law.

of the parties in question – i.e. that intent is uncertain, unclear, or is open to various interpretations." Id. at 131.

Crucially, however, in interpreting a contract to determine whether an ambiguity exists or not, a court must "give a reasonable, lawful and effective meaning to all manifestations of intention by the parties rather than an interpretation which leaves a part of such manifestations unreasonable or of no effect." *Elite Realty Services, Inc. v. City of Auburn*, 272 Ga. 195, 196 (2000). Additionally, as "forfeitures are not favored in the law, and where there is legitimately a choice of constructions, that which will save the contract is rather to be preferred than that which will work a forfeiture." *Roland Well Drilling, Inc. v. Murawski*, 193 Ga. App. 38 (1989) (*citing Aetna Ins. Co. v. Lipsitz*, 130 Ga. 170, 175(2) (1908)).

Here, the Court did not wade into applying the cardinal rules of contract construction in this matter, particularly analyzing the plain language of the settlement as agreed between the parties to determine whether an ambiguity even existed, before electing to hold an evidentiary hearing to try to ascertain the intention of the parties. As conceded by Debtor during his briefing and subsequent testimony,[3] he gave no weight to the word "account" in the settlement agreement whatsoever in proffering his argument.[4] The Court equally did not "give a reasonable, lawful and effective meaning to all manifestations of intention" within the entire key sentence of the settlement – "2017-1 IH Borrower LP shall account and remit $7,000.00 to Parker and provide evidence of the same to Parker within ten business days of acceptance."

As previously briefed by Movant,[5] "account" has only one meaning and, when conjoined with "remit" and the provision of evidence to Parker, leaves only one reasonable and lawful

---

[3] See, e.g., Doc 35 and 36 (Debtor failing to consider the use of the word "account" whatsoever in its motions).
[4] A party's testimony is not controlling as to interpretation and, as is here, particularly so when the party's proffered interpretation "would render meaningless a subsequent provision." *Elite Realty Services, Inc*., 272 Ga. At 196.
[5] Doc. 39.

interpretation to be applied to the settlement, the performance of which was perfected as uncontested between the parties.

The Court certainly did not analyze how the word "account", when used with "remit" in the context of the key sentence within the settlement agreement, could be open to various interpretations – it instead stated so in a conclusory manner atypical to any degree of contract construction outlined by Georgia courts in applying state law. For this reason, Movant submits a strong and high likelihood of success on appeal.

Movant Will Suffer Irreparable Harm If No Stay is Granted.

As discussed in Section II, above, Movant will suffer irreparable harm if no stay is granted, as the settlement agreement expressly contemplated Debtor vacating the Property by January 30, 2026. Due to the unique nature of real property, Movant's inability to possess, control, and exclude is unique and deprivation for each day unreviewable by a court. Resultingly, Movant unquestionably has made a strong showing of irreparable harm if no stay is granted, particularly so long as the injunction which was – and apparently is – still imposed from obtaining possession of the Property remains in effect.

No Substantial Injury Occurs to Others if a Stay is Issued.

In staying the January 21, 2026, orders on appeal, no substantial injury is suffered by Debtor. Debtor's sole relief sought is one of monetary value, one originating from a cause of action which is terminated in light of this Court's modification of the automatic stay previously, as subsequently limited in enjoining Movant from proceeding with eviction. Debtor merely seeks

monetary compensation for asserted finite claims, claims which can readily be ascertained and calculated at a later date should this Court's January 21, 2026 orders be sustained on appeal.

<u>Public Interest Will Not Be Adversely Affected if a Stay is Issued.</u>

In considering the public interest in weighing whether to stay a bankruptcy order on appeal, "the public interest factors the expedient administration of the bankruptcy proceedings." *In re Adelphia Communs. Corp.*, 361 B.R. 337, 349 (S.D.N.Y. 2007).

Here, the matter at issue is ancillary to the primary purpose under the Chapter 7 proceeding – whether or not Debtor is eligible for a bankruptcy discharge. Moreover, judicial economy would dictate that this Court should refrain from further action pending the district court's resolution, particularly since it finding in favor of Movant would moot the entirety of Debtor's claims – and any further basis for discovery or hearings contemplated within the January 21, 2026 orders. Notably Debtor's affirmative claims for relief against Movant are derivative and have no impact on the underlying Chapter 7 proceedings. Resultingly, the public interest will not be affected in staying this action on appeal.

## IV. **Finally, this Court Should Suspend or Modify Its Prior Injunction as to Eviction Proceedings During the Pendency of the Appeal.**

This Court, in initially considering Debtor's motions as to the settlement agreement, enjoined Movant from proceeding with state court eviction proceedings "until further order of this Court." Doc. 37 ¶4. This Court did not address or modify this equitable relief prohibiting Movant from exercising its rights, as authorized on December 9, 2025 via order, in its subsequent orders. *See* Doc. 43, 44.

As identified above, each day that Movant fails to have exclusive possession and control over the Property is unreviewable, and unrecoverable, via this Court due to the unique nature of real property under Georgia law. Resultingly, as the automatic stay was previously lifted by order of this Court in December 2025, and there being no reason identified for this Court to otherwise maintain such injunctive relief in its January 21, 2026 orders, this Court should also modify and suspend the injunction to allow Movant to proceed with its state court eviction proceedings to recover the Property.

## **CONCLUSION**

As set forth above, the Order is directly appealable to the District Court, which would divest this Court of jurisdiction upon appeal under Eleventh Circuit precedent. Alternatively, to the extent the Order may be interpreted as an interlocutory order, Movant has made a clear showing as to why the test set forth within Fed. R. Bankr.P. 8007 to stay the January 21, 2026 orders on appeal have been satisfied.

Respectfully submitted, this 2nd day of  February , 2026.

| | |
|---|---|
| THE TOTTEN FIRM, LLC<br>5579 Chamblee-Dunwoody Rd<br>Ste B-136<br>Atlanta, GA 30338<br>(404) 692-4342 (Telephone)<br>mft@tottenfirm.com (E-mail) | __/s Matthew F. Totten_____<br>Matthew F. Totten<br>Georgia Bar No. 798589<br>Attorney for 2017-1 IH Borrower, LP |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CURTIS PARKER, | ) |
| | ) CAFN |
| Debtor. | ) 25-61216-bem |
| ------------------------------------ | ) |
| 2017-1 IH Borrower, LP | ) CHAPTER 7 |
| Movant, | ) |
| | ) |
| v. | ) |
| | ) |
| CURTIS PARKER, | ) CONTESTED MATTER |
| Respondent | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the **MOTION AND INCORPORATED BRIEF FOR STAY PENDING APPEAL & TO SUSPEND ANY INJUNCTION PROHIBITING MOVANT FROM EXERCISING ITS STATE LAW RIGHTS** using the CM/ECF system, which will automatically send email notification of such filing to all interested parties. Additionally, I have served the same by First Class U.S. Mail and e-mail upon the below:

Curtis Parker, *Pro se*
1149 Autumn Glen Way
Dacula, GA 30019

This 2nd day of  February  , 2026.

| | |
|---|---|
| THE TOTTEN FIRM, LLC | /s Matthew F. Totten |
| 5579 Chamblee-Dunwoody Rd | Matthew F. Totten |
| Ste B-136 | Georgia Bar Number 798589 |
| Atlanta, GA 30338 | THE TOTTEN FIRM, LLC |
| (404) 692-4342 | *Attorney for 2017-1 IH Borrower LP* |
| mft@tottenfirm.com | |

- 11 -