IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

**2017-1 IH BORROWER, LP,**
Movant,

v.

**CURTIS PARKER,**

Respondent.

Case No.: **25-61216-bem**
Chapter 7
Contested Matter

---

**APPELLEE CURTIS PARKER'S MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION**

Appellee Curtis Parker ("Debtor" or "Appellee"), proceeding pro se, respectfully moves this Court to dismiss the appeal filed by Appellant 2017-1 IH Borrower, LP ("Appellant" or "IH Borrower") for lack of appellate jurisdiction pursuant to 28 U.S.C. § 158(a), and in support states as follows:

**I. INTRODUCTION**

This appeal is an improper attempt to manufacture immediate appellate jurisdiction over a non-final, interlocutory bankruptcy order that does not satisfy the requirements of 28 U.S.C. § 158(a)(1), § 158(a)(2), § 158(a)(3), or the collateral order doctrine. The Bankruptcy Court denied Appellant's request to enforce an alleged settlement and declined to grant Rule 60(b) relief, expressly finding that no enforceable settlement agreement existed due to the absence of a meeting of the minds. That ruling did not finally resolve the underlying bankruptcy case, did not

1

conclusively determine Appellant's rights, and remains fully reviewable, if at all, upon entry of a final judgment.

Rather than seek leave for interlocutory appeal as required by statute, Appellant attempts to recast the Bankruptcy Court's discretionary and fact-bound ruling as a "final order" or, alternatively, as a collateral order. This Court lacks jurisdiction over such an appeal, and dismissal is required.

## II. JURISDICTIONAL STANDARD

District courts have jurisdiction to hear appeals from bankruptcy courts only as authorized by statute. 28 U.S.C. § 158(a). Specifically, a district court may hear appeals from:

(1) final judgments, orders, and decrees;

(2) interlocutory orders increasing or reducing injunctions; and

(3) other interlocutory orders and decrees, but only with leave of court.

Absent a final order or a properly granted interlocutory appeal, this Court lacks subject-matter jurisdiction and must dismiss the appeal.

## III. THE ORDER ON APPEAL IS NOT A FINAL ORDER

### A. Governing Eleventh Circuit Standard

The Eleventh Circuit has consistently held that district courts lack appellate jurisdiction over bankruptcy appeals from non-final orders that do not conclusively resolve a discrete dispute within the bankruptcy case. *In re Donovan*, 532 F.3d 1134, 1136–37 (11th Cir. 2008) (district court lacked jurisdiction where bankruptcy order did not finally resolve the proceeding); *In re F.D.R. Hickory House, Inc.*, 60 F.3d 724, 726–27 (11th Cir. 1995) (bankruptcy order is final only if it ends the litigation on the merits and leaves nothing for the court to do but execute the

judgment); *In re Culton*, 111 F.3d 92, 93–94 (11th Cir. 1997) (dismissal required where order did not finally determine creditor's rights).

Courts within the Northern District of Georgia routinely dismiss bankruptcy appeals for lack of jurisdiction where, as here, the appealed order leaves material issues unresolved. See *In re McLean*, 794 F. App'x 910, 912 (11th Cir. 2019) (affirming dismissal of bankruptcy appeal for lack of finality); *In re Fishel*, No. 1:20-cv-02138-SDG, 2020 WL 8370566, at *2 (N.D. Ga. Dec. 4, 2020) (dismissing appeal from non-final bankruptcy order).

**B. The Bankruptcy Court's Order Did Not End the Litigation**

A bankruptcy order is "final" only if it conclusively resolves a discrete dispute within the larger bankruptcy case. Here, the order appealed from merely denied Appellant's attempt to enforce an alleged settlement and denied Rule 60(b) relief. The order did not resolve the bankruptcy case, did not finally adjudicate Appellant's claims, and did not fix the rights of the parties with finality.

The underlying Chapter 7 case remains open. Issues concerning discharge, administration of the estate, possession of property, and creditor remedies remain subject to further proceedings. An order that leaves substantial issues unresolved is not final for purposes of § 158(a)(1).

**C. Denial of Rule 60(b) Relief Is Not Independently Appealable Here**

Appellant relies heavily on the denial of Rule 60(b) relief as a jurisdictional hook. That reliance is misplaced. Although a denial of Rule 60(b) relief may be appealable in certain circumstances, it is not appealable where as here, the underlying order itself is interlocutory and non-final. A Rule 60(b) motion cannot transform a non-final order into a final one.

Moreover, the Bankruptcy Court's ruling was grounded in factual findings, most notably, the absence of a meeting of the minds—which are reviewed deferentially and do not constitute final adjudications of Appellant's substantive rights.

## IV. THE COLLATERAL ORDER DOCTRINE DOES NOT APPLY

The Eleventh Circuit applies the collateral order doctrine narrowly and has repeatedly rejected its use in bankruptcy appeals involving settlement enforcement, automatic-stay disputes, or fact-bound rulings. *In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985) (collateral order doctrine applies only to a "small class" of orders); *In re Hillsborough Holdings Corp.*, 116 F.3d 1391, 1393–94 (11th Cir. 1997) (orders intertwined with the merits are not collateral); *In re Esteva*, 60 F.4th 664, 670–71 (11th Cir. 2023) (order reviewable after final judgment does not satisfy collateral order doctrine).

Courts in this District likewise reject collateral-order arguments where parties seek premature review of bankruptcy court rulings. See *In re Brown*, No. 1:18-cv-04195-ELR, 2019 WL 1089619, at *3 (N.D. Ga. Mar. 7, 2019) (settlement-related bankruptcy order not appealable under collateral order doctrine); *In re Williams*, No. 1:17-cv-03826-AT, 2018 WL 2970904, at *2 (N.D. Ga. June 13, 2018) (dismissing appeal where order failed collateral-order test).

## V. APPELLANT FAILED TO SEEK LEAVE FOR INTERLOCUTORY APPEAL

Even where an order is interlocutory, dismissal is mandatory if the appellant fails to seek leave under 28 U.S.C. § 158(a)(3) and Bankruptcy Rule 8004. The Eleventh Circuit and courts in this District strictly enforce this requirement. *In re Celotex Corp.*, 700 F.3d 1262, 1265 (11th Cir. 2012) (district court lacks jurisdiction absent leave to appeal interlocutory bankruptcy order); *In re Walker*, 515 F.3d 1204, 1210 (11th Cir. 2008) (failure to comply with § 158(a)(3) mandates dismissal); *In re Fisher Island Invs., Inc.*, No. 1:19-cv-05064-LMM, 2020 WL 6588570, at *1

(N.D. Ga. Nov. 10, 2020) (dismissing interlocutory bankruptcy appeal where no motion for leave was filed).

## VI. APPELLANT'S ARGUMENTS CONFIRM THE NON-FINAL NATURE OF THE ORDER

Ironically, Appellant's own briefing underscores the interlocutory nature of the order. Appellant repeatedly asserts that additional proceedings are necessary, that enforcement of the alleged settlement would require further judicial action, and that possession of property remains contested. These concessions confirm that the order did not finally resolve any discrete dispute. Additionally, Appellant admits that the Bankruptcy Court did not engage in Georgia contract-law analysis and did not reach the merits of enforceability—further demonstrating that no final determination was made.

## VII. CONCLUSION

Because the order appealed from is neither a final order nor an appealable interlocutory or collateral order, and because Appellant failed to seek leave to appeal, this Court lacks jurisdiction. The appeal must be dismissed.

WHEREFORE, Appellee Curtis Parker respectfully requests that this Court:

1. Dismiss the appeal for lack of appellate jurisdiction.
2. Deny any request for a stay pending appeal; and
3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this February 11, 2026

*/s/ Curtis Parker*

Curtis Parker
1149 Autumn Glen Way
Dacula, GA  30019
(770) 369-6521