**IT IS ORDERED as set forth below:**



**Date: February 13, 2026**

_____
**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

Signed as Revised by the Court

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| CURTIS PARKER, | |
| Debtor. | CASE NO. 25-61216-BEM |
| 2017-1 IH Borrower, LP, | Chapter 7 |
| Movant, | Contested Matter |
| v. | |
| CURTIS PARKER, | |
| Respondent. | |

**ORDER GRANTING STAY PENDING APPEAL & LIFTING INJUNCTION OF MOVANT FROM EXERCISING ITS STATE LAW RIGHTS**

This matter came before the Court on Movant's *Motion for Stay Pending Appeal & Incorporated Brief, and To Suspend Any Injunction Prohibiting Movant From Exercising its State Law Rights* ("Motion") [Doc 48], as filed on February 2, 2026. A hearing was scheduled by order of this Court on the Motion, as entered on February 3, 2026, [Doc. 51] scheduling the Motion for hearing on February 10, 2026, at 11am (the "Hearing"). At the Hearing on said Motion, solely counsel for Movant appeared; no responsive briefing was filed as to the Motion prior to said Hearing, but Debtor filed a response the day after the Hearing on February 11, 2026. [Doc. 56]. At

the end of the Hearing, the Court instructed Movant's counsel to upload a proposed order based on the rulings at the Hearing and on Movant's brief. The Court has herein modified the order presented by counsel.

On January 30, 2026, Movant filed a notice of appeal to the United States District Court, Northern District of Georgia, as to this Court's order entered January 21, 2026 [Doc. 43] ("Vacatur Order"), which vacated a prior order of this Court addressing a previously-identified settlement agreement between Movant and Debtor-Respondent. Contemporaneously with the Vacatur Order, this Court entered a scheduling order as to Debtor-Respondent's pending motion for sanctions, which was revived under the terms of the Vacatur Order. [Doc. 44]. This Court, in previously scheduling a hearing to consider the matter ultimately addressed within the Vacatur Order, also enjoined Movant from "proceed[ing] with eviction proceedings against Debtor until further order of this Court." [Doc. 37, ¶4].

Based on the Motion, the record, and oral arguments before this Court, and for the reasons announced on the record at the Hearing and supplemented by this Order, the Court will grant the Motion (1) staying Doc. 43 and Doc. 44 pending appeal and (2) lifting the injunction within Doc. 37, ¶4, as further stated herein. Although Debtor did not appear at the Hearing and filed his response after the Hearing, the Court has considered the response in reaching its decision.

Movant filed the Motion pursuant to Fed. R. Bankr. P. 8007 to stay this Court's January 21, 2026 orders [Doc. 43 and Doc. 44], which vacated a final dispositive order between Movant and Debtor, pending appeal of the foregoing orders with the District Court.[1] Movant also sought to suspend and modify this Court's prior order barring Movant from exercising its state law rights in recovering the underlying real property at 1149 Autumn Glen Way, Dacula, Georgia (the

---

[1] While counsel for Movant briefed its position as to the bases the District Court is able to consider the Vacatur Order under the Federal Rules of Bankruptcy Procedure and 28 U.S.C.A. § 158(a)(1) and 28 U.S.C.A. § 158(a)(2) alternatively, this Court makes no determination herein of the appeal basis.

"Property"), as previously authorized by this Court. *See* Doc. 37, ¶ 4 (ordering Movant to not proceed with eviction pending further order of the Court); *see* Doc. 43 and Doc. 44 (neither lifting the 'order not to evict' or authorizing Movant to do so); Doc. 20 (order modifying automatic stay authorizing Movant to proceed with eviction under state law).

Under Fed. R. Bankr.P. 8007, for a court to grant a motion to stay an order pending appeal, a court must consider (1) whether movant has made a strong showing of likely success on the merits; (2) whether movant will be irreparably injured absent a stay; (3) whether issuance of a stay would substantially injure other parties interested in the matter; (4) where public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

<u>Movant Makes a Strong Showing of Likely Success on the Merits of Appeal.</u>

In analyzing an agreement between parties, "[t]he cardinal rule of contract construction is to ascertain the intention of the parties." *Samdperil v. Watson*, 359 Ga. App. 129, 130 (2021). When construing a contract, "a trial court must first determine whether the contract terms are ambiguous." Id. An ambiguity only exists "where the words used in the contract leave the intent of the parties in question – i.e. that intent is uncertain, unclear, or is open to various interpretations." Id. at 131. In interpreting a contract to determine whether an ambiguity exists or not, a court must "give a reasonable, lawful and effective meaning to all manifestations of intention by the parties rather than an interpretation which leaves a part of such manifestations unreasonable or of no effect." *Elite Realty Services, Inc. v. City of Auburn*, 272 Ga. 195, 196 (2000) (citation omitted). Additionally, as "forfeitures are not favored in the law, and where there is legitimately a choice of constructions, that which will save the contract is rather to be preferred than that which will work a forfeiture." *Roland Well Drilling, Inc. v. Murawski*, 193 Ga. App. 38, 39 (1989) (*citing Aetna Ins. Co. v. Lipsitz*, 130 Ga. 170, 175 (1908)).

Here, while this Court considers its Vacatur Order well founded for the reasons set forth therein and on the record, the Court concedes that the District Court may interpret the law as applied differently, including in noting concessions made by Debtor during his briefing and subsequent testimony,[2] Debtor gave no weight to the word "account" in the settlement agreement whatsoever in proffering Debtor's argument and testimony.[3] As previously briefed by Movant,[4] Movant submitted that "account" has only one definition when conjoined with "remit", with the application of a $7,000.00 credit on Debtor's account with Movant otherwise uncontested between the parties.

Debtor does not directly address this factor in his response, but argues that his interpretation of the word "remit" is the correct one based on principals of statutory interpretation under Georgia law. This argument does not show that Movant is unlikely to succeed on the merits of the appeal, especially inasmuch as Movant seeks a reversal of this Court's determination that there was no meeting of the minds and therefore no enforceable contract because of ambiguity in the meaning of the "account and remit" language.

Resultingly, for purposes of analysis under Fed. R. Bankr.P. 8007, this Court finds that Movant has made a sufficient showing as to the likelihood of success on appeal.

<u>Movant Will Suffer Irreparable Harm If No Stay is Granted.</u>

Movant further made a sufficient showing as to the irreparable harm if no stay is granted under the second prong. Under Georgia law as adopted from English common law, real property is generally considered unique and subject to specific performance, as monetary damages are not an adequate legal remedy for enforcement of a contract as to possession or ownership of real property. *See, e.g., Hampton Island, LLC v. HAOP, LLC*, 306 Ga. App. 542, 548 (2010).

---

[2] See, e.g., Doc 35 and 36 (Debtor failing to consider the use of the word "account" in settlement language).
[3] A party's testimony is not controlling as to interpretation and, as is here, particularly so when the party's proffered interpretation "would render meaningless a subsequent provision ...." *Elite Realty Services, Inc.*, 272 Ga. at 196 (2000).
[4] Doc. 39.

- 4 -

Here, the settlement agreement vacated pursuant to the Vacatur Order contemplated Debtor vacating and abandoning the underlying Property as of a date certain (January 30, 2026). Every day which Debtor remains in the Property beyond the terms of the settlement agreement would be quintessentially unreviewable upon later appeal. As further stipulated before this Court on the hearing for the Motion, Debtor continues to reside in the Property.

Debtor argues that the only reason he has not vacated the Property is because Movant was the first to breach the settlement agreement by failing to pay him $7,000. Debtor argues that Movant cannot demand that Debtor perform a contract that Movant has already breached. However, as the Court explained during the Hearing, Debtor is not entitled to stay in the Property without paying rent. See, eg, 11 U.S.C. §365; 11 U.S.C. §365(d)(1).

Resultingly, because the vacated settlement agreement involves and relates to possession of real property, as considered unique and subject to specific performance under Georgia law as to possessory rights, Movant made a sufficient showing as to irreparable harm under Fed. R. Bankr.P. 8007 analysis.

<u>No Substantial Injury Occurs to Others if a Stay is Issued.</u>

In staying the Vacatur Order and associated scheduling order on appeal, no substantial injury is suffered by Debtor. Debtor's sole relief sought is one of monetary value, one originating from a cause of action which is terminated in light of this Court's modification of the automatic stay previously – and surrender of the leased residential premises within the Chapter 7 filing as abandoned. Debtor merely seeks monetary compensation for asserted finite claims, claims which can readily be ascertained and calculated at a later date should the Vacatur Order subsequently be upheld on appeal.

Debtor does not address this factor in his response. To the extent he believes he would be prejudiced if Movant is allowed to evict him, as noted above, he has no right to stay in the Property

if he is not paying rent. While Debtor may have been relying on cash in hand to facilitate moving out of the Property, the fact that Debtor has claims for alleged violations of the automatic stay that may result in an award of damages to him does not outweigh the prejudice to Movant if the orders are not stayed.

Public Interest Will Not Be Adversely Affected if a Stay is Issued.

In considering the public interest in weighing whether to stay a bankruptcy order on appeal, "the public interest factors the expedient administration of the bankruptcy proceedings." *In re Adelphia Communs. Corp.*, 361 B.R. 337, 349 (S.D.N.Y. 2007).

Here, the matter at issue as to the Vacatur Order and Debtor's associated motion for sanctions as to purported automatic stay violations is ultimately ancillary to the primary purpose of a Chapter 7 proceeding – that is, whether or not Debtor is eligible for the discharge. Moreover, judicial economy would dictate that this Court should refrain from further action pending the District Court's resolution, particularly since a ruling in favor of Movant would moot the entirety of Debtor's claims – and any further basis for discovery or hearings contemplated based on the Vacatur Order. Additionally, Debtor's affirmative claims for relief against Movant are derivative and have no impact on the underlying Chapter 7 proceedings. Resultingly, the public interest will not be affected in staying this action on appeal.

The Prior Injunction Is Modified and Lifted as to Eviction Proceedings

This Court, in previously conducting a hearing to consider the matter ultimately addressed within the Vacatur Order, announced on the record that the injunction would be lifted which prohibited Movant from proceeding with state court eviction proceedings "until further order of this Court." Doc. 37 ¶4. However, this Court did not address or modify this equitable relief prohibiting Movant from exercising its rights, as authorized on December 9, 2025 via order modifying the automatic stay, [Doc. 20] in its subsequent orders. *See* Doc. 43, 44. For the reasons

stated on the record, as well as those stated above, Movant is authorized to proceed with any state court actions it may institute to recover lawful possession of the Property. *See* Doc 20.

As identified above, each day that Movant fails to have exclusive possession and control over the Property is unreviewable, and unrecoverable, via this Court due to the unique nature of real property under Georgia law. Resultingly, as the automatic stay was previously lifted by order of this Court in December 2025, and there being no reason identified for this Court to otherwise maintain such injunctive relief in its January 21, 2026 orders, this Court will modify and suspend the injunction to allow Movant to proceed with its state court eviction proceedings to recover the Property. Accordingly, it is

ORDERED that the Motion is GRANTED; it is further

ORDERED that the Court's January 21, 2026 orders [Doc. 43 and Doc. 44] are stayed pending the appeal of those orders; it is further

ORDERED that the injunction within Doc. 37, ¶ 4 is lifted, and Movant is authorized to exercise its rights and remedies under state law to recover possession of the Property.

[END OF ORDER]

**Distribution list:**

Curtis Parker, Pro Se Debtor
1149 Autumn Glen Way
Dacula GA 30019

U.S. Trustee
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Matthew Totten, Esq.
THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd, Ste B-136
Atlanta, GA 30338

Kyle A. Cooper
Kyle A. Cooper Trustee
120 Travertine Trl
Alpharetta, GA 30022
Chapter 7 Trustee