25-61216

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

Debtor.

CURTIS PARKER, Debtor,

Movant,

v.

2017-1 IH Borrower LP'S ("IH")

Respondent.



## Amended MOTION FOR ADDITIONAL SANCTIONS AGAINST INVITATION HOMES FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY

COMES NOW the Debtor, Curtis Parker, pro se, and pursuant to 11 U.S.C. § 362(k), Bankruptcy Rule 9020, and this Court's inherent power to enforce its orders, respectfully moves for additional sanctions against Invitation Homes ("Respondent") for its willful violation of the automatic stay through improper and coercive post-petition contact with the Debtor. Debtor shows the Court as follows:

### I. INTRODUCTION

1. Debtor filed for protection under Chapter 7 of the Bankruptcy Code, thereby invoking the automatic stay pursuant to 11 U.S.C. § 362(a).

2. Respondent received actual notice of the bankruptcy filing and had full knowledge that all collection, enforcement, and eviction-related communications were prohibited.

1

3. Despite this knowledge, on November 24, 2025, Respondent sent a direct email to Debtor regarding alleged violations and purported obligations arising from the lease.

4. This communication constitutes a willful violation of the automatic stay because it directly relates to enforcement actions that are stayed by federal law.

5. Additionally, the timing and content of the communication appear calculated to intimidate and pressure the Debtor in advance of a scheduled December 3rd court hearing, and to create a pretext for removing the Debtor from his home in violation of § 362(a).

## II. FACTUAL BACKGROUND

6. Debtor filed a Chapter 7 petition, triggering the automatic stay.

7. Invitation Homes was served with the Notice of Bankruptcy Case Filing and had multiple confirmations of the filing.

8. On December 3rd, a hearing is scheduled before this Court regarding issues related to Invitation Homes and their conduct.

9. In close proximity to this hearing, on November 24, 2025, Invitation Homes—despite having actual knowledge of the stay—sent the following email to Debtor:

**EMAIL SENT BY INVITATION HOMES**

*From: Robin Fernandez <robin.fernandez@invitationhomes.com>*

*Date: November 24, 2025, at 11:30 AM*

"Hello,

*I hope you are doing well. I am reaching out to gain clarity regarding the above-mentioned address and the related notice. Could you please share any information or evidence you have that suggests this home is being used for purposes other than residential?*

*Any proof or additional details you can provide will help us resolve this violation promptly. Additionally, please let us know exactly what is required to cure this violation.*

2

*Thank you for your assistance, and I look forward to your response.*

*Best regards,*

*Robin She/Her*

*Customer Service Representative- Property Management*

*Invitation Homes*

*phone 770.442.3372*

*8601 Dunwoody Place, Suite 520, Sandy Springs, GA 30350*

**End of email**

10. This communication relates directly to the tenancy and is framed as a demand for information and actions required to "cure a violation."

11. Because Mr. Parker is under bankruptcy protection, Invitation Homes is prohibited from making any inquiry, demand, investigation, or enforcement action involving the lease.

12. The email is not benign—it is coercive, investigatory, and timed to create pressure leading up to the December 3rd hearing.

### III. ATTEMPT AT INTIMIDATION AND PRETEXTUAL GROUNDS FOR EVICTION

13. The timing—nine days before a scheduled hearing—combined with the nature of the email, strongly suggests that Invitation Homes is attempting to intimidate the Debtor; build a pretextual record to claim additional violations; create purported grounds for eviction; influence the Debtor's position or willingness to assert rights at the December 3rd hearing; and undermine the protections afforded under the Bankruptcy Code.

3

14. Courts have repeatedly held that creditor communications intended to pressure or intimidate a debtor constitute violations of the stay.

15. The email here is not informational; it is investigatory and coercive. It asks the Debtor to provide evidence, justify conduct, and cure alleged violations.

16. These are classic pre-eviction or pre-enforcement investigative steps that are barred once a debtor is protected by the automatic stay.

17. This Court should therefore recognize not only the stay violation but also that the communication appears calculated to influence the upcoming hearing and to build grounds for eviction in bad faith.

### IV. LEGAL ARGUMENT

The automatic stay prohibits this conduct. Courts treat such communications as willful stay violations even without intent, and punitive damages are appropriate where the creditor continues conduct after notice or engages in coercive behavior.

### V. RELIEF REQUESTED

WHEREFORE, Debtor respectfully requests that the Court enter an Order:

1. Finding that Invitation Homes willfully violated the automatic stay;

2. Imposing additional monetary sanctions, including December and January rent:

   a. actual damages for emotional distress, intimidation, and time expended;

   b. attorneys' fees (if applicable) and statutory damages;

   c. punitive damages due to bad-faith intimidation tactics and pretextual enforcement behavior; These actions violate the settlement agreement between Invitation Home and the FCC regarding previse behavior of this defendant.

3. Ordering Invitation Homes to cease all direct communication with the Debtor during the time of this bankruptcy.

4

4. Awarding all costs associated with this Motion; and

5. Granting any further relief the Court deems just and proper.


Respectfully submitted,

*[signature]*

**Curtis Parker** (Pro Se Plaintiff)
1149 Autumn Glen Way
Dacula, GA 30019

## CERTIFICATE OF SERVICE

This is to certify that I have served the foregoing Motion For Additional Sanctions Against Invitation Homes For Willful Violation Of The Automatic Stay by way of United States Postal Service Certified Mail to the following party of record:

Matthew F. Totten  
Georgia Bar No. 798589  
The Totten Law Firm, LLC  
5579 Chamblee-Dunwoody Road, Suite B-136  
Atlanta, Georgia 30338  
Attorney of records for Invitation Homes

**December 9, 2025**

Curtis Parker
1149 Autumn Glen Way
Dacula, GA  30019

*/s/ Curtis Parker*

6