UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



CURTIS PARKER, Debtor.

V.

2017-1 IH Borrower LP's ("IH")

Chapter 7 Case No. 25-61216-bem

## Amended MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY

COMES NOW the Debtor, Curtis Parker ("Debtor"), pro se, and respectfully files this Motion for Sanctions against Invitation Homes ("IH") for multiple willful violations of the Automatic Stay imposed by 11 U.S.C. § 362(a).

Debtor shows the Court as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper under 28 U.S.C. § 1409.

4. The statutory basis for relief is 11 U.S.C. § 362(a) and § 362(k).

### II. FACTUAL BACKGROUND

5. Debtor filed for Chapter 7 bankruptcy on September 29, 2025, invoking the automatic stay.

1

6. Invitation Homes had actual notice of the bankruptcy.

7. Despite such notice, IH contacted Debtor multiple times on November 24–25, 2025, regarding alleged HOA violations.

8. The alleged violations date from July 2025—months before the bankruptcy filing—and are therefore prepetition claims.

9. IH sent communications demanding evidence, accusing Debtor of prohibited conduct, instructing responses, and asserting obligations to "cure" alleged violations.

10. IH's tone was coercive and dismissive ("you will not understand our internal system").

11. IH did not seek or obtain relief from stay pursuant to 11 U.S.C. § 362(d).

### III. APPLICABLE LAW

12. The automatic stay prohibits any act to collect or recover a prepetition claim. 11 U.S.C. § 362(a)(6).

13. The stay prohibits any act to exercise control over property of the estate, which includes a residential lease. 11 U.S.C. § 362(a)(3).

14. Willfulness does not require malicious intent—only knowledge of the bankruptcy and intentional action. In re Johnson, 501 F.3d 1163.

15. Mistake or internal error does not excuse a stay violation. In re Clayton, 235 B.R. 801.

16. Communications demanding compliance with lease or HOA provisions constitute prohibited enforcement. In re Maxwell, 281 B.R. 101.

### IV. ARGUMENT

**A. First Violation – November 24, 2025, Email ( See Exhibit A)**

17. IH requested "proof or evidence" and asked what Debtor required to "cure" a violation.

18. Such communications constitute enforcement of a prepetition claim.

19. These acts violate § 362(a)(3) and § 362(a)(6).

**B. Second Violation – November 25, 2025, Email (See Exhibit C)**

20. IH escalated matters by stating the violation "will be forwarded" and directing Debtor to use a specific system to dispute it.

21. This is coercive and requires participation in a prepetition enforcement process.

22. Such conduct violates §§ 362(a)(1), (a)(3), and (a)(6).

**C. Third Violation – November 25, 2025 Demand Email Containing Financial Threats (See Exhibit D)**

23. IH sent a "Violation Notice" email stating:

    a. "You are responsible for fines, fees, or the cost to resolve or cure this violation."

    b. "Please respond to Invitation Homes regarding this violation."

    c. "Per your lease agreement, you are responsible for any fines, fees, and chargebacks…"

    d. A "Respond Now" button requiring actions to dispute or cure a prepetition violation.

24. This constitutes a direct attempt to collect, assess, or recover a prepetition claim in violation of § 362(a)(6).

25. By asserting financial liability and demanding compliance, IH exercised control over property of the estate in violation of § 362(a)(3).

26. Threatening additional fines or fees constitutes coercive creditor pressure prohibited under the Bankruptcy Code.

27. Courts hold that enforcement of HOA violations or lease breaches after bankruptcy filing is a willful stay violation. In re Maxwell, 281 B.R. 101; In re McCormack, 203 B.R. 521.

28. This third violation is the most serious because it involves explicit demands for payment and threats of liability.

## V. DAMAGES UNDER 11 U.S.C. § 362(k)

29. Section 362(k)(1) mandates actual damages, including costs and attorneys' fees.

30. Punitive damages are appropriate where conduct is egregious, intentional, or coercive.

31. IH's repeated violations, escalating tone, and financial threats justify punitive damages.

## VI. REQUEST FOR RELIEF

WHEREFORE, Debtor respectfully requests that this Court:

1. Find that Invitation Homes willfully violated the automatic stay;

2. Order IH to cease all communications with Debtor regarding prepetition matters;

3. Award actual damages pursuant to § 362(k); $2000 per violation

4. Award punitive damages sufficient to deter future misconduct; i.e. allowing plaintiff to stay in the home until the end of the lease – April 2026.

5. Award costs and fees associated with this Motion; and

6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Curtis Parker, Debtor Pro Se

*[signature: Curtis P.]*

## CERTIFICATE OF SERVICE

This is to certify that I have served the foregoing Motion For Sanctions For Willful Violation Of The Automatic Stay by way of United States Postal Service Certified Mail to the following party of record:

>Matthew F. Totten
>Georgia Bar No. 798589
>The Totten Law Firm, LLC
>5579 Chamblee-Dunwoody Road, Suite B-136
>Atlanta, Georgia 30338
>Attorney of records for Invitation Homes

December 9, 2025

Curtis Parker
1149 Autumn Glen Way
Dacula, GA 30019

*/s/ Curtis Parker*

6