

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

CURTIS PARKER, Debtor.

V.

2017-1 IH Borrower LP's ("IH")

**Chapter 7 Case No. 25-61216-bem**

# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND ENFORCEMENT OF SETTLEMENT

Curtis Parker ("Debtor"), pro se, moves for emergency injunctive relief pursuant to 11 U.S.C. §105(a), Bankruptcy Rule 7065, and the Court's inherent equitable authority to **halt Defendants' eviction and enforce a binding settlement granting Debtor possession through January 30, 2026.**

## I. UNDISPUTED FACT: THE STAY WAS LIFTED DECEMBER 4, 2025

The Court lifted the automatic stay on **December 9, 2025,** permitting Invitation Homes to pursue state-law remedies. However, **Defendants voluntarily waived those rights on December 29, 2025 by entering into a settlement contract** allowing Debtor to remain until **January 30, 2026.** Once they made that promise, they were **contractually barred** from evicting earlier. (See Exhibits A and C).

## II. THE TWO DECEMBER 29 DOCUMENTS (See Exhibit A and B)

### A. Settlement Offer Granting Possession Until January 30 as evidenced by Exhibit (A)

Defendants' December 29, 2025, settlement offer states:

"Parker expressly stipulates that he shall vacate the subject Premises… **on/before January 30, 2026.**"

This is a clear grant of continued possession through January 30 and makes no reference regarding previous or past month's rent

### B. Simultaneous Eviction Letter Demanding Immediate Possession as evidenced by Exhibit (B).

That same day, Defendants mailed and posted a letter stating: "The Landlord… elects to terminate your lease… and **demands immediate possession**… including filing an eviction." These two documents or indefensible and **cannot coexist**. One grants protected possession; the other demands immediate removal.

## III. LEGAL VIOLATIONS

### A. Fraudulent Inducement

Defendants induced debtor to accept settlement by promising to remit payment and possession of property until January 30, 2026 while secretly pursuing immediate eviction.

### B. Breach of Contract

A party cannot promise possession and simultaneously terminate the lease.

### C. Bad Faith and Unclean Hands

Defendants cannot seek equity (settlement enforcement) while violating their own agreement.

### D. Abuse of Process

Using eviction to coerce waiver of federal claims is improper.

## IV. INJUNCTION STANDARD

Debtor satisfies all factors:

**Likelihood of Success** – Two contradictory contracts prove breach and fraud.

**Irreparable Harm** – Loss of housing cannot be remedied by money.

**Balance of Harms** – Defendants lose nothing by waiting until Jan 30.

**Public Interest** – Courts do not permit landlords to weaponize settlements.

## V. RELIEF REQUESTED

Debtor respectfully asks the Court to:

1. **Immediately enjoin** Invitation Homes and counsel from:

   o   Evicting Debtor

   o   Terminating the lease

   o   Filing or prosecuting dispossessory actions

   o   Interfering with possession

2. **Enforce the settlements on January 30, 2026, possession and payment remit term-exhibit (A)**

3. **Declare the December 29 eviction letter void**

4. **Set an expedited hearing** on damages for breach, fraud, and bad faith.

5. **Require the defendant to self-report it's conduct to the Federal Trade Commission (FTC)**

Respectfully submitted,

January 12, 2026

/s/ Curtis Parker
Pro Se Plaintiff
1149 Autumn Glen Way
Dacula, GA  30019

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing **Emergency Motion For Temporary**

**Restraining Order, Preliminary Injunction, And Enforcement Of Settlement** by way of

Certified U.S. Mail and Email to the following party of record:

Matthew F. Totten
Email: mft@tottenfirm.com
Georgia Bar No. 798589
The Totten Law Firm, LLC
5579 Chamblee-Dunwoody Road, Suite B-136
Atlanta, Georgia 30338
Attorney of records for Invitation Homes

**On January 12, 2026.**

Curtis Parker
*Pro Se* Plaintiff
1149 Autumn Glen Way
Dacula, GA 30019

Exhibit (A)

On Monday, December 29, 2025, Matthew Totten <mtf@tottenfirm.com> wrote:

FOR PURPOSES OF SETTLEMENT AND COMPROMISE

Mr. Parker –

Thank you again for breaking out your assertions with particularity to clarify the ask on your settlement offer.

My client counteroffers your settlement terms as follows

- The parties shall file a joint notice of dismissal upon an email accepting the instant terms with the bankruptcy court. See attached to be filed upon acceptance via email, which will be filed by my office.
- Within seven days of an email accepting the instant terms, Parker shall dismiss with prejudice the pending claims against 2017-1 IH Borrower LP as to any asserted violations of the bankruptcy automatic stay. See attached as drafted for your convenience.
  - ○ In entering this settlement, Parker expressly stipulates that this settlement encompasses all purported violations of the bankruptcy automatic stay by 2017-1 IH Borrower LP, its employees, and its agents
- 2017-1 IH Borrower LP shall account and remit $7,000.00 to Parker and provide evidence of the same to Parker within ten business days of acceptance.
- Parker expressly stipulates that the shall vacate the subject Premises (known as 1149 Autumn Glen Way, Dacula, GA 30019) on/before January 30, 2026, and that the Premises shall be abandoned as property of the bankruptcy estate upon discharge, this settlement agreement does not constitute a ratification or novation of the lease agreement for the subject Premises.
  - ○ The security deposit for the subject Premises shall be treated in accordance with Georgia law subsequent to Parker vacating the Premises. See O.C.G.A. 44-7-30 – 44-7-37.
- Each party shall bear its own attorneys' fees in this action, to the extent any party may incur attorneys' fees in enforcing this settlement, the prevailing party is entitled to its costs and attorneys' fees in enforcing this settlement.

**Time is of the essence in this settlement offer** – should you fail to accept the foregoing terms via email by 12:00 p.m. EST on 12/30/2025, said offer shall automatically expire by its terms.

Thanks

<image001.png>

**Matthew F. Totten**
*Managing Attorney*

Phone: (404) 692-4342    Email mtf@tottenfirm.com

Mailing Address 5575 Chamblee Dunwoody Rd, Ste F-135, Atlanta

GA 30338

Web http://www.tottenfirm.com

*Exhibit B*



# THE TOTTEN FIRM
### REAL ESTATE ATTORNEYS

2090 Dunwoody Club Dr, Ste 106-33, Atlanta, GA 30350

Matthew F.Totten, Esq.
Direct Dial: (404) 692-4342
Email: mft@tottenfirm.com

December 29, 2025

**<u>VIA UPS (#1ZK056E90234680591) AND POSTING</u>**

Curtis Parker, all others
1149 Autumn Glen Way
Dacula, GA 30019

RE: <u>Termination of Lease and Demand for Possession of 1149 Autumn Glen Way</u>, hereinafter, the "Premises"

Dear Occupants:

Please be advised that this firm has been retained to represent **2017-1 IH Borrower LP** ("Landlord") regarding the Premises.

As you are aware, under the terms of the Lease for the Premises, your Lease specifically limits who may occupy the Premises as a tenant. See Lease, Sec. 2, 2.1. Only those persons identified within the Lease are authorized to reside at the Premises, and any person not specifically identified in the Lease who desire to reside therein must apply and notify Landlord. Id. Subletting or assignment of the Premises for others to reside therein is expressly barred under the Lease and serves as additional basis for default and termination of the Lease. Lease, Sec. 8. Notably, the prohibition against subletting the Premises is inclusive of any short-term rental of the Premises.

Any breach of the foregoing provisions authorizes Landlord to default and terminate you under the terms of the Lease for the Premises. See e.g. Lease, Sec. 12, 18.

As you know, you impermissibly – and without authorization – sublet and/or used the Premises as a short-term rental, as evidenced by your public history on a prominent short-term rental platform, AirBnB. See attachments included hereto.

Based on the foregoing, you are in default of the lease for the Premises. In light of the foregoing default, the Landlord herein elects to terminate your lease for the Premises. The Landlord resultingly demands immediate possession of the Property.

Please contact your Landlord to return your keys and schedule a move-out inspection. Should you fail to vacate the Premises, the Landlord will pursue all rights and remedies it may have under Georgia law,

including filing for an eviction against you as a tenant at sufferance.

The foregoing is not intended to be an exhaustive recitation of the entirety of your breaches of the Lease for the Premises, but instead is merely illustrative of one express basis to terminate the Lease for the Premises. Nothing in this letter shall be deemed a waiver of any of Landlord's rights or remedies under the Lease or Georgia law.

Sincerely,

THE TOTTEN FIRM, LLC

Matthew F. Totten, Esq.

*Exhibit (c)*

December 29, 2025

Matthew F. Totten, Esq.
The Totten Law Firm, LLC
5579 Chamblee-Dunwoody Road, Suite B-136
Atlanta, Georgia 30338

Counsel:

I write in response to your email requesting an outline of the dates on which Invitation Homes communicated with me after receiving notice of my bankruptcy filing. As you are aware, those communications constituted violations of the automatic stay, and I am seeking appropriate compensation and other relief arising from Invitation Homes' unlawful conduct.

This letter outlines the **specific violations, dates, individuals involved, and the statutory provisions breached**

---

## I. NOTICE OF BANKRUPTCY AND APPLICABILITY OF THE AUTOMATIC STAY

The Debtor filed a **Chapter 7 petition on September 29, 2025,** thereby triggering the automatic stay under **11 U.S.C. § 362(a)**. Invitation Homes had **actual notice** of the bankruptcy filing prior to each of the communications identified below.

Despite this knowledge, Invitation Homes **continued affirmative acts to enforce prepetition claims, coerce compliance, and threaten financial liability**, without seeking or obtaining relief from stay under § 362(d).

---

## II. SPECIFIC AUTOMATIC STAY VIOLATIONS

### Violation #1 — November 24, 2025

**Actor:** Invitation Homes representative (Property Management / Customer Service)
**Medium:** Email communication

Invitation Homes contacted the Debtor demanding **"proof or evidence"** regarding an alleged HOA violation and requesting information regarding what would be required to **"cure"** the alleged violation.

**Violations:**

- § 362(a)(6): Act to collect or recover a prepetition claim

- § 362(a)(3): Act to exercise control over property of the estate

- § 362(a)(1): Continuation of a prepetition enforcement process

The alleged HOA violation **predates the bankruptcy filing (July 2025)** and therefore constitutes a **prepetition claim**. Demanding proof, participation, or remediation is prohibited enforcement activity.

---

**Violation #2 — November 25, 2025**

**Actor:** Invitation Homes
**Medium:** Email escalation

Invitation Homes escalated the matter by stating the violation **"will be forwarded"** and directing the Debtor to engage with Invitation Homes' internal dispute system to contest or resolve the matter.

**Violations:**

- § 362(a)(1): Continuation of enforcement proceedings

- § 362(a)(3): Exercising control over estate property

- § 362(a)(6): Coercive attempt to compel compliance

Requiring the Debtor to navigate an internal compliance or enforcement system constitutes **continued collection and enforcement activity** barred by the automatic stay.

---

**Violation #3 — November 25, 2025 (Demand Email with Financial Threats)**

**Actor:** Invitation Homes
**Medium:** Formal "Violation Notice" Email

Invitation Homes issued a demand notice stating, inter alia:

- "You are responsible for fines, fees, or the cost to resolve or cure this violation."

- "Per your lease agreement, you are responsible for any fines, fees, and chargebacks."

- A mandatory **"Respond Now"** directive requiring action.

**Violations:**

- § 362(a)(6): Direct attempt to collect a prepetition debt

- § 362(a)(3): Exercise of control over estate property

- § 362(a)(1): Enforcement of prepetition obligations

This communication constitutes an **explicit demand for payment**, accompanied by **financial threats,** and is the most egregious violation due to its coercive and intimidating nature.

---

**III. ADDITIONAL VIOLATIONS — DECEMBER 3, 2025, EMAIL COMMUNICATIONS**

**Violation #4 — December 3, 2025**

**Actor:** Invitation Homes representatives
**Medium:** Direct communications with the Debtor

On December 3, 2025, Invitation Homes **continued direct communications with the Debtor** despite:

- Full knowledge of the active Chapter 7 case

- The pending dispute regarding prior stay violations

- The prohibition on further contact concerning prepetition matters

These communications were **not informational,** but were reasonably calculated to **pressure, intimidate, or influence the Debtor's occupancy and compliance,** and therefore constitute **continued willful violations of the automatic stay** under §§ 362(a)(3) and (a)(6).

Once a creditor is placed on notice of a potential stay violation, **continued contact aggravates liability and supports punitive damages**.

**Violation #5 – December 9 2025**

- Email regarding Violation Details (subject line)

**Violation #6 – December 10, 2025**

- Official Breach of Lease Email

---

## IV. WILLFULNESS AND AGGRAVATION

Willfulness under § 362(k) requires only:

1. Knowledge of the bankruptcy, and

2. An intentional act that violates the stay.

Both elements are satisfied here. **Repeated violations,** escalating tone, financial threats, and post-motion communications demonstrate **reckless disregard for the Bankruptcy Code**.

Internal error, misunderstanding, or reliance on automated systems is **not a defense**.

---

**Violation #7 – December 26, 2025**

## VI. IMPROPER THREATENING AND INTIMIDATION REGARDING DISCHARGE

We understand that IH disagree with this assessment ,but we present it for the record and seek $2000.00 for this violation alone: Invitation Homes, **through its attorney,** further engaged in **blatant intimidation and coercion** by asserting that it would **object to the entirety of Mr. Parker's Chapter 7 discharge** unless he **immediately dismissed his Motion for Sanctions with prejudice.**

This threat was made **outside of any filed pleading**, without legal or factual basis, and for the **sole purpose of chilling the Debtor's exercise of his statutory rights** under the Bankruptcy Code.

Using the threat of a **global discharge objection** as leverage to force withdrawal of a sanctions motion constitutes:

- **Bad-faith litigation conduct**
- **Abuse of the bankruptcy process**
- **Improper coercion of a debtor protected by the automatic stay**
- **Retaliation for asserting rights under 11 U.S.C. § 362(k)**

Courts have consistently held that threatening adverse bankruptcy consequences to extract dismissal of a debtor's lawful motion is **sanctionable misconduct** and supports **punitive damages**.

This intimidation is **separate and independent** from the automatic stay violations outlined above and further demonstrates a **pattern of willful, coercive, and retaliatory conduct** by Invitation Homes and its counsel.

For this conduct as well, **Invitation Homes must be held accountable**.

Nothing in this letter constitutes a waiver of any rights, remedies, or claims, all of which are expressly reserved.

**All security deposits paid in connection with the property must be returned in full.** Invitation Homes must **immediately cease and desist from communicating, reporting, or conveying any eviction status, eviction threat, or eviction-related information** regarding the property to any third party, including but not limited to credit reporting agencies, tenant screening services, internal databases, property management systems, or affiliated entities.

## Summary of Settlement Offer

- Violations #1–6: $1,000 each occurrence — $6,000 total
- Violation #7: $2,000
- Return of Deposit: $2,400

Subtotal: $6,000 (Violations #1–6) + $2,000 (Violation #7) = $8,000 (Violations)

Total Settlement Amount: $8,000 (Violations) + $2,400 (Deposit) = $10,400

Mr. Parker proposes a move-out date of January 30, 2026.

If you agree to these terms, please confirm in writing by January 5, 2026, so we may proceed with filing the Motion to Withdraw Stay Violations.

Sincerely,

Curtis Parker
Debtor, Pro Se