**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>CURTIS PARKER,<br><br>Debtor.<br><br>———————————————<br><br>CURTIS PARKER,<br><br>Movant,<br><br>v.<br><br>2017-1 IH Borrower, LP<br><br>Respondent. | CIVIL ACTION FILE NO.<br>25-61216-BEM<br><br>Chapter 7<br><br>Contested Matter |

**RESPONSE TO MOVANT'S MOTIONS & MOTION TO ENFORCE SETTLEMENT**

COMES NOW 2017-1 IH Borrower, LP (hereinafter "Respondent"), by and through its undersigned counsel, and herein files its Responses to Debtor's two pending motions before this Court [Doc. Nos. 35 and 36] (collectively, "Motion"); Respondent herein further joins Movant's request for this Court to enforce the binding settlement agreement between the parties, respectfully showing this honorable Court as follows:

<u>INTRODUCTION</u>

In filing the instant bankruptcy petition, Debtor willfully failed to disclose its tenant relationship with Respondent, including failing to list Respondent as a creditor and affirmatively disclaiming the existence of any lease under oath. *See* Doc. 1, Schedule G, p. 37; *see* Doc. 1, *generally*. As discussed further below, Debtor however failed to disclose in the Petition the income derived from the longstanding and high-volume short-term rental business operated out of the non-disclosed leased real property.

The Motion conspicuously is supported by great sound and fury yet notably lacking in legal authority or citations, as well as being internally inconsistent. Respondent has fully performed upon the settlement agreement between the parties, which even Debtor concedes within the Motion. Additionally, Debtor admits within the Motion his prospective intention to not perform under the settlement agreement, requiring this Court's involvement under penalty of contempt.

Finally, as discussed below, Debtor has elected to solely use the bankruptcy process as a sword in trying to avoid Respondent's enforceable contract for leased real property while attempting to obtain an unsubstantiated monetary windfall despite Respondent's admitted post-petition financial obligations to Respondent; Debtor's Motion is simply a continuation of his abuse of the bankruptcy process – his admitted use of "litigation leverage" as to the Motion against Respondent - in Debtor's continued prosecution of the Motion. In addition to the reasons stated below, this Court should not countenance Debtor's admitted ongoing willful abuse of the bankruptcy process.

<u>PROCEDURAL BACKGROUND & MATERIAL FACTS</u>

Debtor filed its Petition on September 29, 2025; within the Petition, Debtor failed to identify the unexpired lease for certain real property known as 1149 Autumn Glen Way, Dacula, Georgia 30019 (the "Property") or identify Respondent as a creditor. *See generally* Petition, Doc. 1. Debtor identified his sole source of income within the Petition as monthly food stamps, identifying no other monthly income stream. <u>Id</u>., Schedule I, p. 39. Notwithstanding Debtor's failure to identify Respondent and the lease contract for the Property, Debtor conceded an ongoing financial obligation in maintaining the Property, including $2,600 per month as rent and $350.00 per month as utilities. <u>Id</u>., Schedule J, pp. 41-42. To date, Debtor continues to identify

the Property as his residence. *See* generally Docket, Debtor identifying Property as his address; *see also* Motion (Debtor identifying Property as his address).

Pursuant to the terms of the lease for the Property, Debtor was required to provide "any notice" to Respondent in writing by hand, first class U.S. mail, or express/overnight delivery. *See* Doc. 9-1, p. 7, Sec. 9. Similarly, the lease for the Property could not be "amend[ed] or modifi[ed]… unless written and executed by [Respondent] and [Debtor].: Id., p. 22, Sec. 55. Debtor failed to provide Respondent proper notice, as contemplated within the lease for the Property, of the commencement of the bankruptcy proceeding. *See generally* Doc. 21-23. Respondent only was notified of this Action on October 22, 2025, when Respondent was alerted of this action after Debtor contacted undersigned counsel.

Immediately thereafter, on October 23, 2025, Respondent filed its motion for relief from the automatic stay, identifying Debtor's delinquent then-total of $5,508.29, inclusive of Debtor's post-petition failure to pay October rent of $2408 per month, plus utilities as incurred and fees under the provisions of the lease for the Property. Doc. 9, Sec. 4-5. In light of Debtor's failure to assume, reject, or cure the monetary default as to the lease for the Property, this Court entered an order granting the relief sought by Respondent on December 9, 2025. Doc. 13. Debtor admittedly continues to occupy the Property and intends to do so through at least January 30, 2026, with post-petition rent continuing to accrue at a rate of $2408 per month, plus utilities as incurred and fees under the provisions of the lease for the Property. *See generally* Doc. 36; Doc. 9.

Prior to the application of the settlement amount agreed upon between the parties, as of January 1, 2026, Debtor was obligated (prior to any contemplated discharge) to Respondent in the sum total of $13,769.27, with $2,787.38 being pre-petition obligations and $10,981.89 being

post-petition obligations. *See* January 1, 2026, ledger of sums owing by Debtor to Respondent as to the Property, attached hereto as **Exhibit A**.

Subsequent to the order granting relief from the automatic stay as to Respondent and the Property, Debtor on December 9, 2025, amended its prior motions for sanctions as to purported violations of the automatic stay to be directed against Respondent. *See* Doc. 21-23. Notably, Debtor identified within two portions of the Motion purported correspondence from Respondent, wherein Respondent attempted to obtain information to address and rebut ongoing Homeowner's Association fines being assessed Respondent due to purported activities by Debtor on the Property, namely Debtor operating an income-generating short-term rental business from the Property. *See* Doc. 22-23; *see also* Doc. 17, Ex. A, G.

Concerningly, and in an unquestionable failure of candor by Debtor to this Court,[1] Debtor represented to this Court that the purported HOA violations of short-term renting the Property solely date from pre-petition activities in July. *See* Doc. 23, p. 2, ¶ 8. However, Debtor subsequently admitted to Respondent having maintained an ongoing and active short-term rental business at the Property through December 30, 2025. *See* Debtor correspondence, dated December 31, 2025, attached hereto as **Exhibit B**. Additional investigation by Respondent confirmed Debtor, in fact, maintained a very-active short-term rental business at the Property for at least nine months via at a minimum the AirBnB platform, obtaining over 41 reviews from short-term paying guests on AirBnB of the Property during that timeframe. *See* AirBnB Listing of the Property, dated December 22, 2025, attached hereto as **Exhibit C**. Debtor expressly

---

[1] Pro se litigants "owe the same duty of candor to the court as imposed on any other litigant." *Redmon v. Lake Cnty. Sheriff's Office*¸ 414 F. App'x 221, 225 (11th Cir. 2011) (holding district court did not abuse its discretion by dismissing complaint as sanction for prisoner's failure to disclose previously filed lawsuit in response to form complaint requesting such disclosure); see also *Daker v. Head*, No. 19-13101, 2022 WL 2903410, at *4 (11th Cir. July 22, 2022) (per curiam) (holding that Plaintiff's "concealment of funds and history of misleading courts and pursuing vexatious litigation tactics was sufficient for the court to find bad faith").

concedes that this income-generating business was in existence prior to the October 31, 2025, Section 341 meeting. *See* Doc. 35, ¶ 2. Again, by contrast, Debtor identified no such income month-over-month to the Trustee or this Court within the Petition and failed to amend the Petition to disclose this reoccurring material source of income during the pendency of this bankruptcy proceeding. *See* Doc. 1; *see generally* Docket (no amended petition or amended schedules disclosing income).

Despite Debtor's patent attempts to use the bankruptcy process as a sword, and not a shield, in concealing income from creditors and this Court, Respondent attempted settlement discussions with Respondent to minimize ongoing costs and resolve the claims with finality. Somewhat ironically, after counsel for Respondent attempted to first initiate settlement discussions via phone, only then did Debtor elect to correspond in writing with Respondent, as required under the terms of the lease for the Property, with Debtor stating that written correspondence "ensures clarity and avoids any misunderstanding." *See* Debtor correspondence, dated December 26, 2025, attached hereto as **Exhibit D**. Within the same correspondence, Debtor threatened to present consumer protection claims to various federal authorities, among others, against Respondent in the event the parties could not reach a settlement. Id.[2]

In light of the general nature of pro se pleadings, as well as some of those same common defects existing in Debtor's Motion, on December 26, 2025, and again on December 27, 2025, counsel for Respondent requested specified asserted automatic stay violations and associated dates from Debtor to facilitate settlement discussions; on December 29, 2025, Debtor responded with an itemized list of purported automatic stay violations. *See* December 29, 2025, email chain, with attachment from Debtor, attached hereto as **Composite Exhibit E**.

---

[2] Debtor's patterns of threats resumed and accelerated immediately prior to Debtor filing this Motion. *See* Composite Exhibit J, below.

Subsequent to undersigned counsel conferring with his client, on December 29, 2025, Respondent presented a settlement offer to Debtor as restated fully herein:

- The parties shall file a joint notice of dismissal upon an email accepting the instant terms with the bankruptcy court. *See attached to be filed upon acceptance via email, which will be filed by my office*.

- Within seven days of an email accepting the instant terms, Parker shall dismiss with prejudice the pending claims against 2017-1 IH Borrower LP as to any asserted violations of the bankruptcy automatic stay. *See attached, as drafted for your convenience*.

  - o In entering this settlement, Parker expressly stipulates that this settlement encompasses all purported violations of the bankruptcy automatic stay by 2017-1 IH Borrower LP, its employees, and its agents

- 2017-1 IH Borrower LP shall account and remit $7,000.00 to Parker and provide evidence of the same to Parker within ten business days of acceptance.

- Parker expressly stipulates that he shall vacate the subject Premises (known as 1149 Autumn Glen Way, Dacula, GA 30019) on/before January 30, 2026, and that the Premises shall be abandoned as property of the bankruptcy estate upon discharge; this settlement agreement does not constitute a ratification or novation of the lease agreement for the subject Premises.

  - o The security deposit for the subject Premises shall be treated in accordance with Georgia law subsequent to Parker vacating the Premises. See O.C.G.A. 44-7-30 – 44-7-37.

- 6 -

- Each party shall bear its own attorneys' fees in this action; to the extent any party may incur attorneys' fees in enforcing this settlement, the prevailing party is entitled to its costs and attorneys' fees in enforcing this settlement.

**<u>Time is of the essence in this settlement offer</u>** – should you fail to accept the foregoing terms via email by 12:00 p.m. EST on 12/30/2025, said offer shall automatically expire by its terms.

*See* December 29, 2025, Respondent Email and Exhibits to Debtor, attached hereto as **Composite Exhibit F**.

On December 29, 2025, Debtor unconditionally accepted the terms of the foregoing offer from Respondent to fully settle all purported violations of the bankruptcy automatic stay by Respondent, its employees, and its agents. *See* December 29, 2025, Debtor Email to Respondent, attached hereto as **Exhibit G**.

The terms of the settlement required Respondent to "***account and remit*** $7,000.00 to Parker and provide evidence of the same to Parker within ten business days of acceptance." <u>Id</u>. (*emphasis added*). In contravention to the representations made by Debtor in the Motion, Respondent made no warranties or guarantees of Debtor's ongoing ability to occupy or operate an income-producing short-term rental operation in the Property within the Settlement. *See above; see* Section III, *below*.

Due to Debtor's breach of the terms of the lease for the Property in operating a short-term rental business from the Property – as subsequently admitted by Debtor in writing on December 31, 2025 - Respondent provided Debtor a default and termination of the lease for the Property. *See* Letter, "Termination of Lease and Demand for Possession of [the Property]", dated December 29, 2025, attached hereto as **Exhibit H**. Counsel for Respondent stipulates and

represents to this Court that no dispossessory proceeding has been filed as to the Property to-date since the automatic stay was lifted by this Court on December 9, 2025.

On December 29, 2025, counsel for Respondent, pursuant to the terms of the settlement, filed the joint notice of settlement with this Court as contemplated therein. *See* Doc. 30. On January 6, 2026, or one day beyond the timeline contemplated within the settlement agreement, Debtor filed his request to dismiss the claims against Respondent as to any asserted automatic stay violations with prejudice, which was made an order by this Court on January 9, 2026. *See* Doc. 32, Doc. 33.

On January 9, 2026, counsel for Respondent provided proof to Debtor of the accounting of $7,000.00 to Parker, as evidenced by the remittance of the credited ledger obligations as to the Property. *See* January 9, 2026, Email with Ledger Exhibit, attached hereto as **Exhibit I**. Subsequent to the application of the $7,000.00 sum, Debtor is obligated (prior to any discharge) to Respondent in the present sum total of $6,884.27, with $2,787.38 being pre-petition obligations and $4,096.89 as post-petition obligations. Id.

Upon Respondent fully performing its duties and obligations under the terms of the settlement agreement between the parties, Debtor elected to make unprofessional threats and acted in contravention to the settlement agreement, requiring Respondent to incur attorneys' fees and costs in enforcing and defending the settlement agreement. *See* Emails from Debtor, On and After January 10, 2026, attached hereto as **Composite Exhibit J** (Debtor labels Respondent performance as 'treachery', with Debtor threatening to report to the FTC and local media if Respondent fails to provide additional sums to Debtor; Debtor threatening a bar complaint against counsel for Respondent if Respondent failed to provide additional sums to Debtor).

On January 10, 2026, counsel for Respondent addressed each point raised by Debtor in the foregoing correspondence, particularly identifying the baselessness of each of Debtor's assertions. *See* January 10, 2026, Respondent email to Debtor, attached hereto as **Composite Exhibit K**. Counsel for Respondent unequivocally stressed that, to the extent Debtor frivolously moved forward with the threatened action, counsel expressed Respondent's intention to seek recovery of the incurred attorneys' fees in enforcing and defending the settlement agreement. Id.

Subsequent to Debtor filing the instant Motion, Respondent contacted Debtor to confirm instructions as to how to utilize a lockbox to be delivered to the Property to permit Debtor to return possession of the Property on January 30, 2026, as contemplated within the settlement agreement; in response, Debtor threatened to not vacate on January 30, 2026, as agreed within the settlement agreement, among other items. *See* January 15, 2026, email thread, attached hereto as **Composite Exhibit L**.

As stated more fully below, Respondent has fully performed its duties within the settlement agreement. By way of Debtor's threats and actions, Debtor is refusing to abide by the terms of the settlement agreement; Respondent resultingly requests this Court enforce the settlement agreement as to Debtor's performance thereunder, as well as award Respondent its incurred attorneys' fees and costs in enforcing the settlement agreement between the parties.

<u>ARGUMENT AND CITATION OF AUTHORITY</u>

While pro se parties are afforded some leeway in federal court, with their pleadings to be "liberally construed" and "held to a less stringent standard" than attorneys, a pro se party expressly has "no license to harass others and overload the court dockets with meritless or abusive litigation." *In re Strickland*, 179 B.R. 979, 980 (Bankr. N.D. Ga. 1995).

Debtor's conduct and actions against Respondent is precisely the conduct contemplated within *Strickland* and which this Court should swiftly corral – and compel Debtor to adhere to the settlement agreement in light of Debtor's many statements of his prospective intent to not comply with the settlement agreement. Despite Debtor filing twenty-nine pages in support of its Motion, Debtor points to zero cited authorities in support of its substantive legal arguments relating to the settlement agreement, including as to the purported breach. *See generally*, Motion.

The only authority – legal or non-legal – cited by Debtor in support of the Motion is the 1994 U.S. Supreme Court case *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). However, *Kokkonen* is cited by Debtor for a general premise that is not substantiated by the holding – *Kokkonen* identifies that enforcement of a settlement agreement is not a continuation or renewal of a dismissed claim, and resultingly enforcement requires an independent basis for jurisdiction with federal courts. Id. at 378. Instead of Debtor's broad proffer of *Kokkonen* as sweeping authority for this Court over the settlement agreement, *Kokkonen* instead highlights limits a federal court has over settlement agreements, particularly when a dismissal with prejudice of claims occurred, as is the case here. Id.

Debtor's arguments within the Motion are generally four-fold – (1) that Respondent, in stating a potential good-faith civil action against Debtor was time-sensitive within the context of settlement discussions was 'coercive', as set forth in Doc. 35, pp. 1-2;[3] (2) that Respondent breached the settlement by failing to send Debtor a check for $7,000.00 despite the plain language of the settlement agreement, as outlined in Doc. 35, p. 2; (3) that Respondent somehow 'intimidated and misrepresented' Debtor in citing authorities in support of Respondent's position

---

[3] The irony clearly is lost here on Debtor as to Debtor's multiple threats to take adverse action if not settled in favor of Debtor, including making various consumer complaints and reporting Respondent's counsel to the State Bar, which Debtor admittedly has already done. *See* Composite Exhibit J, above.

of full performance under the settlement agreement and Debtor's conduct being in breach thereof, as set forth in Doc. 35, p.3 ; and (4) that somehow by Debtor expressly stipulating to vacate the Property on/before January 30, 2026, that _Respondent_ _made_ a "clear grant of continued possession" of the Property to Debtor, as set forth in Doc. 36, p. 2. Because of the foregoing asserted rights, Debtor asserts incompatibly that the settlement agreement must be enforced yet also vacated (see, e.g., Doc 35, p.4) under various naked legal theories which fail, as addressed more fully below.

Additionally, Debtor in a conclusory manner asserts that somehow, despite Debtor himself expressly stipulating to vacate the Property on/before January 30, 2026, that Respondent somehow promised or made a "grant of continued possession" is farcical and directly rebutted by Debtor's own pleadings and arguments. Debtor's expressed intention to breach his future performance of the settlement agreement requires this Court's involvement to compel compliance by Debtor.

I.    **Respondent has Fully Performed on The Settlement Agreement by Its Terms, and Debtor Has Threatened Future Non-Compliance of the Settlement Agreement**

As evidenced by the plain language of the settlement agreement, Respondent has fully performed thereunder. Resultingly, this Court should enforce the settlement agreement, as requested by Debtor, requiring Debtor to comply with the terms of the settlement agreement.

Particularly, within the settlement terms it was agreed that Respondent would "account and remit" a certain amount. An "accounting" is defined as a "statement by which someone seeks to describe or explain an event", including a "detailed statement of the debits and credits between parties to a contract." ACCOUNT, Black's Law Dictionary (12th ed. 2024).

As expressly conceded by Debtor, and as evidenced herein, Respondent fully accomplished those terms via crediting the ledger, as provided timely to Debtor, as to post-petition sums accruing

due to Debtor's admitted continued occupancy and use of the Property. Respondent similarly timely remitted – to "pardon or forgive" or "transmit," as defined within Black's Law[4]– the agreed-upon sum via the updated ledger statement as acknowledged by Debtor in writing. There unequivocally is no ambiguity here, and Debtor points to zero cited authority to support his naked assertion that Respondent somehow breached the settlement agreement despite Respondent's full performance.

Moreover, the absurdity of Debtor's position within the Motion of Respondent being in breach while also acknowledging Respondent crediting a $7,000.00 sum on Debtor's post-petition obligations is emphasized by hypothetically illustrating Debtor prevailing on his argument that he somehow was entitled to receipt of a sum of physical money - which was not set forth within the settlement agreement and highlighted by the settlement agreement not stating a means of purported payment (e.g. wire transfer, ACH, certified check, etc.). Hypothetically, if the Court somehow found Debtor's naked assertions as sustained, Respondent would be compelled to reverse the credit to Debtor's post-petition account and deliver a check to the clerk of this Court. However, Debtor does not contest and in fact concedes his post-petition obligations accruing to Respondent during Debtor's continued occupancy and use of the Property from October 2025 through at least January 30, 2026; resultingly, Respondent would be entitled to make a claim and seek recovery of the same physical check from the clerk of this Court to satisfy a portion of Debtor's post-petition obligations to Respondent. *See also In re Isaac*, Adversary No. 06–09004, 2006 WL 6589899 (Bankr. N.D. Ga. Mar. 7, 2006) (Bankruptcy court expressly holding that post-petition rent within a Chapter 7 proceeding is not affected by a discharge).

---

[4] REMIT, Black's Law Dictionary (12th ed. 2024).

After considering the foregoing, Debtor's goal here is unmistakable – Debtor desires to use the bankruptcy process as a sword in obtaining additional liquid sums while simultaneously avoiding both (1) his ongoing post-petition financial obligations to Respondent and (2) Debtor having to account to the Trustee and this Court of the over nine months of short-term rental income obtained in using the Property in express violation of the lease and HOA rules.

Not only has Debtor failed to bring forth any facts or authority to sustain his assertion that the settlement agreement was breached by Respondent, but Debtor unequivocally intends to continue to abuse the bankruptcy process and protections while shirking the responsibilities placed upon a debtor, let alone a pro se debtor, in order to obtain a discharge of pre-petition debt and also attempt to avoid post-petition debt by seeking this relief from this Court. For these reasons alone, this Court should summarily deny the Motion.

## II.    No "Threat" or "Coercion" Occurred in Respondent Sharing the Time Sensitive Nature of Settlement Discussions.

Within the Motion Debtor nakedly asserts that Respondent sharing a timeline germane to the ongoing settlement discussions was 'coercive' or 'threatening', namely a potential basis to object to discharge of Debtor under 11 U.S.C. § 727.

Setting aside the fact that the Georgia Rules of Professional Conduct do not bar a party from identifying additional meritorious civil claims to be brought against a party if a settlement is not consummated,[5] Debtor expressly conceded and acknowledged the potential basis of objection to discharge – one which Debtor subsequently acknowledged having occurred continuously since prior to the Section 341 meeting - without Respondent ever identifying what the underlying basis

---

[5] *See* GEORGIA R. PROF. CONDUCT, 3.4(h) (prohibiting threatening criminal charges solely to obtain an advantage in a civil matter).

to object pursuant to 11 U.S.C. § 727 might have been. *See* Composite Exhibit E, Email from Debtor dated December 26, 2025, 3:45p.m. Clearly Debtor was well-aware of the shell game being played to avoid disclosure of financial gains to this Court and the Trustee prior to any correspondence from Respondent.

Moreover, there was a period of numerous emails exchanging several settlement offers between the parties over the course of three days, culminating in the binding settlement agreement, which did not reference the 'coercive' or 'threatening' communication. Conspicuously, however, Debtor is unequivocally culpable of the conduct Debtor complains of in the Motion, having attempted to manipulate and pressure Respondent to acquiesce prior to filing the Motion to his unsubstantiated demands, namely demanding a physical check from Respondent or else threatening to (1) bring claims against Respondent with this Court; (2) refer Respondent to the Federal Trade Commission for the purported breach; (3) bring the foregoing to media attention; and (4) file a bar complaint with the State Bar of Georgia against counsel for Respondent. *See* Composite Exhibit J.

To the remote extent that this Court could somehow find any defect in Respondent's good faith settlement discussions with Debtor, Debtor unquestionably fails to come before this Court with any degree of clean hands;[6] for this additional reason, Debtor's Motion must be denied to the relief sought, with this Court compelling enforcement of the settlement agreement as to Debtor.

### III.    The Plain Language of the Settlement Agreement Evidences No Granted 'Right' of 'Continued Possession' of the Property.

Finally, Debtor without basis in fact – as unsupported by the plain language of the Settlement Agreement – or in law asserts that Debtor was granted and conveyed a "clear grant of continued

---

[6] *See Gaudiosi v. Mellon*, 269 F.2d 873, 881-82 (3d Cir. 1959)(no principle is better settled than the maxim that he who comes into equity must come with "clean hands" and keep them clean throughout the course of the litigation, and that if he violates this rule, he must be denied all relief whatever may have been the merits of his claim.)

possession of the Property through January 30" within the Motion. *See* Doc 36, p. 2-3. The plain language of the settlement agreement wholly vitiates Debtor's naked assertion.

Debtor conspicuously points to no language of representation or warranty by Respondent as to continued possession of the Property – instead, Debtor simply cites an express stipulation <u>*by Debtor*</u> in support of his assertion of a continued right to possess the Property through January 30, 2026. Particularly, Debtor quotes a select and incomplete portion of the germane settlement sentence at issue – the entire provision from the settlement agreement is restated herein:

- Parker expressly stipulates that he shall vacate the subject Premises (known as 1149 Autumn Glen Way, Dacula, GA 30019) on/before January 30, 2026, and that the Premises shall be abandoned as property of the bankruptcy estate upon discharge; this settlement agreement does not constitute a ratification or novation of the lease agreement for the subject Premises.

A cursory examination of the foregoing reflects (1) no representation or warranty by Respondent and, in fact, (2) an express acknowledgment by Debtor that the settlement <u>*does not*</u> ratify or novate the lease for the Property. Similar to Debtor's other cursory ChatGPT arguments above as to the sole legal authority cited, the applicable settlement provision not only fails to contain any representation by Respondent therein, but in fact it affirmatively disclaims any argument that the settlement agreement somehow would be construed to ratify or novate the lease for the Premises. For this additional reason, Debtor's Motion must be denied to the relief sought, with this Court compelling enforcement of the settlement agreement as to Debtor.

CONCLUSION

For the foregoing reasons, Debtor's Motion must substantively be denied. However, due to Debtor's numerous representations of his intent to not comply prospectively with his settlement obligations, this Court should enforce the settlement agreement, as requested by Debtor, to ensure Debtor complies with his settlement obligations.

Additionally, because the settlement agreement so allows, Respondent as prevailing party is entitled to recover its suffered attorneys' fees and costs in defending and enforcing the settlement agreement from January 10, 2026 prospectively. Counsel for Respondent intends to provide testimony before this Court as to the incurred attorneys' fees and costs expended in this matter on January 20, 2026.

Respectfully submitted, this 16th day of January, 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd
Ste B-136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com (E-mail)

  /s/ Matthew F. Totten_____
Matthew F. Totten
Georgia Bar No. 798589
Attorney for Respondent

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CURTIS PARKER, | ) | |
| | ) | CAFN |
| Debtor. | ) | 25-61216-bem |
| ------------------------------------ | ) | |
| | ) | CHAPTER 7 |
| CURTIS PARKER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CONTESTED MATTER |
| | ) | |
| 2017-1 IH Borrower, LP | | |
| Respondent. | | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the **RESPONSE TO MOVANT'S**

**MOTIONS & MOTION TO ENFORCE SETTLEMENT** using the CM/ECF system, which

will automatically send email notification of such filing to all interested parties.  Additionally, I

have served the same by First Class U.S. Mail and e-mail upon the below:

Curtis Parker, *Pro se*
1149 Autumn Glen Way
Dacula, GA 30019
curtis.parker1776@gmail.com

This 16th day of January, 2026.

THE TOTTEN FIRM, LLC                          /s/ Matthew F. Totten_____
5579 Chamblee-Dunwoody Rd                Matthew F. Totten
Ste B-136                                              Georgia Bar No. 798589
Atlanta, GA 30338                                 Attorney for Respondent
(404) 692-4342 (Telephone)
mft@tottenfirm.com (E-mail)



**Date: 01/01/2026**

| Code | t0317101 | Property | 10105318 | Lease From | 04/13/2025 |
|---|---|---|---|---|---|
| Name | Curtis Parker | Unit | 10105318 | Lease To | 04/12/2026 |
| Address | 1149 Autumn Glen Way | Status | Eviction | Move In | 04/13/2023 |
| | | Rent | 2408.00 | Move Out | 02/11/2026 |
| City | Dacula, GA 30019 | Phone (H) | (770) 369-6521 | Phone (W) | |

| Date | Chg Code | Description | Charge | Payment | Balance | Chg/Rec |
|---|---|---|---|---|---|---|
| 03/04/2023 | appfee | Application Charges (Curtis Parker) | 50.00 | | 50.00 | 29756637 |
| 03/04/2023 | | chk# 176933067 Credit Card On-Line Payment ; Web - Online Leasing | | 50.00 | 0.00 | 9554025 |
| 03/05/2023 | holdfee | Pre-Lease Hold Fee | 500.00 | | 500.00 | 29765229 |
| 03/07/2023 | | chk# 177388992 Debit Card On-Line Payment ; Web - Online Leasing | | 500.00 | 0.00 | 9566017 |
| 04/12/2023 | deposit | Security Deposit | 2,241.00 | | 2,241.00 | 30643816 |
| 04/12/2023 | movein | Move in Funds | 924.57 | | 3,165.57 | 30644148 |
| 04/12/2023 | | chk# 182075391 Debit Card On-Line Payment ; Web - Online Leasing | | 2,241.00 | 924.57 | 9843310 |
| 04/12/2023 | | chk# 182075392 Debit Card On-Line Payment ; Web - Online Leasing | | 924.57 | 0.00 | 9843311 |
| 04/13/2023 | movein | Move-In Funds | (924.57) | | (924.57) | 30660850 |
| 04/13/2023 | rent | Rent for 18 days :Reversed by Charge Ctrl# 30660870 | 1,281.00 | | 356.43 | 30660851 |
| 04/13/2023 | smtreng2 | Smart Home Fee w/ Video Doorbell for 18 days | 24.00 | | 380.43 | 30660852 |
| 04/13/2023 | filter | HVAC Filter Fee for 18 days | 5.97 | | 386.40 | 30660853 |
| 04/13/2023 | admin | Administrative Setup Fee | 50.00 | | 436.40 | 30660854 |
| 04/13/2023 | holdfee | Pre-Lease Hold Fee - Reallocated to rent | (500.00) | | (63.60) | 30660855 |
| 04/14/2023 | rent | rent: Corrected prorated rent | 1,344.60 | | 1,281.00 | 30660864 |
| 04/14/2023 | rent | :Reverse Charge Ctrl#30660851 Incorrect Prorated Rent | (1,281.00) | | 0.00 | 30660870 |
| 04/27/2023 | | chk# 183048458 Debit Card On-Line Payment ; Mobile Web - Resident Services | | 2,290.95 | (2,290.95) | 9918570 |
| 05/01/2023 | rent | Resident Rent (05/2023) | 2,241.00 | | (49.95) | 31109418 |
| 05/01/2023 | smtreng2 | Smart Home Fee w/ Video Doorbell (05/2023) | 40.00 | | (9.95) | 31109419 |
| 05/01/2023 | filter | HVAC Filter (05/2023) | 9.95 | | 0.00 | 31109420 |
| 06/01/2023 | rent | Resident Rent (06/2023) | 2,241.00 | | 2,241.00 | 31945594 |
| 06/01/2023 | smtreng2 | Smart Home Fee w/ Video Doorbell (06/2023) | 40.00 | | 2,281.00 | 31945595 |
| 06/01/2023 | filter | HVAC Filter (06/2023) | 9.95 | | 2,290.95 | 31945596 |
| 06/04/2023 | late | Late Fee, 10% of $2241.00 | 224.10 | | 2,515.05 | 32246647 |
| 06/04/2023 | | chk# 189748264 Debit Card On-Line Payment ; Mobile Web - Resident Services | | 2,290.95 | 224.10 | 10262432 |
| 06/07/2023 | | chk# 190358050 Debit Card On-Line Payment ; Mobile Web - Resident Services | | 224.10 | 0.00 | 10285233 |
| 07/01/2023 | utlsetup | Acct. Setup | 25.00 | | 25.00 | 32398453 |
| 07/01/2023 | utlsetup | Service Fee | 9.95 | | 34.95 | 32398454 |
| 07/01/2023 | utlsewcb | Sewer - 04/13/23-05/04/23 | 25.03 | | 59.98 | 32398455 |
| 07/01/2023 | utlgascb | Vacant Gas - 04/13/23-04/28/23 | 24.80 | | 84.78 | 32398456 |
| 07/01/2023 | utlsetup | Vacant Service Fee - 04/13/23-04/28/23 | 25.00 | | 109.78 | 32398457 |
| 07/01/2023 | utlwatcb | Water - 04/13/23-05/04/23 | 17.31 | | 127.09 | 32398458 |
| 07/01/2023 | rent | Resident Rent (07/2023) | 2,241.00 | | 2,368.09 | 32792927 |
| 07/01/2023 | smtreng2 | Smart Home Fee w/ Video Doorbell (07/2023) | 40.00 | | 2,408.09 | 32792928 |
| 07/01/2023 | filter | HVAC Filter (07/2023) | 9.95 | | 2,418.04 | 32792929 |
| 07/03/2023 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,418.04 | 0.00 | 10498026 |
| 08/01/2023 | utlsetup | Service Fee | 9.95 | | 9.95 | 33252167 |
| 08/01/2023 | utlsewcb | Sewer - 05/05/23-06/06/23 | 55.31 | | 65.26 | 33252168 |
| 08/01/2023 | utlgascb | Vacant Gas - 04/28/23-05/30/23 | 54.92 | | 120.18 | 33252169 |
| 08/01/2023 | utlsetup | Vacant Service Fee - 04/28/23-05/30/23 | 25.00 | | 145.18 | 33252170 |
| 08/01/2023 | utlwatcb | Water - 05/05/23-06/06/23 | 36.41 | | 181.59 | 33252171 |

| Date | Code | Description | Charge | Payment | Balance | Ref# |
|---|---|---|---|---|---|---|
| 08/01/2023 | filter | HVAC Filter (08/2023) | 9.95 | | 2,472.54 | 33657265 |
| 08/03/2023 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,472.54 | 0.00 | 10758272 |
| 09/01/2023 | utlsetup | Service Fee | 9.95 | | 9.95 | 34114801 |
| 09/01/2023 | utlsewcb | Sewer - 06/07/23-07/07/23 | 46.29 | | 56.24 | 34114802 |
| 09/01/2023 | utlgascb | Vacant Gas - 05/30/23-06/30/23 | 48.99 | | 105.23 | 34114803 |
| 09/01/2023 | utlsetup | Vacant Service Fee - 05/30/23-06/30/23 | 25.00 | | 130.23 | 34114804 |
| 09/01/2023 | utlwatcb | Water - 06/07/23-07/07/23 | 30.88 | | 161.11 | 34114805 |
| 09/01/2023 | rent | Resident Rent (09/2023) | 2,241.00 | | 2,402.11 | 34501736 |
| 09/01/2023 | smtreng2 | Smart Home Fee w/ Video Doorbell (09/2023) | 40.00 | | 2,442.11 | 34501737 |
| 09/01/2023 | filter | HVAC Filter (09/2023) | 9.95 | | 2,452.06 | 34501738 |
| 09/03/2023 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,452.06 | 0.00 | 10996734 |
| 10/01/2023 | utlsetup | Service Fee | 9.95 | | 9.95 | 34932938 |
| 10/01/2023 | utlsewcb | Sewer - 07/08/23-08/07/23 | 42.68 | | 52.63 | 34932939 |
| 10/01/2023 | utlgascb | Vacant Gas - 06/30/23-07/28/23 | 46.60 | | 99.23 | 34932940 |
| 10/01/2023 | utlsetup | Vacant Service Fee - 06/30/23-07/28/23 | 25.00 | | 124.23 | 34932941 |
| 10/01/2023 | utlwatcb | Water - 07/08/23-08/07/23 | 28.67 | | 152.90 | 34932942 |
| 10/01/2023 | filter | HVAC Filter (10/2023) | 9.95 | | 162.85 | 35362503 |
| 10/01/2023 | smtreng2 | Smart Home Fee w/ Video Doorbell (10/2023) | 40.00 | | 202.85 | 35362504 |
| 10/01/2023 | rent | Resident Rent (10/2023) | 2,241.00 | | 2,443.85 | 35362505 |
| 10/02/2023 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,443.85 | 0.00 | 11221012 |
| 11/01/2023 | utlsetup | Service Fee | 9.95 | | 9.95 | 35837394 |
| 11/01/2023 | utlsewcb | Sewer - 08/05/23-09/07/23 | 34.56 | | 44.51 | 35837395 |
| 11/01/2023 | utlgascb | Vacant Gas - 07/28/23-08/30/23 | 47.83 | | 92.34 | 35837396 |
| 11/01/2023 | utlsetup | Vacant Service Fee - 07/28/23-08/30/23 | 25.00 | | 117.34 | 35837397 |
| 11/01/2023 | utlwatcb | Water - 08/08/23-09/07/23 | 23.69 | | 141.03 | 35837398 |
| 11/01/2023 | rent | Resident Rent (11/2023) | 2,241.00 | | 2,382.03 | 36210553 |
| 11/01/2023 | smtreng2 | Smart Home Fee w/ Video Doorbell (11/2023) | 40.00 | | 2,422.03 | 36210554 |
| 11/01/2023 | filter | HVAC Filter (11/2023) | 9.95 | | 2,431.98 | 36210555 |
| 11/03/2023 | | chk# :ACH-WEB Online Payment - EFT Payment. Web - Resident Services | | 2,431.98 | 0.00 | 11481334 |
| 12/01/2023 | utlsetup | Service Fee | 9.95 | | 9.95 | 36671798 |
| 12/01/2023 | utlsewcb | Sewer - 09/08/23-10/05/23 | 48.99 | | 58.94 | 36671799 |
| 12/01/2023 | utlgascb | Vacant Gas - 08/30/23-09/27/23 | 49.12 | | 108.06 | 36671800 |
| 12/01/2023 | utlsetup | Vacant Service Fee - 08/30/23-09/27/23 | 25.00 | | 133.06 | 36671801 |
| 12/01/2023 | utlwatcb | Water - 09/08/23-10/05/23 | 32.54 | | 165.60 | 36671802 |
| 12/01/2023 | rent | Resident Rent (12/2023) | 2,241.00 | | 2,406.60 | 37045135 |
| 12/01/2023 | filter | HVAC Filter (12/2023) | 9.95 | | 2,416.55 | 37045136 |
| 12/01/2023 | smtreng2 | Smart Home Fee w/ Video Doorbell (12/2023) | 40.00 | | 2,456.55 | 37045137 |
| 12/02/2023 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,456.55 | 0.00 | 11691591 |
| 01/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 37510944 |
| 01/01/2024 | utlsewcb | Sewer - 10/06/23-11/02/23 | 41.78 | | 51.73 | 37510945 |
| 01/01/2024 | utlgascb | Vacant Gas - 09/27/23-10/27/23 | 53.36 | | 105.09 | 37510946 |
| 01/01/2024 | utlsetup | Vacant Service Fee - 09/27/23-10/27/23 | 25.00 | | 130.09 | 37510947 |
| 01/01/2024 | utlwatcb | Water - 10/06/23-11/02/23 | 28.11 | | 158.20 | 37510948 |
| 01/01/2024 | filter | HVAC Filter (01/2024) | 9.95 | | 168.15 | 37891021 |
| 01/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (01/2024) | 40.00 | | 208.15 | 37892785 |
| 01/01/2024 | rent | Resident Rent (01/2024) | 2,241.00 | | 2,449.15 | 37892877 |
| 01/03/2024 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,449.15 | 0.00 | 11914006 |
| 02/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 38402402 |
| 02/01/2024 | utlsewcb | Sewer - 11/03/23-12/05/23 | 47.19 | | 57.14 | 38402403 |
| 02/01/2024 | utlgascb | Vacant Gas - 10/27/23-11/30/23 | 99.83 | | 156.97 | 38402404 |
| 02/01/2024 | utlsetup | Vacant Service Fee - 10/27/23-11/30/23 | 25.00 | | 181.97 | 38402405 |
| 02/01/2024 | utlwatcb | Water - 11/03/23-12/05/23 | 31.43 | | 213.40 | 38402406 |
| 02/01/2024 | rent | Resident Rent (02/2024) | 2,241.00 | | 2,454.40 | 38791845 |
| 02/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (02/2024) | 40.00 | | 2,494.40 | 38791846 |
| 02/01/2024 | filter | HVAC Filter (02/2024) | 9.95 | | 2,504.35 | 38791847 |

| Date | Code | Description | Charge | Payment | Balance | Ref |
|---|---|---|---|---|---|---|
| 03/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 39314947 |
| 03/01/2024 | utlsewcb | Sewer - 12/06/23-01/05/24 | | | 57.14 | 39314948 |
| 03/01/2024 | utlgascb | Vacant Gas - 11/30/23-12/29/23 | 141.62 | | 198.76 | 39314949 |
| 03/01/2024 | utlsetup | Vacant Service Fee - 11/30/23-12/29/23 | 25.00 | | 223.76 | 39314950 |
| 03/01/2024 | utlwatcb | Water - 12/06/23-01/05/24 | 31.43 | | 255.19 | 39314951 |
| 03/01/2024 | rent | Resident Rent (03/2024) | 2,241.00 | | 2,496.19 | 39762250 |
| 03/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (03/2024) | 40.00 | | 2,536.19 | 39762251 |
| 03/01/2024 | filter | HVAC Filter (03/2024) | 9.95 | | 2,546.14 | 39762252 |
| 03/03/2024 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,546.14 | 0.00 | 12533457 |
| 04/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 40227683 |
| 04/01/2024 | utlsewcb | Sewer - 01/06/24-02/05/24 | 44.48 | | 54.43 | 40227684 |
| 04/01/2024 | utlgascb | Vacant Gas - 12/29/23-01/30/24 | 201.83 | | 256.26 | 40227685 |
| 04/01/2024 | utlsetup | Vacant Service Fee - 12/29/23-01/30/24 | 25.00 | | 281.26 | 40227686 |
| 04/01/2024 | utlwatcb | Water - 01/06/24-02/05/24 | 29.77 | | 311.03 | 40227687 |
| 04/01/2024 | rent | Resident Rent (04/2024) 12 days | 896.40 | | 1,207.43 | 40703971 |
| 04/01/2024 | rent | Resident Rent (04/2024) 18 days | 1,444.80 | | 2,652.23 | 40703972 |
| 04/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (04/2024) | 40.00 | | 2,692.23 | 40703973 |
| 04/01/2024 | filter | HVAC Filter (04/2024) | 9.95 | | 2,702.18 | 40703974 |
| 04/03/2024 | | chk# 234087226 Debit Card On-Line Payment ; Web - Resident Services | | 2,702.18 | 0.00 | 12818029 |
| 05/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 41198686 |
| 05/01/2024 | utlsewcb | Sewer - 02/06/24-03/05/24 | 40.87 | | 50.82 | 41198687 |
| 05/01/2024 | utlgascb | Vacant Gas - 01/30/24-02/29/24 | 138.13 | | 188.95 | 41198688 |
| 05/01/2024 | utlsetup | Vacant Service Fee - 01/30/24-02/29/24 | 25.00 | | 213.95 | 41198689 |
| 05/01/2024 | utlwatcb | Water - 02/06/24-03/05/24 | 27.56 | | 241.51 | 41198690 |
| 05/01/2024 | filter | HVAC Filter (05/2024) | 9.95 | | 251.46 | 41674276 |
| 05/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (05/2024) | 40.00 | | 291.46 | 41674277 |
| 05/01/2024 | rent | Resident Rent (05/2024) | 2,408.00 | | 2,699.46 | 41674278 |
| 05/03/2024 | | chk# 238482351 Debit Card On-Line Payment ; Web - Resident Services | | 2,699.46 | 0.00 | 13071934 |
| 06/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 42165020 |
| 06/01/2024 | utlsewcb | Sewer - 03/06/24-04/03/24 | 47.19 | | 57.14 | 42165021 |
| 06/01/2024 | utlgascb | Vacant Gas - 02/29/24-03/28/24 | 89.10 | | 146.24 | 42165022 |
| 06/01/2024 | utlsetup | Vacant Service Fee - 02/29/24-03/28/24 | 25.00 | | 171.24 | 42165023 |
| 06/01/2024 | utlwatcb | Water - 03/06/24-04/03/24 | 31.43 | | 202.67 | 42165024 |
| 06/01/2024 | rent | Resident Rent (06/2024) | 2,408.00 | | 2,610.67 | 42658618 |
| 06/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (06/2024) | 40.00 | | 2,650.67 | 42658619 |
| 06/01/2024 | filter | HVAC Filter (06/2024) | 9.95 | | 2,660.62 | 42658620 |
| 06/03/2024 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,660.62 | 0.00 | 13317636 |
| 07/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 43196373 |
| 07/01/2024 | utlsewcb | Sewer - 04/04/24-05/03/24 | 47.19 | | 57.14 | 43196374 |
| 07/01/2024 | utlgascb | Vacant Gas - 03/28/24-04/30/24 | 73.06 | | 130.20 | 43196375 |
| 07/01/2024 | utlsetup | Vacant Service Fee - 03/28/24-04/30/24 | 25.00 | | 155.20 | 43196376 |
| 07/01/2024 | utlwatcb | Water - 04/04/24-05/03/24 | 31.43 | | 186.63 | 43196377 |
| 07/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (07/2024) | 40.00 | | 226.63 | 43706210 |
| 07/01/2024 | filter | HVAC Filter (07/2024) | 9.95 | | 236.58 | 43706211 |
| 07/01/2024 | rent | Resident Rent (07/2024) | 2,408.00 | | 2,644.58 | 43706212 |
| 07/03/2024 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,644.58 | 0.00 | 13623787 |
| 08/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 44198608 |
| 08/01/2024 | utlsewcb | Sewer - 05/04/24-06/05/24 | 76.95 | | 86.90 | 44198609 |
| 08/01/2024 | utlgascb | Vacant Gas - 04/30/24-05/31/24 | 59.55 | | 146.45 | 44198610 |
| 08/01/2024 | utlsetup | Vacant Service Fee - 04/30/24-05/31/24 | 25.00 | | 171.45 | 44198611 |
| 08/01/2024 | utlwatcb | Water - 05/04/24-06/05/24 | 49.68 | | 221.13 | 44198612 |
| 08/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (08/2024) | 40.00 | | 261.13 | 44708284 |
| 08/01/2024 | filter | HVAC Filter (08/2024) | 9.95 | | 271.08 | 44708285 |
| 08/01/2024 | rent | Resident Rent (08/2024) | 2,408.00 | | 2,679.08 | 44708286 |
| 08/03/2024 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,679.08 | 0.00 | 13896687 |
| 09/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 45216019 |

| Date | Code | Description | Charge | Payment | Balance | Ref |
|---|---|---|---|---|---|---|
| 09/01/2024 | utlsetup | Vacant Service Fee - 05/31/24-06/28/24 | 25.00 | | 227.03 | 45216022 |
| 09/01/2024 | utlwatcb | Water - 06/06/24-07/08/24 | 111.06 | | 338.09 | 45216020 |
| 09/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (09/2024) | 40.00 | | 378.09 | 45768778 |
| 09/01/2024 | filter | HVAC Filter (09/2024) | 9.95 | | 388.04 | 45768779 |
| 09/01/2024 | rent | Resident Rent (09/2024) | 2,408.00 | | 2,796.04 | 45768780 |
| 09/03/2024 | | chk# :ACH-WEB Online Payment - EFT Payment. Web - Resident Services | | 2,796.04 | 0.00 | 14145370 |
| 10/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 46272324 |
| 10/01/2024 | utlsewcb | Sewer - 07/06/24-08/06/24 | 155.43 | | 165.38 | 46272325 |
| 10/01/2024 | utlgascb | Vacant Gas - 06/28/24-07/30/24 | 62.93 | | 228.31 | 46272326 |
| 10/01/2024 | utlsetup | Vacant Service Fee - 06/28/24-07/30/24 | 25.00 | | 253.31 | 46272327 |
| 10/01/2024 | utlwatcb | Water - 07/06/24-08/06/24 | 133.18 | | 386.49 | 46272328 |
| 10/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (10/2024) | 40.00 | | 426.49 | 46802047 |
| 10/01/2024 | filter | HVAC Filter (10/2024) | 9.95 | | 436.44 | 46802048 |
| 10/01/2024 | rent | Resident Rent (10/2024) | 2,408.00 | | 2,844.44 | 46802049 |
| 10/03/2024 | | chk# 260062951 Debit Card On-Line Payment ; Web - Resident Services | | 2,844.44 | 0.00 | 14463013 |
| 10/30/2024 | | chk# 262691847 Debit Card On-Line Payment ; Web - Resident Services | | 2,753.02 | (2,753.02) | 14687481 |
| 11/01/2024 | utlsetup | Service Fee | 9.95 | | (2,743.07) | 47277166 |
| 11/01/2024 | utlsewcb | Sewer - 08/07/24-09/06/24 | 117.54 | | (2,625.53) | 47277167 |
| 11/01/2024 | utlgascb | Vacant Gas - 07/30/24-08/30/24 | 55.85 | | (2,569.68) | 47277168 |
| 11/01/2024 | utlsetup | Vacant Service Fee - 07/30/24-08/30/24 | 25.00 | | (2,544.68) | 47277169 |
| 11/01/2024 | utlwatcb | Water - 08/07/24-09/06/24 | 86.73 | | (2,457.95) | 47277170 |
| 11/01/2024 | rent | Resident Rent (11/2024) | 2,408.00 | | (49.95) | 47819400 |
| 11/01/2024 | filter | HVAC Filter (11/2024) | 9.95 | | (40.00) | 47819401 |
| 11/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (11/2024) | 40.00 | | 0.00 | 47819402 |
| 12/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 48414829 |
| 12/01/2024 | utlsewcb | Sewer - 09/07/24-10/05/24 | 53.50 | | 63.45 | 48414830 |
| 12/01/2024 | utlgascb | Vacant Gas - 08/30/24-09/30/24 | 59.00 | | 122.45 | 48414831 |
| 12/01/2024 | utlsetup | Vacant Service Fee - 08/30/24-09/30/24 | 25.00 | | 147.45 | 48414832 |
| 12/01/2024 | utlwatcb | Water - 09/07/24-10/05/24 | 35.30 | | 182.75 | 48414833 |
| 12/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (12/2024) | 40.00 | | 222.75 | 49000752 |
| 12/01/2024 | rent | Resident Rent (12/2024) | 2,408.00 | | 2,630.75 | 49000753 |
| 12/01/2024 | filter | HVAC Filter (12/2024) | 9.95 | | 2,640.70 | 49000754 |
| 12/03/2024 | | chk# 268296578 Debit Card On-Line Payment ; Web - Resident Services | | 2,640.70 | 0.00 | 15153458 |
| 01/01/2025 | utlsetup | Service Fee | 9.95 | | 9.95 | 49444542 |
| 01/01/2025 | utlsewcb | Sewer - 10/06/24-11/05/24 | 60.72 | | 70.67 | 49444543 |
| 01/01/2025 | utlgascb | Vacant Gas - 09/30/24-10/30/24 | 71.81 | | 142.48 | 49444544 |
| 01/01/2025 | utlsetup | Vacant Service Fee - 09/30/24-10/30/24 | 25.00 | | 167.48 | 49444545 |
| 01/01/2025 | utlwatcb | Water - 10/06/24-11/05/24 | 39.73 | | 207.21 | 49444546 |
| 01/01/2025 | rent | Resident Rent (01/2025) | 2,408.00 | | 2,615.21 | 50027960 |
| 01/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (01/2025) | 40.00 | | 2,655.21 | 50030573 |
| 01/01/2025 | filter | HVAC Filter (01/2025) | 9.95 | | 2,665.16 | 50030719 |
| 01/03/2025 | | chk# 272172476 Debit Card On-Line Payment ; Web - Resident Services | | 2,665.16 | 0.00 | 15439733 |
| 02/01/2025 | utlsetup | Service Fee | 9.95 | | 9.95 | 50495597 |
| 02/01/2025 | utlsewcb | Sewer - 11/06/24-12/05/24 | 61.62 | | 71.57 | 50495598 |
| 02/01/2025 | utlgascb | Vacant Gas - 10/30/24-11/26/24 | 90.00 | | 161.57 | 50495599 |
| 02/01/2025 | utlsetup | Vacant Service Fee - 10/30/24-11/26/24 | 25.00 | | 186.57 | 50495600 |
| 02/01/2025 | utlwatcb | Water - 11/06/24-12/05/24 | 40.28 | | 226.85 | 50495601 |
| 02/01/2025 | filter | HVAC Filter (02/2025) | 9.95 | | 236.80 | 50955648 |
| 02/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (02/2025) | 40.00 | | 276.80 | 50955649 |
| 02/01/2025 | rent | Resident Rent (02/2025) | 2,408.00 | | 2,684.80 | 50955650 |
| 02/03/2025 | | chk# :ACH-WEB Online Payment - EFT Payment. Web - Resident Services NSFed by ctrl# 15800395 Automatic NSF 0Z3HFWVRLJ4, Return Code: R01 Uncollected NSF | | 2,684.80 | 0.00 | 15752635 |
| 02/04/2025 | late | Late Fee | 115.00 | | 115.00 | 51239196 |
| 02/07/2025 | nsf | Returned check charge | 30.00 | | 145.00 | 51235989 |
| 02/07/2025 | | chk# :ACH-WEB NSF receipt Ctrl# 15752635 Automatic NSF 0Z3HFWVRLJ4, Return Code: R01 Uncollected NSF | | (2,684.80) | 2,829.80 | 15800395 |
| 02/08/2025 | | chk# 277579635 Debit Card On-Line Payment ; Web - Resident Services | | 2,829.80 | 0.00 | 15807429 |
| 03/01/2025 | utlsetup | Service Fee | 9.95 | | 9.95 | 51332902 |
| 03/01/2025 | utlsewcb | Sewer - 12/06/24-01/07/25 | 68.55 | | 78.50 | 51332903 |

| Date | Code | Description | Charge | Payment | Balance | Ref |
|---|---|---|---|---|---|---|
| 03/01/2025 | utlwatcb | Water - 12/06/24-01/07/25 | 44.50 | | 379.01 | 51332906 |
| 03/01/2025 | | HVAC Filter (03/2025) | 9.95 | | 388.96 | 51920168 |
| 03/01/2025 | rent | Resident Rent (03/2025) | 2,408.00 | | 2,796.96 | 51920169 |
| 03/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (03/2025) | 40.00 | | 2,836.96 | 51920170 |
| 03/02/2025 | | chk# :ACH-WEB Online Payment - EFT Payment. Web - Resident Services NSFed by ctrl# 16004067 Automatic NSF G07YXLYRLJ4, Return Code: R01 Uncollected NSF | | 2,836.96 | 0.00 | 16007869 |
| 03/04/2025 | late | Late Fee | 115.00 | | 115.00 | 52178219 |
| 03/06/2025 | nsf | Returned check charge | 30.00 | | 145.00 | 52174179 |
| 03/06/2025 | | chk# :ACH-WEB NSF receipt Ctrl# 16007869 Automatic NSF G07YXLYRLJ, Return Code: R01 Uncollected NSF | | (2,836.96) | 2,981.96 | 16064067 |
| 03/07/2025 | | chk# 281681878 Credit Card On-Line Payment ; Web - Resident Services | | 2,981.96 | 0.00 | 16074854 |
| 04/01/2025 | utlsewcb | Sewer - 01/08/25-02/05/25 | 66.91 | | 66.91 | 52286106 |
| 04/01/2025 | utlgascb | Vacant Gas - 12/30/24-01/30/25 | 258.15 | | 325.06 | 52286107 |
| 04/01/2025 | utlsetup | Vacant Service Fee - 12/30/24-01/30/25 | 25.00 | | 350.06 | 52286108 |
| 04/01/2025 | utlwatcb | Water - 01/08/25-02/05/25 | 43.51 | | 393.57 | 52286109 |
| 04/01/2025 | rent | Resident Rent (04/2025) 12 days | 963.20 | | 1,356.77 | 52878681 |
| 04/01/2025 | rent | Resident Rent (04/2025) 18 days | 1,444.80 | | 2,801.57 | 52878682 |
| 04/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (04/2025) | 40.00 | | 2,841.57 | 52878683 |
| 04/01/2025 | filter | HVAC Filter (04/2025) | 9.95 | | 2,851.52 | 52878684 |
| 04/03/2025 | | chk# 285328292 Debit Card On-Line Payment ; Web - Resident Services | | 2,851.52 | 0.00 | 16353743 |
| 05/01/2025 | utlsetup | Service Fee | 9.95 | | 9.95 | 53379026 |
| 05/01/2025 | utlsewcb | Sewer - 02/06/25-03/06/25 | 59.37 | | 69.32 | 53379027 |
| 05/01/2025 | utlgascb | Vacant Gas - 01/30/25-02/28/25 | 162.26 | | 231.58 | 53379028 |
| 05/01/2025 | utlsetup | Vacant Service Fee - 01/30/25-02/28/25 | 25.00 | | 256.58 | 53379029 |
| 05/01/2025 | utlwatcb | Water - 02/06/25-03/06/25 | 38.89 | | 295.47 | 53379030 |
| 05/01/2025 | filter | HVAC Filter (05/2025) | 9.95 | | 305.42 | 53889003 |
| 05/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (05/2025) | 40.00 | | 345.42 | 53889004 |
| 05/01/2025 | rent | Resident Rent (05/2025) | 2,408.00 | | 2,753.42 | 53889005 |
| 05/04/2025 | late | Late Fee | 115.00 | | 2,868.42 | 54126359 |
| 05/11/2025 | | chk# 290811029 Credit Card On-Line Payment ; Web - Resident Services | | 2,868.42 | 0.00 | 16695234 |
| 06/01/2025 | utlsetup | Service Fee | 9.95 | | 9.95 | 54242152 |
| 06/01/2025 | utlsewcb | Sewer - 03/07/25-04/03/25 | 41.45 | | 51.40 | 54242153 |
| 06/01/2025 | utlgascb | Vacant Gas - 02/28/25-03/31/25 | 119.68 | | 171.08 | 54242154 |
| 06/01/2025 | utlsetup | Vacant Service Fee - 02/28/25-03/31/25 | 25.00 | | 196.08 | 54242155 |
| 06/01/2025 | utlwatcb | Water - 03/07/25-04/03/25 | 27.91 | | 223.99 | 54242156 |
| 06/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (06/2025) | 40.00 | | 263.99 | 54859083 |
| 06/01/2025 | filter | HVAC Filter (06/2025) | 9.95 | | 273.94 | 54859084 |
| 06/01/2025 | rent | Resident Rent (06/2025) | 2,408.00 | | 2,681.94 | 54859085 |
| 06/04/2025 | late | Late Fee | 115.00 | | 2,796.94 | 55102549 |
| 06/14/2025 | | chk# 295612244 Debit Card On-Line Payment ; Web - Resident Services | | 2,796.94 | 0.00 | 16983999 |
| 07/01/2025 | utlsetup | Service Fee | 9.95 | | 9.95 | 55215564 |
| 07/01/2025 | utlsewcb | Sewer - 04/04/25-05/05/25 | 42.39 | | 52.34 | 55215565 |
| 07/01/2025 | utlgascb | Vacant Gas - 03/31/25-04/30/25 | 57.85 | | 110.19 | 55215566 |
| 07/01/2025 | utlsetup | Vacant Service Fee - 03/31/25-04/30/25 | 25.00 | | 135.19 | 55215567 |
| 07/01/2025 | utlwatcb | Water - 04/04/25-05/05/25 | 28.49 | | 163.68 | 55215568 |
| 07/01/2025 | filter | HVAC Filter (07/2025) | 9.95 | | 173.63 | 55817419 |
| 07/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (07/2025) | 40.00 | | 213.63 | 55817420 |
| 07/01/2025 | rent | Resident Rent (07/2025) | 2,408.00 | | 2,621.63 | 55817421 |
| 07/04/2025 | late | Late Fee | 115.00 | | 2,736.63 | 56105596 |
| 07/12/2025 | | chk# 299965713 Debit Card On-Line Payment ; Web - Resident Services | | 2,736.63 | 0.00 | 17252838 |
| 07/25/2025 | vioadmin | VI-366084 | 35.00 | | 35.00 | 56663159 |
| 08/01/2025 | utlsetup | Service Fee | 9.95 | | 44.95 | 56217815 |
| 08/01/2025 | utlsewcb | Sewer - 05/06/25-06/05/25 | 31.08 | | 76.03 | 56217816 |
| 08/01/2025 | utlgascb | Vacant Gas - 04/30/25-05/29/25 | 53.39 | | 129.42 | 56217817 |
| 08/01/2025 | utlsetup | Vacant Service Fee - 04/30/25-05/29/25 | 25.00 | | 154.42 | 56217818 |
| 08/01/2025 | utlwatcb | Water - 05/06/25-06/05/25 | 21.55 | | 175.97 | 56217819 |
| 08/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (08/2025) | 40.00 | | 215.97 | 56838046 |
| 08/01/2025 | filter | HVAC Filter (08/2025) | 9.95 | | 225.92 | 56838047 |
| 08/01/2025 | rent | Resident Rent (08/2025) | 2,408.00 | | 2,633.92 | 56838048 |

| Date | Code | Description | Charge | Payment | Balance | Ref |
|------|------|-------------|--------|---------|---------|-----|
| 09/01/2025 | utlsetup | Service Fee | | | 2,838.98 | 57199427 |
| 09/01/2025 | utlsewcb | Sewer - 06/06/25-07/07/25 | 80.11 | | 2,838.98 | 57199427 |
| 09/01/2025 | utlgascb | Vacant Gas - 05/29/25-06/30/25 | 48.84 | | 2,887.82 | 57199428 |
| 09/01/2025 | utlsetup | Vacant Service Fee - 05/29/25-06/30/25 | 25.00 | | 2,912.82 | 57199429 |
| 09/01/2025 | utlwatcb | Water - 06/06/25-07/07/25 | 51.61 | | 2,964.43 | 57199430 |
| 09/01/2025 | filter | HVAC Filter (09/2025) | 9.95 | | 2,974.38 | 57802426 |
| 09/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (09/2025) | 40.00 | | 3,014.38 | 57802427 |
| 09/01/2025 | rent | Resident Rent (09/2025) | 2,408.00 | | 5,422.38 | 57802428 |
| 09/02/2025 | | chk# 40197691264118 :CHECKscan Payment | | 500.00 | 4,922.38 | 17748801 |
| 09/02/2025 | | chk# 40197691264100 :CHECKscan Payment | | 500.00 | 4,422.38 | 17748802 |
| 09/02/2025 | | chk# 40197691264091 :CHECKscan Payment | | 500.00 | 3,922.38 | 17748803 |
| 09/02/2025 | | chk# 40197691264073 :CHECKscan Payment | | 500.00 | 3,422.38 | 17748804 |
| 09/02/2025 | | chk# 40197691264082 :CHECKscan Payment | | 500.00 | 2,922.38 | 17748805 |
| 09/02/2025 | | chk# 40197691264127 :CHECKscan Payment | | 250.00 | 2,672.38 | 17748806 |
| 09/04/2025 | late | Late Fee | 115.00 | | 2,787.38 | 58048938 |
| 10/01/2025 | utlsetup | Service Fee | 9.95 | | 2,797.33 | 58289113 |
| 10/01/2025 | utlsewcb | Sewer - 07/08/25-08/06/25 | 40.51 | | 2,837.84 | 58289114 |
| 10/01/2025 | utlgascb | Vacant Gas - 06/30/25-07/30/25 | 45.17 | | 2,883.01 | 58289115 |
| 10/01/2025 | utlsetup | Vacant Service Fee - 06/30/25-07/30/25 | 25.00 | | 2,908.01 | 58289116 |
| 10/01/2025 | utlwatcb | Water - 07/08/25-08/06/25 | 27.33 | | 2,935.34 | 58289117 |
| 10/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (10/2025) | 40.00 | | 2,975.34 | 58788212 |
| 10/01/2025 | rent | Resident Rent (10/2025) | 2,408.00 | | 5,383.34 | 58788213 |
| 10/01/2025 | filter | HVAC Filter (10/2025) | 9.95 | | 5,393.29 | 58788214 |
| 10/04/2025 | late | Late Fee | 115.00 | | 5,508.29 | 59028547 |
| 10/14/2025 | legalfee | Legal Fee | 100.00 | | 5,608.29 | 59083748 |
| 11/01/2025 | utlsetup | Service Fee | 9.95 | | 5,618.24 | 59142436 |
| 11/01/2025 | utlsewcb | Sewer - 08/07/25-09/04/25 | 48.99 | | 5,667.23 | 59142437 |
| 11/01/2025 | utlgascb | Vacant Gas - 07/30/25-08/28/25 | 53.73 | | 5,720.96 | 59142438 |
| 11/01/2025 | utlsetup | Vacant Service Fee - 07/30/25-08/28/25 | 25.00 | | 5,745.96 | 59142439 |
| 11/01/2025 | utlwatcb | Water - 08/07/25-09/04/25 | 32.53 | | 5,778.49 | 59142440 |
| 11/01/2025 | filter | HVAC Filter (11/2025) | 9.95 | | 5,788.44 | 59743567 |
| 11/01/2025 | rent | Resident Rent (11/2025) | 2,408.00 | | 8,196.44 | 59743568 |
| 11/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (11/2025) | 40.00 | | 8,236.44 | 59743569 |
| 11/04/2025 | late | Late Fee | 115.00 | | 8,351.44 | 60106402 |
| 12/01/2025 | utlsetup | Service Fee | 9.95 | | 8,361.39 | 60276624 |
| 12/01/2025 | utlsewcb | Sewer - 09/05/25-10/03/25 | 55.59 | | 8,416.98 | 60276625 |
| 12/01/2025 | utlgascb | Vacant Gas - 08/28/25-09/29/25 | 59.07 | | 8,476.05 | 60276626 |
| 12/01/2025 | utlsetup | Vacant Service Fee - 08/28/25-09/29/25 | 25.00 | | 8,501.05 | 60276627 |
| 12/01/2025 | utlwatcb | Water - 09/05/25-10/03/25 | 36.58 | | 8,537.63 | 60276628 |
| 12/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (12/2025) | 40.00 | | 8,577.63 | 60862640 |
| 12/01/2025 | rent | Resident Rent (12/2025) | 2,408.00 | | 10,985.63 | 60862641 |
| 12/01/2025 | filter | HVAC Filter (12/2025) | 9.95 | | 10,995.58 | 60862642 |
| 12/04/2025 | late | Late Fee | 115.00 | | 11,110.58 | 61094471 |
| 01/01/2026 | utlsetup | Service Fee | 9.95 | | 11,120.53 | 61243672 |
| 01/01/2026 | utlsewcb | Sewer - 10/04/25-11/04/25 | 55.59 | | 11,176.12 | 61243673 |
| 01/01/2026 | utlgascb | Vacant Gas - 09/29/25-10/31/25 | 73.62 | | 11,249.74 | 61243674 |
| 01/01/2026 | utlsetup | Vacant Service Fee - 09/29/25-10/31/25 | 25.00 | | 11,274.74 | 61243675 |
| 01/01/2026 | utlwatcb | Water - 10/04/25-11/04/25 | 36.58 | | 11,311.32 | 61243676 |
| 01/01/2026 | smtreng2 | Smart Home Fee w/ Video Doorbell (01/2026) | 40.00 | | 11,351.32 | 61828821 |
| 01/01/2026 | rent | Resident Rent (01/2026) | 2,408.00 | | 13,759.32 | 61830055 |
| 01/01/2026 | filter | HVAC Filter (01/2026) | 9.95 | | 13,769.27 | 61837479 |

**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Wednesday, December 31, 2025 11:50 AM |
| **To:** | Matthew Totten |
| **Subject:** | Re: 25-61216-bem Notice (BK) |

**External Sender** - From: (Curtis Parker
<curtis.parker1776@gmail.com>)
This message came from outside your organization.

Learn More

Hello Mr Totten,
I wanted to make you aware the house is no longer listed on Airbnb effective yesterday. I was also wanting to request the funds be direct deposited into my account due to the mail is being forwarded. Please advise what account information is needed.
Thanks

Sent from my iPhone


On Dec 29, 2025, at 5:38 PM, Matthew Totten <mft@tottenfirm.com> wrote:


Mr. Parker –

See attached notice filed with the bankruptcy court, as filed.

Thanks

<image001.png>

**Matthew F. Totten**
*Managing Attorney*

**Phone** (404) 692-4342     **Email** mft@tottenfirm.com
**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338
**Web** http://www.tottenfirm.com

<image002.png>

**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

**From:** no-reply-notices@ganb.uscourts.gov <no-reply-notices@ganb.uscourts.gov>
**Sent:** Monday, December 29, 2025 5:36 PM
**To:** CourtMail@ganb.uscourts.gov
**Subject:** 25-61216-bem Notice (BK)

https://www.airbnb.com/rooms/13550778637010946119?location=Dacula%2C%20GA%203...

Parks - Houses for Rent in Dacula, Georgia, United States - Airbnb

12/22/2025, 10:38 PM

1 of 9









Show all photos

⬆ Share    ♡ Save

⊕    ≡

Anywhere    Any week    Add guests

🅰 Parks

https://www.airbnb.com/rooms/1355077863701094619?location=Dacula%2C%20GA%203...

# Entire home in Dacula, Georgia

6 guests · 3 bedrooms · 3 beds · 2 baths

Guest favorite

One of the most loved homes on Airbnb, according to guests

**4.88** ★★★★★

**41** Reviews

**Dzs**

Hosted by Curtis

9 months hosting

Self check-in

Check yourself in with the keypad.

Extra spacious

Guests love this home's spaciousness for a comfortable stay.

Peace and quiet

Guests say this home is in a quiet area.

Some info has been automatically translated. **Show original**

Relax with the whole family at this peaceful place to stay.

## Add dates for prices

| CHECK-IN | CHECKOUT |
|----------|----------|
| Add date | Add date |

| GUESTS |
|--------|
| 1 guest |

> 

Check availability

🚩 **Report this listing**

# Where you'll sleep

1 / 2



**Bedroom 1**
1 king bed



**Bedroom 2**
1 queen bed

## What this place offers

Kitchen

Wifi

Free parking on premises

Pets allowed

TV

Washer

Free dryer

Air conditioning

Indoor fireplace

Exterior security cameras on property

Show all 21 amenities

## Select check-in date

Add your travel dates for exact pricing

### December 2025

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 |   |   |   |

### January 2026 >

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

Parks - Houses for Rent in Dacula, Georgia, United States - Airbnb

https://www.airbnb.com/rooms/1355077863701094619?location=Dacula%2C%20GA%203...

12/22/2025, 10:38 PM

Clear dates



# 4.88

## Guest favorite

This home is a guest favorite based on ratings, reviews, and reliability

| Overall rating | Cleanliness | Accuracy | Check-in | Communication | Location | Value |
|---|---|---|---|---|---|---|
| 5 | 4.8 | 4.9 | 5.0 | 4.9 | 5.0 | 4.8 |
| 4 | | | | | | |
| 3 | | | | | | |
| 2 | | | | | | |
| 1 | | | | | | |

**Tram**
4 years on Airbnb

★★★★★ · 1 day ago · Group trip

Great stay! The place was very clean, comfortable, and

**Shaneika**
Grovetown, Georgia

★★★★★ · 2 weeks ago · Stayed one night

This home was a great fit for my close friends and I. It



5 of 9

was peaceful, pleasant, and beautiful. We felt safe and comfortable for our one night stay.

exactly as described. The host was friendly and responsive. Would definitely stay again.

**Sharon**
Taylors, South Carolina

★★★★★ · 1 week ago · Stayed one night

Great space for a girlfriend weekend getaway. Extremely clean and spacious. Highly recommend, we would stay there again.

**Jodie**
Hoschton, Georgia

★★★★★ · 4 weeks ago · Stayed a few nights

This home was perfect and Curtis was very responsive. It was near everything including shopping, I-85, Mall of Georgia, restaurants, etc. The house was spotless an...

Show more

**Kimberly**
Greenville, South Carolina

★★★★☆ · November 2025 · Stayed with a pet

Very spacious home in nice neighborhood. Great fenced yard for pets. It is listed as no essentials and that is the case. Also, no extra linens, pillows, blankets...

Show more

**Cortney**
Chapin, South Carolina

★★★★★ · 3 weeks ago · Group trip

Sweet house in a quiet established neighborhood. We appreciated that there were plenty of bathroom linens and hot water. The huge tv was a hit with our teens. A...

Show more

Show all 41 reviews    How reviews work

# Where you'll be



https://www.airbnb.com/rooms/1355077863701094619?location=Dacula%2C%20GA%203...

12/22/2025, 10:38 PM

Parks - Houses for Rent in Dacula, Georgia, United States - Airbnb

7 of 9

Dacula, Georgia, United States

## Meet your host



**C**

# Curtis
Host

**41**
Reviews

**4.88 ★**
Rating

**9**
Months hosting

## Host details

Response rate: 100%
Responds within an hour

**Message host**

 To help protect your payment, always use Airbnb to send money and communicate with hosts.

# Things to know

**Cancellation policy**
Add your trip dates to get the
cancellation details for this stay.
Add dates

**House rules**
Check-in after 3:00 PM
Checkout before 11:00 AM
6 guests maximum
Learn more

**Safety & property**
Exterior security cameras on property
Carbon monoxide alarm
Smoke alarm
Learn more

Airbnb  ›  United States  ›  Georgia  ›  Gwinnett County

https://www.airbnb.com/rooms/1355077863701094619?location=Dacula%2C%20GA%203...

## Support

Help Center

Get help with a safety issue

AirCover

Travel insurance

Anti-discrimination

Disability support

Cancellation options

Report neighborhood concern

## Hosting

Airbnb your home

Airbnb your experience

Airbnb your service

AirCover for Hosts

Hosting resources

Community forum

Hosting responsibly

Airbnb-friendly apartments

Join a free Hosting class

Find a co-host

Refer a host

## Airbnb

2025 Summer Release

Newsroom

Careers

Investors

Gift cards

Airbnb.org emergency stays

© 2025 Airbnb, Inc.  ·  Privacy  ·  Terms  ·  Your Privacy Choices

⊕ English (US)    $ USD

**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Friday, December 26, 2025 1:27 PM |
| **To:** | Matthew Totten |
| **Subject:** | Voice mail to Curtis Parker |

**External Sender** - From: (Curtis Parker                                              Learn More
<curtis.parker1776@gmail.com>)
This message came from outside your organization.

Mr. Totten,

I am in receipt of your voicemail regarding the above-referenced matter.

At this time, I prefer that all communications occur in writing. This ensures clarity and avoids any misunderstanding, particularly given that the conduct at issue involves violations of the automatic stay while I was under the protection of Chapter 7 bankruptcy.

As you are aware, direct contact with a debtor during the pendency of a bankruptcy case may constitute a violation of 11 U.S.C. § 362. In an effort to resolve this matter efficiently and without further litigation, I am willing to discuss settlement under the following terms:

**Settlement Options**

1. **Monetary Resolution**
   Invitation Homes may elect to resolve this matter through payment of statutory damages in the amount of **$1,000 per violation of the automatic stay**, along with the **return of my full security deposit**, after which the parties would negotiate an agreed move-out date.

**OR**

2. **Lease Term Resolution**
   Invitation Homes may agree to allow my household to **remain in the property through the end of the existing lease term (April 2026)** with no further interference. In exchange, I would withdraw all pending motions and pleadings related to the stay violations.

If Invitation Homes declines both options, I am prepared to continue litigating this matter and to present all available evidence in the appropriate forums, including evidence of repeated stay violations and any non-compliance with applicable federal agreements and consumer protection obligations.

This correspondence is made for settlement purposes only and is not a waiver of any rights, claims, or remedies available to me under bankruptcy law, federal law, or otherwise.

If your client wishes to discuss resolution, please respond in writing.

Regards,
Curtis Parker

**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Monday, December 29, 2025 12:26 PM |
| **To:** | Matthew Totten |
| **Subject:** | Re: Voice mail to Curtis Parker |
| **Attachments:** | Invitation Homes Violations Outline 12.29.25.pdf |

**External Sender** - From: (Curtis Parker
<curtis.parker1776@gmail.com>)
This message came from outside your organization.

Learn More

Mr. Totten,

As per our communication last week, please see the attached letter which outlines Invitation Homes Stay Violations.

Regards,

Curtis Parker

On Sat, Dec 27, 2025 at 2:15 PM Matthew Totten <mft@tottenfirm.com> wrote:

Mr. Parker –


Respectfully, there is no coercion or implied undertone, or any other sort of 'condition' expressed.


I requested you specify the asserted bankruptcy violations and their corresponding dates to frame your offer to my client as well as ensure the terms of your offer were clear.


I look forward to hearing back from you regarding the specific terms of your offer #1, as previously requested.


Sincerely,

**THE TOTTEN FIRM**
REAL ESTATE ATTORNEYS

**Matthew F. Totten**

*Managing Attorney*

**Phone** (404) 692-4342    **Email** mft@tottenfirm.com

**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338

**Web** http://www.tottenfirm.com



**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

---

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Friday, December 26, 2025 3:45 PM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Re: Voice mail to Curtis Parker

Mr. Totten,

I write in response to your email below.

First, with respect to your request that I immediately dismiss my pending motions with prejudice, that request is rejected. There is no legal or factual basis requiring dismissal of asserted automatic stay violations, particularly where those violations have already occurred and are supported by documentary evidence.

Second, your statement that your client "believes there may be a basis" to object to the entirety of my Chapter 7 discharge under 11 U.S.C. § 727 is concerning and is viewed as retaliatory. The factual circumstances you reference—specifically any alleged Airbnb-related use—have been known to your client for several months, including prior to and during the creditors' meeting. Despite that knowledge, your client took no action, raised no objection, and continued to accept rent payments without issue. The evidence will reflect that your client knowingly acquiesced in the status quo so long as rent was being paid.

Any attempt to now weaponize the impending objection deadline to force dismissal of valid stay-violation claims will be presented to the Court for what it is: an improper and coercive tactic. If your client intends to pursue an objection to discharge, it should be based on good-faith factual and legal grounds—not as leverage to extinguish pending claims arising from its own misconduct.

With respect to your request for specificity, the automatic stay violations consist of repeated post-petition contacts and enforcement actions undertaken after notice of the bankruptcy filing. These violations are documented and will be presented in detail in the appropriate forum. I am under no obligation to condition enforcement of federal bankruptcy protections on withdrawal of those claims with prejudice.

Please ensure that your client has fully disclosed to you all pertinent facts regarding its prior knowledge, its acceptance of rent, and its decision not to act until faced with accountability for stay violations. Should your client proceed with an objection to discharge under these circumstances, that conduct will be addressed accordingly.

This correspondence is written in furtherance of resolution and an equitable settlement of this matter. Please advise what your client proposes to resolve the issues and bring this matter to rest. We are aware of your client's recent settlement with the FTC concerning conduct consistent with that outlined in our motions, and we remain open to an equitable resolution.

Regards,

Curtis Parker


On Fri, Dec 26, 2025 at 1:39 PM Matthew Totten <mft@tottenfirm.com> wrote:

Mr. Parker -


Can you specify each asserted bankruptcy violations and their corresponding dates to frame your offer #1?


Also, please be advised my client believes there may be a basis for it to object to the entirety of your bankruptcy discharge under 11 USC 727.


Because of the timeline to object to the discharge is very short (12/30), my client believes your motions against my client need to be dismissed with prejudice immediately.


If you are able to dismiss with prejudice the asserted automatic stay violations today, the foregoing may all be mooted.


Thanks

Get Outlook for iOS

---

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Friday, December 26, 2025 1:27 PM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Voice mail to Curtis Parker

External Sender - From: (Curtis Parker <curtis.parker1776@gmail.com>)
This message came from outside your organization.

Learn More

Mr. Totten,

I am in receipt of your voicemail regarding the above-referenced matter.

At this time, I prefer that all communications occur in writing. This ensures clarity and avoids any misunderstanding, particularly given that the conduct at issue involves violations of the automatic stay while I was under the protection of Chapter 7 bankruptcy.

As you are aware, direct contact with a debtor during the pendency of a bankruptcy case may constitute a violation of 11 U.S.C. § 362. In an effort to resolve this matter efficiently and without further litigation, I am willing to discuss settlement under the following terms:

**Settlement Options**

1. **Monetary Resolution**
   Invitation Homes may elect to resolve this matter through payment of statutory damages in the amount of **$1,000 per violation of the automatic stay**, along with the **return of my full security deposit**, after which the parties would negotiate an agreed move-out date.

**OR**

2. **Lease Term Resolution**
   Invitation Homes may agree to allow my household to **remain in the property through the end of the existing lease term (April 2026)** with no further interference. In exchange, I would withdraw all pending motions and pleadings related to the stay violations.

If Invitation Homes declines both options, I am prepared to continue litigating this matter and to present all available evidence in the appropriate forums, including evidence of repeated stay violations and any non-compliance with applicable federal agreements and consumer protection obligations.

This correspondence is made for settlement purposes only and is not a waiver of any rights, claims, or remedies available to me under bankruptcy law, federal law, or otherwise.

If your client wishes to discuss resolution, please respond in writing.

Regards,
Curtis Parker

December 29, 2025

Matthew F. Totten, Esq.
The Totten Law Firm, LLC
5579 Chamblee-Dunwoody Road, Suite B-136
Atlanta, Georgia 30338

Counsel:

I write in response to your email requesting an outline of the dates on which Invitation Homes communicated with me after receiving notice of my bankruptcy filing. As you are aware, those communications constituted violations of the automatic stay, and I am seeking appropriate compensation and other relief arising from Invitation Homes' unlawful conduct.

This letter outlines the **specific violations, dates, individuals involved, and the statutory provisions breached**

---

### I. NOTICE OF BANKRUPTCY AND APPLICABILITY OF THE AUTOMATIC STAY

The Debtor filed a **Chapter 7 petition on September 29, 2025**, thereby triggering the automatic stay under **11 U.S.C. § 362(a)**. Invitation Homes had **actual notice** of the bankruptcy filing prior to each of the communications identified below.

Despite this knowledge, Invitation Homes **continued affirmative acts to enforce prepetition claims, coerce compliance, and threaten financial liability**, without seeking or obtaining relief from stay under § 362(d).

---

### II. SPECIFIC AUTOMATIC STAY VIOLATIONS

**Violation #1 — November 24, 2025**

**Actor:** Invitation Homes representative (Property Management / Customer Service)
**Medium:** Email communication

Invitation Homes contacted the Debtor demanding **"proof or evidence"** regarding an alleged HOA violation and requesting information regarding what would be required to **"cure"** the alleged violation.

**Violations:**

- § 362(a)(6): Act to collect or recover a prepetition claim

- § 362(a)(3): Act to exercise control over property of the estate

- § 362(a)(1): Continuation of a prepetition enforcement process

The alleged HOA violation **predates the bankruptcy filing (July 2025)** and therefore constitutes a **prepetition claim**. Demanding proof, participation, or remediation is prohibited enforcement activity.

---

### Violation #2 — November 25, 2025

**Actor:** Invitation Homes
**Medium:** Email escalation

Invitation Homes escalated the matter by stating the violation **"will be forwarded"** and directing the Debtor to engage with Invitation Homes' internal dispute system to contest or resolve the matter.

**Violations:**

- § 362(a)(1): Continuation of enforcement proceedings

- § 362(a)(3): Exercising control over estate property

- § 362(a)(6): Coercive attempt to compel compliance

Requiring the Debtor to navigate an internal compliance or enforcement system constitutes **continued collection and enforcement activity** barred by the automatic stay.

---

### Violation #3 — November 25, 2025 (Demand Email with Financial Threats)

**Actor:** Invitation Homes
**Medium:** Formal "Violation Notice" Email

Invitation Homes issued a demand notice stating, inter alia:

- "You are responsible for fines, fees, or the cost to resolve or cure this violation."

- "Per your lease agreement, you are responsible for any fines, fees, and chargebacks."

- A mandatory **"Respond Now"** directive requiring action.

**Violations:**

- § 362(a)(6): Direct attempt to collect a prepetition debt

- § 362(a)(3): Exercise of control over estate property

- § 362(a)(1): Enforcement of prepetition obligations

This communication constitutes an **explicit demand for payment**, accompanied by **financial threats**, and is the most egregious violation due to its coercive and intimidating nature.

---

### III. ADDITIONAL VIOLATIONS — DECEMBER 3, 2025, EMAIL COMMUNICATIONS

**Violation #4 — December 3, 2025**

**Actor:** Invitation Homes representatives
**Medium:** Direct communications with the Debtor

On December 3, 2025, Invitation Homes **continued direct communications with the Debtor** despite:

- Full knowledge of the active Chapter 7 case

- The pending dispute regarding prior stay violations

- The prohibition on further contact concerning prepetition matters

These communications were **not informational**, but were reasonably calculated to **pressure, intimidate, or influence the Debtor's occupancy and compliance**, and therefore constitute **continued willful violations of the automatic stay** under §§ 362(a)(3) and (a)(6).

Once a creditor is placed on notice of a potential stay violation, **continued contact aggravates liability and supports punitive damages**.

**Violation #5 – December 9, 2025**

- Email regarding Violation Details (subject line)

**Violation #6 – December 10, 2025**

- Official Breach of Lease Email

---

## IV. WILLFULNESS AND AGGRAVATION

Willfulness under § 362(k) requires only:

1. Knowledge of the bankruptcy, and

2. An intentional act that violates the stay.

Both elements are satisfied here. **Repeated violations**, escalating tone, financial threats, and post-motion communications demonstrate **reckless disregard for the Bankruptcy Code**.

Internal error, misunderstanding, or reliance on automated systems is **not a defense**.

---

**Violation #7 – December 26, 2025**

## VI. IMPROPER THREATENING AND INTIMIDATION REGARDING DISCHARGE

We understand that IH disagree with this assessment ,but we present it for the record and seek $2000.00 for this violation alone: Invitation Homes, **through its attorney**, further engaged in **blatant intimidation and coercion** by asserting that it would **object to the entirety of Mr. Parker's Chapter 7 discharge** unless he **immediately dismissed his Motion for Sanctions with prejudice**.

This threat was made **outside of any filed pleading**, without legal or factual basis, and for the **sole purpose of chilling the Debtor's exercise of his statutory rights** under the Bankruptcy Code.

Using the threat of a **global discharge objection** as leverage to force withdrawal of a sanctions motion constitutes:

- **Bad-faith litigation conduct**

- **Abuse of the bankruptcy process**

- **Improper coercion of a debtor protected by the automatic stay**

- **Retaliation for asserting rights under 11 U.S.C. § 362(k)**

Courts have consistently held that threatening adverse bankruptcy consequences to extract dismissal of a debtor's lawful motion is **sanctionable misconduct** and supports **punitive damages**.

This intimidation is **separate and independent** from the automatic stay violations outlined above and further demonstrates a **pattern of willful, coercive, and retaliatory conduct** by Invitation Homes and its counsel.

For this conduct as well, **Invitation Homes must be held accountable**.

Nothing in this letter constitutes a waiver of any rights, remedies, or claims, all of which are expressly reserved.

**All security deposits paid in connection with the property must be returned in full**.  Invitation Homes must **immediately cease and desist from communicating, reporting, or conveying any eviction status, eviction threat, or eviction-related information** regarding the property to any third party, including but not limited to credit reporting agencies, tenant screening services, internal databases, property management systems, or affiliated entities.

## Summary of Settlement Offer

- Violations #1–6: $1,000 each occurrence — $6,000 total
- Violation #7: $2,000
- Return of Deposit: $2,400

Subtotal: $6,000 (Violations #1–6) + $2,000 (Violation #7) = $8,000 (Violations)

Total Settlement Amount: $8,000 (Violations) + $2,400 (Deposit) = $10,400

Mr. Parker proposes a move-out date of January 30, 2026.

If you agree to these terms, please confirm in writing by January 5, 2026, so we may proceed with filing the Motion to Withdraw Stay Violations.

Sincerely,

Curtis Parker
Debtor, Pro Se

## Matthew Totten

| | |
|---|---|
| **From:** | Matthew Totten |
| **Sent:** | Monday, December 29, 2025 3:44 PM |
| **To:** | 'Curtis Parker' |
| **Subject:** | RE: Voice mail to Curtis Parker |
| **Attachments:** | (Proposed) Notice of Settlement.docx; (Proposed) Dismissal with prejudice.docx |

FOR PURPOSES OF SETTLEMENT AND COMPROMISE

Mr. Parker –

Thank you again for breaking out your assertions with particularity to clarify the ask on your settlement offer.

My client counteroffers your settlement terms as follows:

- The parties shall file a joint notice of dismissal upon an email accepting the instant terms with the bankruptcy court. *See attached to be filed upon acceptance via email, which will be filed by my office*.
- Within seven days of an email accepting the instant terms, Parker shall dismiss with prejudice the pending claims against 2017-1 IH Borrower LP as to any asserted violations of the bankruptcy automatic stay. *See attached, as drafted for your convenience*.
  - In entering this settlement, Parker expressly stipulates that this settlement encompasses all purported violations of the bankruptcy automatic stay by 2017-1 IH Borrower LP, its employees, and its agents
- 2017-1 IH Borrower LP shall account and remit $7,000.00 to Parker and provide evidence of the same to Parker within ten business days of acceptance.
- Parker expressly stipulates that he shall vacate the subject Premises (known as 1149 Autumn Glen Way, Dacula, GA 30019) on/before January 30, 2026, and that the Premises shall be abandoned as property of the bankruptcy estate upon discharge; this settlement agreement does not constitute a ratification or novation of the lease agreement for the subject Premises.
  - The security deposit for the subject Premises shall be treated in accordance with Georgia law subsequent to Parker vacating the Premises. See O.C.G.A. 44-7-30 – 44-7-37.
- Each party shall bear its own attorneys' fees in this action; to the extent any party may incur attorneys' fees in enforcing this settlement, the prevailing party is entitled to its costs and attorneys' fees in enforcing this settlement.

**<u>Time is of the essence in this settlement offer</u>** – should you fail to accept the foregoing terms via email by 12:00 p.m. EST on 12/30/2025, said offer shall automatically expire by its terms.

Thanks



**Matthew F. Totten**
*Managing Attorney*

**THE TOTTEN FIRM**
R E A L   E S T A T E   A T T O R N E Y S

**Phone** (404) 692-4342    **Email** mft@tottenfirm.com
**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338
**Web** http://www.tottenfirm.com



**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Monday, December 29, 2025 12:26 PM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Re: Voice mail to Curtis Parker

**External Sender** - From: (Curtis Parker <curtis.parker1776@gmail.com>)
This message came from outside your organization.

Learn More

Mr. Totten,

As per our communication last week, please see the attached letter which outlines Invitation Homes Stay Violations.

Regards,

Curtis Parker

On Sat, Dec 27, 2025 at 2:15 PM Matthew Totten <mft@tottenfirm.com> wrote:

Mr. Parker –

Respectfully, there is no coercion or implied undertone, or any other sort of 'condition' expressed.

I requested you specify the asserted bankruptcy violations and their corresponding dates to frame your offer to my client as well as ensure the terms of your offer were clear.

I look forward to hearing back from you regarding the specific terms of your offer #1, as previously requested.

Sincerely,



**Matthew F. Totten**

*Managing Attorney*

**Phone** (404) 692-4342     **Email** mft@tottenfirm.com

**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338

**Web** http://www.tottenfirm.com



**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Friday, December 26, 2025 3:45 PM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Re: Voice mail to Curtis Parker

Mr. Totten,

I write in response to your email below.

First, with respect to your request that I immediately dismiss my pending motions with prejudice, that request is rejected. There is no legal or factual basis requiring dismissal of asserted automatic stay violations, particularly where those violations have already occurred and are supported by documentary evidence.

Second, your statement that your client "believes there may be a basis" to object to the entirety of my Chapter 7 discharge under 11 U.S.C. § 727 is concerning and is viewed as retaliatory. The factual circumstances you reference—specifically any alleged Airbnb-related use—have been known to your client for several months, including prior to and during the creditors' meeting. Despite that knowledge, your client took no action, raised no objection, and continued to accept rent payments without issue. The evidence will reflect that your client knowingly acquiesced in the status quo so long as rent was being paid.

Any attempt to now weaponize the impending objection deadline to force dismissal of valid stay-violation claims will be presented to the Court for what it is: an improper and coercive tactic. If your client intends to pursue an objection to discharge, it should be based on good-faith factual and legal grounds—not as leverage to extinguish pending claims arising from its own misconduct.

With respect to your request for specificity, the automatic stay violations consist of repeated post-petition contacts and enforcement actions undertaken after notice of the bankruptcy filing. These violations are documented and will be presented in detail in the appropriate forum. I am under no obligation to condition enforcement of federal bankruptcy protections on withdrawal of those claims with prejudice.

Please ensure that your client has fully disclosed to you all pertinent facts regarding its prior knowledge, its acceptance of rent, and its decision not to act until faced with accountability for stay violations. Should your client proceed with an objection to discharge under these circumstances, that conduct will be addressed accordingly.

This correspondence is written in furtherance of resolution and an equitable settlement of this matter. Please advise what your client proposes to resolve the issues and bring this matter to rest. We are aware of your client's recent settlement with the FTC concerning conduct consistent with that outlined in our motions, and we remain open to an equitable resolution.

Regards,

Curtis Parker

On Fri, Dec 26, 2025 at 1:39 PM Matthew Totten <mft@tottenfirm.com> wrote:

Mr. Parker -

Can you specify each asserted bankruptcy violations and their corresponding dates to frame your offer #1?

Also, please be advised my client believes there may be a basis for it to object to the entirety of your bankruptcy discharge under 11 USC 727.

Because of the timeline to object to the discharge is very short (12/30), my client believes your motions against my client need to be dismissed with prejudice immediately.

If you are able to dismiss with prejudice the asserted automatic stay violations today, the foregoing may all be mooted.


Thanks


Get Outlook for iOS

---

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Friday, December 26, 2025 1:27 PM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Voice mail to Curtis Parker


External Sender - From: (Curtis Parker                         Learn More
<curtis.parker1776@gmail.com>)
This message came from outside your organization.


Mr. Totten,

I am in receipt of your voicemail regarding the above-referenced matter.

At this time, I prefer that all communications occur in writing. This ensures clarity and avoids any misunderstanding, particularly given that the conduct at issue involves violations of the automatic stay while I was under the protection of Chapter 7 bankruptcy.

As you are aware, direct contact with a debtor during the pendency of a bankruptcy case may constitute a violation of 11 U.S.C. § 362. In an effort to resolve this matter efficiently and without further litigation, I am willing to discuss settlement under the following terms:

**Settlement Options**

1. **Monetary Resolution**
   Invitation Homes may elect to resolve this matter through payment of statutory damages in the amount of **$1,000 per violation of the automatic stay**, along with the **return of my full security deposit**, after which the parties would negotiate an agreed move-out date.

**OR**

2. **Lease Term Resolution**
   Invitation Homes may agree to allow my household to **remain in the property through the end of the existing lease term (April 2026)** with no further interference. In exchange, I would withdraw all pending motions and pleadings related to the stay violations.

If Invitation Homes declines both options, I am prepared to continue litigating this matter and to present all available evidence in the appropriate forums, including evidence of repeated stay violations and any non-compliance with applicable federal agreements and consumer protection obligations.

This correspondence is made for settlement purposes only and is not a waiver of any rights, claims, or remedies available to me under bankruptcy law, federal law, or otherwise.

If your client wishes to discuss resolution, please respond in writing.

Regards,
Curtis Parker

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:

CURTIS PARKER,

Debtor.

CURTIS PARKER,

Movant,

v.

2017-1 IH Borrower, LP

Respondent.

CIVIL ACTION FILE NO.
25-61216-BEM

Chapter 7

Contested Matter

**NOTICE OF SETTLEMENT, DEBTOR'S MOTIONS AGAINST RESPONDENT**

NOTICE IS HEREBY GIVEN that the parties to the instant action have entered into a settlement resolving all claims pending against Respondent in this matter. See Doc. No. 21, 22, 23. Plaintiff hereby respectfully requests that this Court administratively close the foregoing referenced motions pending the parties filing the necessary documentation, pursuant to the terms of the settlement, to finally dispose of the foregoing motions.

This _____ day of _____, 2025.


THE TOTTEN FIRM, LLC                    _____
5579 Chamblee-Dunwoody Rd               Matthew F. Totten
Ste B-136                               Georgia Bar No. 798589
Atlanta, GA 30338                       Attorney for Plaintiff
(404) 692-4342 (Telephone)
mft@tottenfirm.com (E-mail)


1149 Autumn Glen Way
Dacula, GA 30019                        _____
curtis.parker1776@gmail.com (E-mail)    Curtis Parker, *pro se*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this _____, served the within and foregoing

**NOTICE OF SETTLEMENT, DEBTOR'S MOTIONS AGAINST RESPONDENT** by

statutory electronic service and/or placing a true and correct copy of same in the United States

Mail, with prepaid first-class postage affixed thereto, properly addressed as follows:


Curtis Parker, *PRO SE*
1149 Autumn Glen Way
Dacula, GA 30019
curtis.parker1776@gmail.com (E-mail)


Respectfully submitted,


THE TOTTEN FIRM, LLC                    _____
5579 Chamblee-Dunwoody Rd               Matthew F. Totten
Ste B-136                               Georgia Bar No. 798589
Atlanta, GA 30338                       Attorney for Plaintiff
(404) 692-4342 (Telephone)
mft@tottenfirm.com (E-mail)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

IN RE:

CURTIS PARKER,

Debtor.

CURTIS PARKER,

Movant,

v.

2017-1 IH Borrower, LP

Respondent.

CIVIL ACTION FILE NO.
25-61216-BEM

Chapter 7

Contested Matter

## DISMISSAL WITH PREJUDICE, DEBTOR'S MOTIONS AGAINST RESPONDENT

COMES NOW Curtis Parker, pro se, and herein dismisses with prejudice all pending

claims asserted against Respondent as to purported violations of the bankruptcy automatic stay.

See Doc. No. 21, 22, 23.

This _____ day of _____, 202__.

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd
Ste B-136
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com (E-mail)

_____
Matthew F. Totten
Georgia Bar No. 798589
Attorney for Plaintiff

1149 Autumn Glen Way
Dacula, GA 30019
curtis.parker1776@gmail.com (E-mail)

_____
Curtis Parker, *pro se*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this _____, served the within and foregoing

**NOTICE OF SETTLEMENT, DEBTOR'S MOTIONS AGAINST RESPONDENT** by

statutory electronic service and/or placing a true and correct copy of same in the United States

Mail, with prepaid first-class postage affixed thereto, properly addressed as follows:

> Matthew F. Totten
> THE TOTTEN FIRM, LLC
> 5579 Chamblee-Dunwoody Rd
> Ste B-136
> Atlanta, GA 30338
> mft@tottenfirm.com (E-mail)
>
> Respectfully submitted,

1149 Autumn Glen Way
Dacula, GA 30019
curtis.parker1776@gmail.com (E-mail)      _____
                                          Curtis Parker, *pro se*

**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Monday, December 29, 2025 5:09 PM |
| **To:** | Matthew Totten |
| **Subject:** | Re: Voice mail to Curtis Parker |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

**External Sender** - From: (Curtis Parker
<curtis.parker1776@gmail.com>)
This message came from outside your organization.

Learn More

Good evening Mr. Totten,

After careful review, I accept the counter offer from
your client, Invitation Homes. I have also reviewed the attached document to be filed with the court and
am approving.

Thank you for your prompt attention to this matter.

Regards,

Curtis Parker.

On Monday, December 29, 2025, Matthew Totten <mft@tottenfirm.com> wrote:

FOR PURPOSES OF SETTLEMENT AND COMPROMISE

Mr. Parker –

Thank you again for breaking out your assertions with particularity to clarify the ask on your settlement
offer.

My client counteroffers your settlement terms as follows:

- The parties shall file a joint notice of dismissal upon an email accepting the instant terms with the bankruptcy court. *See attached to be filed upon acceptance via email, which will be filed by my office*.
- Within seven days of an email accepting the instant terms, Parker shall dismiss with prejudice the pending claims against 2017-1 IH Borrower LP as to any asserted violations of the bankruptcy automatic stay. *See attached, as drafted for your convenience*.
    - In entering this settlement, Parker expressly stipulates that this settlement encompasses all purported violations of the bankruptcy automatic stay by 2017-1 IH Borrower LP, its employees, and its agents
- 2017-1 IH Borrower LP shall account and remit $7,000.00 to Parker and provide evidence of the same to Parker within ten business days of acceptance.
- Parker expressly stipulates that he shall vacate the subject Premises (known as 1149 Autumn Glen Way, Dacula, GA 30019)  on/before January 30, 2026, and that the Premises shall be abandoned as property of the bankruptcy estate upon discharge; this settlement agreement does not constitute a ratification or novation of the lease agreement for the subject Premises.
    - The security deposit for the subject Premises shall be treated in accordance with Georgia law subsequent to Parker vacating the Premises. See O.C.G.A. 44-7-30 – 44-7-37.
- Each party shall bear its own attorneys' fees in this action; to the extent any party may incur attorneys' fees in enforcing this settlement, the prevailing party is entitled to its costs and attorneys' fees in enforcing this settlement.


**<u>Time is of the essence in this settlement offer</u>** – should you fail to accept the foregoing terms via email by 12:00 p.m. EST on 12/30/2025, said offer shall automatically expire by its terms.


Thanks




**Matthew F. Totten**

***Managing Attorney***

**Phone** (404) 692-4342     **Email** mft@tottenfirm.com

**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338

**Web** http://www.tottenfirm.com



**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution,

copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Monday, December 29, 2025 12:26 PM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Re: Voice mail to Curtis Parker

Mr. Totten,

As per our communication last week, please see the attached letter which outlines Invitation Homes Stay Violations.

Regards,

Curtis Parker

On Sat, Dec 27, 2025 at 2:15 PM Matthew Totten <mft@tottenfirm.com> wrote:

Mr. Parker –

Respectfully, there is no coercion or implied undertone, or any other sort of 'condition' expressed.

I requested you specify the asserted bankruptcy violations and their corresponding dates to frame your offer to my client as well as ensure the terms of your offer were clear.

I look forward to hearing back from you regarding the specific terms of your offer #1, as previously requested.

Sincerely,



**Matthew F. Totten**

*Managing Attorney*

**Phone** (404) 692-4342     **Email** mft@tottenfirm.com

**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338

**Web** http://www.tottenfirm.com



**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Friday, December 26, 2025 3:45 PM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Re: Voice mail to Curtis Parker

Mr. Totten,

I write in response to your email below.

First, with respect to your request that I immediately dismiss my pending motions with prejudice, that request is rejected. There is no legal or factual basis requiring dismissal of asserted automatic stay violations, particularly where those violations have already occurred and are supported by documentary evidence.

Second, your statement that your client "believes there may be a basis" to object to the entirety of my Chapter 7 discharge under 11 U.S.C. § 727 is concerning and is viewed as retaliatory. The factual circumstances you reference—specifically any alleged Airbnb-related use—have been known to your client for several months, including prior to and during the creditors' meeting. Despite that knowledge, your client took no action, raised no objection, and continued to accept rent payments without issue. The evidence will reflect that your client knowingly acquiesced in the status quo so long as rent was being paid.

Any attempt to now weaponize the impending objection deadline to force dismissal of valid stay-violation claims will be presented to the Court for what it is: an improper and coercive tactic. If your client intends to pursue an objection to discharge, it should be based on good-faith factual and legal grounds—not as leverage to extinguish pending claims arising from its own misconduct.

With respect to your request for specificity, the automatic stay violations consist of repeated post-petition contacts and enforcement actions undertaken after notice of the bankruptcy filing. These violations are documented and will be presented in detail in the appropriate forum. I am under no obligation to condition enforcement of federal bankruptcy protections on withdrawal of those claims with prejudice.

Please ensure that your client has fully disclosed to you all pertinent facts regarding its prior knowledge, its acceptance of rent, and its decision not to act until faced with accountability for stay violations. Should your client proceed with an objection to discharge under these circumstances, that conduct will be addressed accordingly.

This correspondence is written in furtherance of resolution and an equitable settlement of this matter. Please advise what your client proposes to resolve the issues and bring this matter to rest. We are aware of your client's recent settlement with the FTC concerning conduct consistent with that outlined in our motions, and we remain open to an equitable resolution.

Regards,

Curtis Parker


On Fri, Dec 26, 2025 at 1:39 PM Matthew Totten <mft@tottenfirm.com> wrote:

Mr. Parker -


Can you specify each asserted bankruptcy violations and their corresponding dates to frame your offer #1?


Also, please be advised my client believes there may be a basis for it to object to the entirety of your bankruptcy discharge under 11 USC 727.


Because of the timeline to object to the discharge is very short (12/30), my client believes your motions against my client need to be dismissed with prejudice immediately.

If you are able to dismiss with prejudice the asserted automatic stay violations today, the foregoing may all be mooted.


Thanks


Get Outlook for iOS

---

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Friday, December 26, 2025 1:27 PM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Voice mail to Curtis Parker


| External Sender - From: (Curtis Parker <curtis.parker1776@gmail.com>) | Learn More |
| --- | --- |
| This message came from outside your organization. | |



Mr. Totten,

I am in receipt of your voicemail regarding the above-referenced matter.

At this time, I prefer that all communications occur in writing. This ensures clarity and avoids any misunderstanding, particularly given that the conduct at issue involves violations of the automatic stay while I was under the protection of Chapter 7 bankruptcy.

As you are aware, direct contact with a debtor during the pendency of a bankruptcy case may constitute a violation of 11 U.S.C. § 362. In an effort to resolve this matter efficiently and without further litigation, I am willing to discuss settlement under the following terms:

**Settlement Options**

1. **Monetary Resolution**
   Invitation Homes may elect to resolve this matter through payment of statutory damages in the amount of **$1,000 per violation of the automatic stay**, along with the **return of my full security deposit**, after which the parties would negotiate an agreed move-out date.

**OR**

2. **Lease Term Resolution**
Invitation Homes may agree to allow my household to **remain in the property through the end of the existing lease term (April 2026)** with no further interference. In exchange, I would withdraw all pending motions and pleadings related to the stay violations.

If Invitation Homes declines both options, I am prepared to continue litigating this matter and to present all available evidence in the appropriate forums, including evidence of repeated stay violations and any non-compliance with applicable federal agreements and consumer protection obligations.

This correspondence is made for settlement purposes only and is not a waiver of any rights, claims, or remedies available to me under bankruptcy law, federal law, or otherwise.

If your client wishes to discuss resolution, please respond in writing.

Regards,
Curtis Parker

# **T** THE TOTTEN FIRM

R E A L   E S T A T E   A T T O R N E Y S

2090 Dunwoody Club Dr, Ste 106-33, Atlanta, GA 30350

Matthew F.Totten, Esq.
Direct Dial: (404) 692-4342
Email: mft@tottenfirm.com

December 29, 2025

**VIA UPS (#1ZK056E90234680591) AND POSTING**

Curtis Parker, all others
1149 Autumn Glen Way
Dacula, GA 30019

RE:  Termination of Lease and Demand for Possession of 1149 Autumn Glen Way, hereinafter, the
"Premises"

Dear Occupants:

Please be advised that this firm has been retained to represent **2017-1 IH Borrower LP** ("Landlord")
regarding the Premises.

As you are aware, under the terms of the Lease for the Premises, your Lease specifically limits who may
occupy the Premises as a tenant. See Lease, Sec. 2, 2.1. Only those persons identified within the Lease are
authorized to reside at the Premises, and any person not specifically identified in the Lease who desire to
reside therein must apply and notify Landlord. Id. Subletting or assignment of the Premises for others to
reside therein is expressly barred under the Lease and serves as additional basis for default and termination
of the Lease. Lease, Sec. 8. Notably, the prohibition against subletting the Premises is inclusive of any
short-term rental of the Premises.

Any breach of the foregoing provisions authorizes Landlord to default and terminate you under the terms
of the Lease for the Premises. See e.g. Lease, Sec. 12, 18.

As you know, you impermissibly – and without authorization – sublet and/or used the Premises as a short-
term rental, as evidenced by your public history on a prominent short-term rental platform, AirBnB. See
attachments included hereto.

Based on the foregoing, you are in default of the lease for the Premises. In light of the foregoing default,
the Landlord herein elects to terminate your lease for the Premises. The Landlord resultingly demands
immediate possession of the Property.

Please contact your Landlord to return your keys and schedule a move-out inspection. Should you fail to
vacate the Premises, the Landlord will pursue all rights and remedies it may have under Georgia law,

including filing for an eviction against you as a tenant at sufferance.

The foregoing is not intended to be an exhaustive recitation of the entirety of your breaches of the Lease for the Premises, but instead is merely illustrative of one express basis to terminate the Lease for the Premises. Nothing in this letter shall be deemed a waiver of any of Landlord's rights or remedies under the Lease or Georgia law.


Sincerely,

THE TOTTEN FIRM, LLC

Matthew F. Totten, Esq.



https://www.airbnb.com/rooms/1355077863701094619?location=Dacula%2C%20GA%203...

Parks - Houses for Rent in Dacula, Georgia, United States - Airbnb

12/22/2025, 10:38 PM

1 of 9



# Parks

Anywhere     Any week     Add guests

⊕   ≡

↥ **Share**     ♡ **Save**






Show all photos



# Entire home in Dacula, Georgia

6 guests · 3 bedrooms · 3 beds · 2 baths

Guest favorite

One of the most loved homes on Airbnb, according to guests

**4.88**
★★★★★

**41**
Reviews

**Hosted by Curtis**
9 months hosting

Self check-in
Check yourself in with the keypad.

Extra spacious
Guests love this home's spaciousness for a comfortable stay.

Peace and quiet
Guests say this home is in a quiet area.

Some info has been automatically translated. **Show original**

Relax with the whole family at this peaceful place to stay.

## Add dates for prices

| CHECK-IN | CHECKOUT |
|----------|----------|
| Add date | Add date |

GUESTS
1 guest

>

Check availability

⚑ Report this listing

https://www.airbnb.com/rooms/1355077863701094619?location=Dacula%2C%20GA%203...

Parks - Houses for Rent in Dacula, Georgia, United States - Airbnb

12/22/2025, 10:38 PM

3 of 9

## Where you'll sleep



1 / 2





**Bedroom 1**
1 king bed

**Bedroom 2**
1 queen bed

## What this place offers

⊟ Kitchen

((( Wifi

🚪 Free parking on premises

🐾 Pets allowed

📺 TV

Parks - Houses for Rent in Dacula, Georgia, United States - Airbnb

https://www.airbnb.com/rooms/1355077863701094619?location=Dacula%2C%20GA%203...

12/22/2025, 10:38 PM

Washer

Free dryer

Air conditioning

Indoor fireplace

Exterior security cameras on property

**Show all 21 amenities**

## Select check-in date

Add your travel dates for exact pricing

### December 2025

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 |   |   |   |

### January 2026

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

https://www.airbnb.com/rooms/1355077863701094619?location=Dacula%2C%20GA%203...

Parks - Houses for Rent in Dacula, Georgia, United States - Airbnb

12/22/2025, 10:38 PM

Clear dates

# 4.88

## Guest favorite

This home is a guest favorite based on
ratings, reviews, and reliability

| Overall rating | Cleanliness | Accuracy | Check-in | Communication | Location | Value |
|---|---|---|---|---|---|---|
| 5 | 4.8 | 4.9 | 5.0 | 4.9 | 5.0 | 4.8 |
| 4 | | | | | | |
| 3 | | | | | | |
| 2 | | | | | | |
| 1 | | | | | | |

**Tram**
4 years on Airbnb

★★★★★ · 1 day ago · Group trip

Great stay! The place was very clean, comfortable, and



**Shaneika**
Grovetown, Georgia

★★★★★ · 2 weeks ago · Stayed one night

This home was a great fit for my close friends and I. It

was peaceful, pleasant, and beautiful. We felt safe and comfortable for our one night stay.



**Jodie**
Hoschton, Georgia

★★★★★ · 4 weeks ago · Stayed a few nights

This home was perfect and Curtis was very responsive. It was near everything including shopping, I-85, Mall of Georgia, restaurants, etc. The house was spotless an...

Show more

**Cortney**
Chapin, South Carolina

★★★★★ · 3 weeks ago · Group trip

Sweet house in a quiet established neighborhood. We appreciated that there were plenty of bathroom linens and hot water. The huge tv was a hit with our teens. A...

Show more

Show all 41 reviews    How reviews work

**Sharon**
Taylors, South Carolina

★★★★★ · 1 week ago · Stayed one night

Great space for a girlfriend weekend getaway. Extremely clean and spacious. Highly recommend, we would stay there again.



**Kimberly**
Greenville, South Carolina

★★★★☆ · November 2025 · Stayed with a pet

Very spacious home in nice neighborhood. Great fenced yard for pets. It is listed as no essentials and that is the case. Also, no extra linens, pillows, blankets...

Show more

# Where you'll be

Dacula, Georgia, United States

## Meet your host

**41**

Reviews

**4.88★**

Rating

**9**

Months hosting

**C**

**Curtis**

Host

## Host details

Response rate: 100%

Responds within an hour

**Message host**

 To help protect your payment, always use Airbnb to send money and communicate with hosts.

## Things to know

**Cancellation policy**

Add your trip dates to get the cancellation details for this stay.

Add dates

**House rules**

Check-in after 3:00 PM

Checkout before 11:00 AM

6 guests maximum

Learn more

**Safety & property**

Exterior security cameras on property

Carbon monoxide alarm

Smoke alarm

Learn more

Airbnb ›  United States  ›  Georgia  ›  Gwinnett County

## Support

Help Center

Get help with a safety issue

AirCover

Travel insurance

Anti-discrimination

Disability support

Cancellation options

Report neighborhood concern

## Hosting

Airbnb your home

Airbnb your experience

Airbnb your service

AirCover for Hosts

Hosting resources

Community forum

Hosting responsibly

Airbnb-friendly apartments

Join a free Hosting class

Find a co-host

Refer a host

## Airbnb

2025 Summer Release

Newsroom

Careers

Investors

Gift cards

Airbnb.org emergency stays

© 2025 Airbnb, Inc.  ·  Privacy  ·  Terms  ·  Your Privacy Choices

⊕ English (US)    $ USD

**Matthew Totten**

| | |
|---|---|
| **From:** | Matthew Totten |
| **Sent:** | Friday, January 9, 2026 9:36 PM |
| **To:** | Curtis Parker |
| **Subject:** | RE: Voice mail to Curtis Parker |
| **Attachments:** | t0317101_ResLedger.PDF |

Mr. Parker –

Thank you for the email – it was a very hectic day today so only am able to circle back now.

Pursuant to the settlement, please see the attached accounting reflecting the application of a $7,000.00 credit to your account. As you can also see within the attached ledger, based on your filing of bankruptcy on 9/29/25, the credit addresses a substantial portion of your post-petition rental obligations which would not otherwise be discharged in the course of bankruptcy. Prior to the credit, the ledger reflects an amount of $13,884.27, of which $2,787.38 being pre-petition and $11,096.89 being post-petition.

Thanks,



**Matthew F. Totten**
*Managing Attorney*

**Phone** (404) 692-4342      **Email** mft@tottenfirm.com
**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338
**Web** http://www.tottenfirm.com



**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Friday, January 9, 2026 7:46 AM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Re: Voice mail to Curtis Parker

**External Sender** - From: (Curtis Parker <curtis.parker1776@gmail.com>)
This message came from outside your organization.                                    Learn More

Good morning Mr.Totten,
I was wanting to confirm that I should expect funds/ check to be delivered today?  I believe per the settlement agreement today would be the 10th day.
Thanks
Sent from my iPhone

On Jan 6, 2026, at 11:16 AM, Curtis Parker <curtis.parker1776@gmail.com> wrote:

Thank you,
I will file by 3:00 pm today
Sent from my iPhone

> On Jan 6, 2026, at 11:14 AM, Matthew Totten <mft@tottenfirm.com> wrote:
>
> Yes, you will need to file the dismissal - the court's electronic system will not let me file the dismissal for you
>
> Thanks
>
> Get Outlook for iOS
>
> ---
>
> **From:** Curtis Parker <curtis.parker1776@gmail.com>
> **Sent:** Tuesday, January 6, 2026 11:12:31 AM
> **To:** Matthew Totten <mft@tottenfirm.com>
> **Subject:** Re: Voice mail to Curtis Parker
>
> Hello Mr. Totten,
> I was under the impression your last filing reflected that, I can go to court house today and file the required documents. Please advise..
>
> Thanks
> Sent from my iPhone
>
>> On Jan 6, 2026, at 10:31 AM, Matthew Totten <mft@tottenfirm.com> wrote:
>>
>> Mr. Parker –
>>
>> Good morning; I wanted to follow up with you regarding the status of your filing the document previously drafted/circulated within the accepted settlement / bullet point #2.
>>
>> Thanks in advance,
>>
>> <image001.png>
>>
>> **Matthew F. Totten**
>> *Managing Attorney*
>>
>> **Phone** (404) 692-4342     **Email** mft@tottenfirm.com
>> **Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338
>> **Web** http://www.tottenfirm.com
>> <image002.png>
>>
>> **Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the

reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Monday, December 29, 2025 5:09 PM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Re: Voice mail to Curtis Parker

Good evening Mr. Totten,

After careful review, I accept the counter offer from your client, Invitation Homes. I have also reviewed the attached document to be filed with the court and am approving.

Thank you for your prompt attention to this matter.

Regards,

Curtis Parker.

On Monday, December 29, 2025, Matthew Totten <mft@tottenfirm.com> wrote:

FOR PURPOSES OF SETTLEMENT AND COMPROMISE

Mr. Parker –

Thank you again for breaking out your assertions with particularity to clarify the ask on your settlement offer.

My client counteroffers your settlement terms as follows:

- The parties shall file a joint notice of dismissal upon an email accepting the instant terms with the bankruptcy court. *See attached to be filed upon acceptance via email, which will be filed by my office*.
- Within seven days of an email accepting the instant terms, Parker shall dismiss with prejudice the pending claims against 2017-1 IH Borrower LP as to any asserted violations of the bankruptcy automatic stay. *See attached, as drafted for your convenience*.
  - In entering this settlement, Parker expressly stipulates that this settlement encompasses all purported violations of the bankruptcy

automatic stay by 2017-1 IH Borrower LP, its employees, and its agents

- 2017-1 IH Borrower LP shall account and remit $7,000.00 to Parker and provide evidence of the same to Parker within ten business days of acceptance.
- Parker expressly stipulates that he shall vacate the subject Premises (known as 1149 Autumn Glen Way, Dacula, GA 30019) on/before January 30, 2026, and that the Premises shall be abandoned as property of the bankruptcy estate upon discharge; this settlement agreement does not constitute a ratification or novation of the lease agreement for the subject Premises.
  - The security deposit for the subject Premises shall be treated in accordance with Georgia law subsequent to Parker vacating the Premises. See O.C.G.A. 44-7-30 – 44-7-37.
- Each party shall bear its own attorneys' fees in this action; to the extent any party may incur attorneys' fees in enforcing this settlement, the prevailing party is entitled to its costs and attorneys' fees in enforcing this settlement.

**Time is of the essence in this settlement offer** – should you fail to accept the foregoing terms via email by 12:00 p.m. EST on 12/30/2025, said offer shall automatically expire by its terms.

Thanks

<image001.png>

**Matthew F. Totten**
*Managing Attorney*

**Phone** (404) 692-4342     **Email** mft@tottenfirm.com
**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338
**Web** http://www.tottenfirm.com
<image002.png>

**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Monday, December 29, 2025 12:26 PM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Re: Voice mail to Curtis Parker

Mr. Totten,

As per our communication last week, please see the attached letter which outlines Invitation Homes Stay Violations.

Regards,

Curtis Parker

On Sat, Dec 27, 2025 at 2:15 PM Matthew Totten <mft@tottenfirm.com> wrote:

Mr. Parker –

Respectfully, there is no coercion or implied undertone, or any other sort of 'condition' expressed.

I requested you specify the asserted bankruptcy violations and their corresponding dates to frame your offer to my client as well as ensure the terms of your offer were clear.

I look forward to hearing back from you regarding the specific terms of your offer #1, as previously requested.

Sincerely,

<image001.png>

**Matthew F. Totten**
*Managing Attorney*

**Phone** (404) 692-4342     **Email** mft@tottenfirm.com
**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338
**Web** http://www.tottenfirm.com

<image002.png>

**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Friday, December 26, 2025 3:45 PM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Re: Voice mail to Curtis Parker

Mr. Totten,

I write in response to your email below.

First, with respect to your request that I immediately dismiss my pending motions with prejudice, that request is rejected. There is no legal or factual basis requiring dismissal of asserted automatic stay violations, particularly where those violations have already occurred and are supported by documentary evidence.

Second, your statement that your client "believes there may be a basis" to object to the entirety of my Chapter 7 discharge under 11 U.S.C. § 727 is concerning and is viewed as retaliatory. The factual circumstances you reference—specifically any alleged Airbnb-related use—have been known to your client for several months, including prior to and during the creditors' meeting. Despite that knowledge, your client took no action, raised no objection, and continued to accept rent payments without issue. The evidence will reflect that your client knowingly acquiesced in the status quo so long as rent was being paid.

Any attempt to now weaponize the impending objection deadline to force dismissal of valid stay-violation claims will be presented to the Court for what it is: an improper and coercive tactic. If your client intends to pursue an objection to discharge, it should be based on good-faith factual and legal grounds—not as leverage to extinguish pending claims arising from its own misconduct.

With respect to your request for specificity, the automatic stay violations consist of repeated post-petition contacts and enforcement actions undertaken after notice of the bankruptcy filing. These violations are documented and will be presented in detail in the appropriate forum. I am under no obligation to condition enforcement of federal bankruptcy protections on withdrawal of those claims with prejudice.

Please ensure that your client has fully disclosed to you all pertinent facts regarding its prior knowledge, its acceptance of rent, and its decision not to act until faced with accountability for stay violations. Should your client proceed with an objection to discharge under these circumstances, that conduct will be addressed accordingly.

 This correspondence is written in furtherance of resolution and an equitable settlement of this matter. Please advise what your client proposes to resolve the issues and bring this matter to rest. We are aware of your client's recent settlement with the FTC concerning conduct consistent with

that outlined in our motions, and we remain open to an equitable resolution.

Regards,

Curtis Parker


On Fri, Dec 26, 2025 at 1:39 PM Matthew Totten <mft@tottenfirm.com> wrote:

> Mr. Parker -
>
> Can you specify each asserted bankruptcy violations and their corresponding dates to frame your offer #1?
>
> Also, please be advised my client believes there may be a basis for it to object to the entirety of your bankruptcy discharge under 11 USC 727.
>
> Because of the timeline to object to the discharge is very short (12/30), my client believes your motions against my client need to be dismissed with prejudice immediately.
>
> If you are able to dismiss with prejudice the asserted automatic stay violations today, the foregoing may all be mooted.
>
> Thanks
>
> Get Outlook for iOS
>
> ---
>
> **From:** Curtis Parker <curtis.parker1776@gmail.com>
> **Sent:** Friday, December 26, 2025 1:27 PM
> **To:** Matthew Totten <mft@tottenfirm.com>
> **Subject:** Voice mail to Curtis Parker
>
> External Sender - From: (Curtis Parker <curtis.parker1776@gmail.com>)
> This message came from outside your organization.
>
>
> Mr. Totten,
>
> I am in receipt of your voicemail regarding the above-referenced matter.

At this time, I prefer that all communications occur in writing. This ensures clarity and avoids any misunderstanding, particularly given that the conduct at issue involves violations of the automatic stay while I was under the protection of Chapter 7 bankruptcy.

As you are aware, direct contact with a debtor during the pendency of a bankruptcy case may constitute a violation of 11 U.S.C. § 362. In an effort to resolve this matter efficiently and without further litigation, I am willing to discuss settlement under the following terms:

**Settlement Options**

1. **Monetary Resolution**
   Invitation Homes may elect to resolve this matter through payment of statutory damages in the amount of **$1,000 per violation of the automatic stay**, along with the **return of my full security deposit**, after which the parties would negotiate an agreed move-out date.

**OR**

2. **Lease Term Resolution**
   Invitation Homes may agree to allow my household to **remain in the property through the end of the existing lease term (April 2026)** with no further interference. In exchange, I would withdraw all pending motions and pleadings related to the stay violations.

If Invitation Homes declines both options, I am prepared to continue litigating this matter and to present all available evidence in the appropriate forums, including evidence of repeated stay violations and any non-compliance with applicable federal agreements and consumer protection obligations.

This correspondence is made for settlement purposes only and is not a waiver of any rights, claims, or remedies available to me under bankruptcy law, federal law, or otherwise.

If your client wishes to discuss resolution, please respond in writing.

Regards,
Curtis Parker

 **invitation homes**™

Date: 01/09/2026

| Code | t0317101 | Property | 10105318 | Lease From | 04/13/2025 |
|------|----------|----------|----------|------------|------------|
| Name | Curtis Parker | Unit | 10105318 | Lease To | 04/12/2026 |
| Address | 1149 Autumn Glen Way | Status | Eviction | Move In | 04/13/2023 |
| | | Rent | 2408.00 | Move Out | 01/30/2026 |
| City | Dacula, GA 30019 | Phone (H) | (770) 369-6521 | Phone (W) | |

| Date | Chg Code | Description | Charge | Payment | Balance | Chg/Rec |
|------|----------|-------------|--------|---------|---------|---------|
| 03/04/2023 | appfee | Application Charges (Curtis Parker) | 50.00 | | 50.00 | 29756637 |
| 03/04/2023 | | chk# 176933067 Credit Card On-Line Payment ; Web - Online Leasing | | 50.00 | 0.00 | 9554025 |
| 03/05/2023 | holdfee | Pre-Lease Hold Fee | 500.00 | | 500.00 | 29765229 |
| 03/07/2023 | | chk# 177388992 Debit Card On-Line Payment ; Web - Online Leasing | | 500.00 | 0.00 | 9566017 |
| 04/12/2023 | deposit | Security Deposit | 2,241.00 | | 2,241.00 | 30643816 |
| 04/12/2023 | movein | Move in Funds | 924.57 | | 3,165.57 | 30644148 |
| 04/12/2023 | | chk# 182075391 Debit Card On-Line Payment ; Web - Online Leasing | | 2,241.00 | 924.57 | 9843310 |
| 04/12/2023 | | chk# 182075392 Debit Card On-Line Payment ; Web - Online Leasing | | 924.57 | 0.00 | 9843311 |
| 04/13/2023 | movein | Move-In Funds | (924.57) | | (924.57) | 30660850 |
| 04/13/2023 | rent | Rent for 18 days :Reversed by Charge Ctrl# 30660870 | 1,281.00 | | 356.43 | 30660851 |
| 04/13/2023 | smtreng2 | Smart Home Fee w/ Video Doorbell for 18 days | 24.00 | | 380.43 | 30660852 |
| 04/13/2023 | filter | HVAC Filter Fee for 18 days | 5.97 | | 386.40 | 30660853 |
| 04/13/2023 | admin | Administrative Setup Fee | 50.00 | | 436.40 | 30660854 |
| 04/13/2023 | holdfee | Pre-Lease Hold Fee - Reallocated to rent | (500.00) | | (63.60) | 30660855 |
| 04/14/2023 | rent | rent: Corrected prorated rent | 1,344.60 | | 1,281.00 | 30660864 |
| 04/14/2023 | rent | :Reverse Charge Ctrl#30660851 Incorrect Prorated Rent | (1,281.00) | | 0.00 | 30660870 |
| 04/27/2023 | | chk# 183048458 Debit Card On-Line Payment ; Mobile Web - Resident Services | | 2,290.95 | (2,290.95) | 9918570 |
| 05/01/2023 | rent | Resident Rent (05/2023) | 2,241.00 | | (49.95) | 31109418 |
| 05/01/2023 | smtreng2 | Smart Home Fee w/ Video Doorbell (05/2023) | 40.00 | | (9.95) | 31109419 |
| 05/01/2023 | filter | HVAC Filter (05/2023) | 9.95 | | 0.00 | 31109420 |
| 06/01/2023 | rent | Resident Rent (06/2023) | 2,241.00 | | 2,241.00 | 31945594 |
| 06/01/2023 | smtreng2 | Smart Home Fee w/ Video Doorbell (06/2023) | 40.00 | | 2,281.00 | 31945595 |
| 06/01/2023 | filter | HVAC Filter (06/2023) | 9.95 | | 2,290.95 | 31945596 |
| 06/04/2023 | late | Late Fee, 10% of $2241.00 | 224.10 | | 2,515.05 | 32246647 |
| 06/04/2023 | | chk# 189748264 Debit Card On-Line Payment ; Mobile Web - Resident Services | | 2,290.95 | 224.10 | 10262432 |
| 06/07/2023 | | chk# 190358050 Debit Card On-Line Payment ; Mobile Web - Resident Services | | 224.10 | 0.00 | 10285233 |
| 07/01/2023 | utlsetup | Acct. Setup | 25.00 | | 25.00 | 32398453 |
| 07/01/2023 | utlsetup | Service Fee | 9.95 | | 34.95 | 32398454 |
| 07/01/2023 | utlsewcb | Sewer - 04/13/23-05/04/23 | 25.03 | | 59.98 | 32398455 |
| 07/01/2023 | utlgascb | Vacant Gas - 04/13/23-04/28/23 | 24.80 | | 84.78 | 32398456 |
| 07/01/2023 | utlsetup | Vacant Service Fee - 04/13/23-04/28/23 | 25.00 | | 109.78 | 32398457 |
| 07/01/2023 | utlwatcb | Water - 04/13/23-05/04/23 | 17.31 | | 127.09 | 32398458 |
| 07/01/2023 | rent | Resident Rent (07/2023) | 2,241.00 | | 2,368.09 | 32792927 |
| 07/01/2023 | smtreng2 | Smart Home Fee w/ Video Doorbell (07/2023) | 40.00 | | 2,408.09 | 32792928 |
| 07/01/2023 | filter | HVAC Filter (07/2023) | 9.95 | | 2,418.04 | 32792929 |
| 07/03/2023 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,418.04 | 0.00 | 10498026 |
| 08/01/2023 | utlsetup | Service Fee | 9.95 | | 9.95 | 33252167 |
| 08/01/2023 | utlsewcb | Sewer - 05/05/23-06/06/23 | 55.31 | | 65.26 | 33252168 |
| 08/01/2023 | utlgascb | Vacant Gas - 04/28/23-05/30/23 | 54.92 | | 120.18 | 33252169 |
| 08/01/2023 | utlsetup | Vacant Service Fee - 04/28/23-05/30/23 | 25.00 | | 145.18 | 33252170 |
| 08/01/2023 | utlwatcb | Water - 05/05/23-06/06/23 | 36.41 | | 181.59 | 33252171 |

| Date | Code | Description | Charge | Payment | Balance | Ref# |
|---|---|---|---|---|---|---|
| 08/01/2023 | filter | HVAC Filter (08/2023) | 9.95 | | 2,472.54 | 33657265 |
| 08/03/2023 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,472.54 | 0.00 | 10758272 |
| 09/01/2023 | utlsetup | Service Fee | 9.95 | | 9.95 | 34114801 |
| 09/01/2023 | utlsewcb | Sewer - 06/07/23-07/07/23 | 46.29 | | 56.24 | 34114802 |
| 09/01/2023 | utlgascb | Vacant Gas - 05/30/23-06/30/23 | 48.99 | | 105.23 | 34114803 |
| 09/01/2023 | utlsetup | Vacant Service Fee - 05/30/23-06/30/23 | 25.00 | | 130.23 | 34114804 |
| 09/01/2023 | utlwatcb | Water - 06/07/23-07/07/23 | 30.88 | | 161.11 | 34114805 |
| 09/01/2023 | rent | Resident Rent (09/2023) | 2,241.00 | | 2,402.11 | 34501736 |
| 09/01/2023 | smtreng2 | Smart Home Fee w/ Video Doorbell (09/2023) | 40.00 | | 2,442.11 | 34501737 |
| 09/01/2023 | filter | HVAC Filter (09/2023) | 9.95 | | 2,452.06 | 34501738 |
| 09/03/2023 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,452.06 | 0.00 | 10996734 |
| 10/01/2023 | utlsetup | Service Fee | 9.95 | | 9.95 | 34932938 |
| 10/01/2023 | utlsewcb | Sewer - 07/08/23-08/07/23 | 42.68 | | 52.63 | 34932939 |
| 10/01/2023 | utlgascb | Vacant Gas - 06/30/23-07/28/23 | 46.60 | | 99.23 | 34932940 |
| 10/01/2023 | utlsetup | Vacant Service Fee - 06/30/23-07/28/23 | 25.00 | | 124.23 | 34932941 |
| 10/01/2023 | utlwatcb | Water - 07/08/23-08/07/23 | 28.67 | | 152.90 | 34932942 |
| 10/01/2023 | filter | HVAC Filter (10/2023) | 9.95 | | 162.85 | 35362503 |
| 10/01/2023 | smtreng2 | Smart Home Fee w/ Video Doorbell (10/2023) | 40.00 | | 202.85 | 35362504 |
| 10/01/2023 | rent | Resident Rent (10/2023) | 2,241.00 | | 2,443.85 | 35362505 |
| 10/02/2023 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,443.85 | 0.00 | 11221012 |
| 11/01/2023 | utlsetup | Service Fee | 9.95 | | 9.95 | 35837394 |
| 11/01/2023 | utlsewcb | Sewer - 08/08/23-09/07/23 | 34.56 | | 44.51 | 35837395 |
| 11/01/2023 | utlgascb | Vacant Gas - 07/28/23-08/30/23 | 47.83 | | 92.34 | 35837396 |
| 11/01/2023 | utlsetup | Vacant Service Fee - 07/28/23-08/30/23 | 25.00 | | 117.34 | 35837397 |
| 11/01/2023 | utlwatcb | Water - 08/08/23-09/07/23 | 23.69 | | 141.03 | 35837398 |
| 11/01/2023 | rent | Resident Rent (11/2023) | 2,241.00 | | 2,382.03 | 36210553 |
| 11/01/2023 | smtreng2 | Smart Home Fee w/ Video Doorbell (11/2023) | 40.00 | | 2,422.03 | 36210554 |
| 11/01/2023 | filter | HVAC Filter (11/2023) | 9.95 | | 2,431.98 | 36210555 |
| 11/03/2023 | | chk# :ACH-WEB Online Payment - EFT Payment. Web - Resident Services | | 2,431.98 | 0.00 | 11481334 |
| 12/01/2023 | utlsetup | Service Fee | 9.95 | | 9.95 | 36671798 |
| 12/01/2023 | utlsewcb | Sewer - 09/08/23-10/05/23 | 48.99 | | 58.94 | 36671799 |
| 12/01/2023 | utlgascb | Vacant Gas - 08/30/23-09/27/23 | 49.12 | | 108.06 | 36671800 |
| 12/01/2023 | utlsetup | Vacant Service Fee - 08/30/23-09/27/23 | 25.00 | | 133.06 | 36671801 |
| 12/01/2023 | utlwatcb | Water - 09/08/23-10/05/23 | 32.54 | | 165.60 | 36671802 |
| 12/01/2023 | rent | Resident Rent (12/2023) | 2,241.00 | | 2,406.60 | 37045135 |
| 12/01/2023 | filter | HVAC Filter (12/2023) | 9.95 | | 2,416.55 | 37045136 |
| 12/01/2023 | smtreng2 | Smart Home Fee w/ Video Doorbell (12/2023) | 40.00 | | 2,456.55 | 37045137 |
| 12/02/2023 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,456.55 | 0.00 | 11691591 |
| 01/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 37510944 |
| 01/01/2024 | utlsewcb | Sewer - 10/06/23-11/02/23 | 41.78 | | 51.73 | 37510945 |
| 01/01/2024 | utlgascb | Vacant Gas - 09/27/23-10/27/23 | 53.36 | | 105.09 | 37510946 |
| 01/01/2024 | utlsetup | Vacant Service Fee - 09/27/23-10/27/23 | 25.00 | | 130.09 | 37510947 |
| 01/01/2024 | utlwatcb | Water - 10/06/23-11/02/23 | 28.11 | | 158.20 | 37510948 |
| 01/01/2024 | filter | HVAC Filter (01/2024) | 9.95 | | 168.15 | 37891021 |
| 01/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (01/2024) | 40.00 | | 208.15 | 37892785 |
| 01/01/2024 | rent | Resident Rent (01/2024) | 2,241.00 | | 2,449.15 | 37892877 |
| 01/03/2024 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,449.15 | 0.00 | 11914006 |
| 02/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 38402402 |
| 02/01/2024 | utlsewcb | Sewer - 11/03/23-12/05/23 | 47.19 | | 57.14 | 38402403 |
| 02/01/2024 | utlgascb | Vacant Gas - 10/27/23-11/30/23 | 99.83 | | 156.97 | 38402404 |
| 02/01/2024 | utlsetup | Vacant Service Fee - 10/27/23-11/30/23 | 25.00 | | 181.97 | 38402405 |
| 02/01/2024 | utlwatcb | Water - 11/03/23-12/05/23 | 31.43 | | 213.40 | 38402406 |
| 02/01/2024 | rent | Resident Rent (02/2024) | 2,241.00 | | 2,454.40 | 38791845 |
| 02/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (02/2024) | 40.00 | | 2,494.40 | 38791846 |
| 02/01/2024 | filter | HVAC Filter (02/2024) | 9.95 | | 2,504.35 | 38791847 |

| Date | Code | Description | Charge | Payment | Balance | Ref |
|---|---|---|---|---|---|---|
| 03/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 39314947 |
| 03/01/2024 | utlsewcb | Sewer - 11/05/23-01/05/24 | | | 57.14 | 39314948 |
| 03/01/2024 | utlgascb | Vacant Gas - 11/30/23-12/29/23 | 141.62 | | 198.76 | 39314949 |
| 03/01/2024 | utlsetup | Vacant Service Fee - 11/30/23-12/29/23 | 25.00 | | 223.76 | 39314950 |
| 03/01/2024 | utlwatcb | Water - 12/06/23-01/05/24 | 31.43 | | 255.19 | 39314951 |
| 03/01/2024 | rent | Resident Rent (03/2024) | 2,241.00 | | 2,496.19 | 39762250 |
| 03/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (03/2024) | 40.00 | | 2,536.19 | 39762251 |
| 03/01/2024 | filter | HVAC Filter (03/2024) | 9.95 | | 2,546.14 | 39762252 |
| 03/03/2024 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,546.14 | 0.00 | 12533457 |
| 04/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 40227683 |
| 04/01/2024 | utlsewcb | Sewer - 01/06/24-02/05/24 | 44.48 | | 54.43 | 40227684 |
| 04/01/2024 | utlgascb | Vacant Gas - 12/29/23-01/30/24 | 201.83 | | 256.26 | 40227685 |
| 04/01/2024 | utlsetup | Vacant Service Fee - 12/29/23-01/30/24 | 25.00 | | 281.26 | 40227686 |
| 04/01/2024 | utlwatcb | Water - 01/06/24-02/05/24 | 29.77 | | 311.03 | 40227687 |
| 04/01/2024 | rent | Resident Rent (04/2024) 12 days | 896.40 | | 1,207.43 | 40703971 |
| 04/01/2024 | rent | Resident Rent (04/2024) 18 days | 1,444.80 | | 2,652.23 | 40703972 |
| 04/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (04/2024) | 40.00 | | 2,692.23 | 40703973 |
| 04/01/2024 | filter | HVAC Filter (04/2024) | 9.95 | | 2,702.18 | 40703974 |
| 04/03/2024 | | chk# 234087226 Debit Card On-Line Payment ; Web - Resident Services | | 2,702.18 | 0.00 | 12818029 |
| 05/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 41198686 |
| 05/01/2024 | utlsewcb | Sewer - 02/06/24-03/05/24 | 40.87 | | 50.82 | 41198687 |
| 05/01/2024 | utlgascb | Vacant Gas - 01/30/24-02/29/24 | 138.13 | | 188.95 | 41198688 |
| 05/01/2024 | utlsetup | Vacant Service Fee - 01/30/24-02/29/24 | 25.00 | | 213.95 | 41198689 |
| 05/01/2024 | utlwatcb | Water - 02/06/24-03/05/24 | 27.56 | | 241.51 | 41198690 |
| 05/01/2024 | filter | HVAC Filter (05/2024) | 9.95 | | 251.46 | 41674276 |
| 05/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (05/2024) | 40.00 | | 291.46 | 41674277 |
| 05/01/2024 | rent | Resident Rent (05/2024) | 2,408.00 | | 2,699.46 | 41674278 |
| 05/03/2024 | | chk# 238482351 Debit Card On-Line Payment ; Web - Resident Services | | 2,699.46 | 0.00 | 13071934 |
| 06/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 42165020 |
| 06/01/2024 | utlsewcb | Sewer - 03/06/24-04/03/24 | 47.19 | | 57.14 | 42165021 |
| 06/01/2024 | utlgascb | Vacant Gas - 02/29/24-03/28/24 | 89.10 | | 146.24 | 42165022 |
| 06/01/2024 | utlsetup | Vacant Service Fee - 02/29/24-03/28/24 | 25.00 | | 171.24 | 42165023 |
| 06/01/2024 | utlwatcb | Water - 03/06/24-04/03/24 | 31.43 | | 202.67 | 42165024 |
| 06/01/2024 | rent | Resident Rent (06/2024) | 2,408.00 | | 2,610.67 | 42658618 |
| 06/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (06/2024) | 40.00 | | 2,650.67 | 42658619 |
| 06/01/2024 | filter | HVAC Filter (06/2024) | 9.95 | | 2,660.62 | 42658620 |
| 06/03/2024 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,660.62 | 0.00 | 13317636 |
| 07/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 43196373 |
| 07/01/2024 | utlsewcb | Sewer - 04/04/24-05/03/24 | 47.19 | | 57.14 | 43196374 |
| 07/01/2024 | utlgascb | Vacant Gas - 03/28/24-04/30/24 | 73.06 | | 130.20 | 43196375 |
| 07/01/2024 | utlsetup | Vacant Service Fee - 03/28/24-04/30/24 | 25.00 | | 155.20 | 43196376 |
| 07/01/2024 | utlwatcb | Water - 04/04/24-05/03/24 | 31.43 | | 186.63 | 43196377 |
| 07/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (07/2024) | 40.00 | | 226.63 | 43706210 |
| 07/01/2024 | filter | HVAC Filter (07/2024) | 9.95 | | 236.58 | 43706211 |
| 07/01/2024 | rent | Resident Rent (07/2024) | 2,408.00 | | 2,644.58 | 43706212 |
| 07/03/2024 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,644.58 | 0.00 | 13623787 |
| 08/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 44198608 |
| 08/01/2024 | utlsewcb | Sewer - 05/04/24-06/05/24 | 76.95 | | 86.90 | 44198609 |
| 08/01/2024 | utlgascb | Vacant Gas - 04/30/24-05/31/24 | 59.55 | | 146.45 | 44198610 |
| 08/01/2024 | utlsetup | Vacant Service Fee - 04/30/24-05/31/24 | 25.00 | | 171.45 | 44198611 |
| 08/01/2024 | utlwatcb | Water - 05/04/24-06/05/24 | 49.68 | | 221.13 | 44198612 |
| 08/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (08/2024) | 40.00 | | 261.13 | 44708284 |
| 08/01/2024 | filter | HVAC Filter (08/2024) | 9.95 | | 271.08 | 44708285 |
| 08/01/2024 | rent | Resident Rent (08/2024) | 2,408.00 | | 2,679.08 | 44708286 |
| 08/03/2024 | | chk# :ACH-WEB Online Payment - EFT Payment. Mobile Web - Resident Services | | 2,679.08 | 0.00 | 13896687 |
| 09/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 45216019 |

| Date | Code | Description | Charge | Payment | Balance | Ref |
|---|---|---|---|---|---|---|
| 09/01/2024 | utlsetup | Vacant Service Fee - 05/31/24-06/28/24 | 25.00 | | 227.03 | 45216022 |
| 09/01/2024 | utlwatcb | Water - 06/06/24-07/06/24 | 111.06 | | 338.09 | 45216023 |
| 09/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (09/2024) | 40.00 | | 378.09 | 45768778 |
| 09/01/2024 | filter | HVAC Filter (09/2024) | 9.95 | | 388.04 | 45768779 |
| 09/01/2024 | rent | Resident Rent (09/2024) | 2,408.00 | | 2,796.04 | 45768780 |
| 09/03/2024 | | chk# :ACH-WEB Online Payment - EFT Payment. Web - Resident Services | | 2,796.04 | 0.00 | 14145370 |
| 10/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 46272324 |
| 10/01/2024 | utlsewcb | Sewer - 07/06/24-08/06/24 | 155.43 | | 165.38 | 46272325 |
| 10/01/2024 | utlgascb | Vacant Gas - 06/28/24-07/30/24 | 62.93 | | 228.31 | 46272326 |
| 10/01/2024 | utlsetup | Vacant Service Fee - 06/28/24-07/30/24 | 25.00 | | 253.31 | 46272327 |
| 10/01/2024 | utlwatcb | Water - 07/06/24-08/06/24 | 133.18 | | 386.49 | 46272328 |
| 10/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (10/2024) | 40.00 | | 426.49 | 46802047 |
| 10/01/2024 | filter | HVAC Filter (10/2024) | 9.95 | | 436.44 | 46802048 |
| 10/01/2024 | rent | Resident Rent (10/2024) | 2,408.00 | | 2,844.44 | 46802049 |
| 10/03/2024 | | chk# 260062951 Debit Card On-Line Payment ; Web - Resident Services | | 2,844.44 | 0.00 | 14463013 |
| 10/30/2024 | | chk# 262691847 Debit Card On-Line Payment ; Web - Resident Services | | 2,753.02 | (2,753.02) | 14687481 |
| 11/01/2024 | utlsetup | Service Fee | 9.95 | | (2,743.07) | 47277166 |
| 11/01/2024 | utlsewcb | Sewer - 08/07/24-09/06/24 | 117.54 | | (2,625.53) | 47277167 |
| 11/01/2024 | utlgascb | Vacant Gas - 07/30/24-08/30/24 | 55.85 | | (2,569.68) | 47277168 |
| 11/01/2024 | utlsetup | Vacant Service Fee - 07/30/24-08/30/24 | 25.00 | | (2,544.68) | 47277169 |
| 11/01/2024 | utlwatcb | Water - 08/07/24-09/06/24 | 86.73 | | (2,457.95) | 47277170 |
| 11/01/2024 | rent | Resident Rent (11/2024) | 2,408.00 | | (49.95) | 47819400 |
| 11/01/2024 | filter | HVAC Filter (11/2024) | 9.95 | | (40.00) | 47819401 |
| 11/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (11/2024) | 40.00 | | 0.00 | 47819402 |
| 12/01/2024 | utlsetup | Service Fee | 9.95 | | 9.95 | 48414829 |
| 12/01/2024 | utlsewcb | Sewer - 09/07/24-10/05/24 | 53.50 | | 63.45 | 48414830 |
| 12/01/2024 | utlgascb | Vacant Gas - 08/30/24-09/30/24 | 59.00 | | 122.45 | 48414831 |
| 12/01/2024 | utlsetup | Vacant Service Fee - 08/30/24-09/30/24 | 25.00 | | 147.45 | 48414832 |
| 12/01/2024 | utlwatcb | Water - 09/07/24-10/05/24 | 35.30 | | 182.75 | 48414833 |
| 12/01/2024 | smtreng2 | Smart Home Fee w/ Video Doorbell (12/2024) | 40.00 | | 222.75 | 49000752 |
| 12/01/2024 | rent | Resident Rent (12/2024) | 2,408.00 | | 2,630.75 | 49000753 |
| 12/01/2024 | filter | HVAC Filter (12/2024) | 9.95 | | 2,640.70 | 49000754 |
| 12/03/2024 | | chk# 268296578 Debit Card On-Line Payment ; Web - Resident Services | | 2,640.70 | 0.00 | 15153458 |
| 01/01/2025 | utlsetup | Service Fee | 9.95 | | 9.95 | 49444542 |
| 01/01/2025 | utlsewcb | Sewer - 10/06/24-11/05/24 | 60.72 | | 70.67 | 49444543 |
| 01/01/2025 | utlgascb | Vacant Gas - 09/30/24-10/30/24 | 71.81 | | 142.48 | 49444544 |
| 01/01/2025 | utlsetup | Vacant Service Fee - 09/30/24-10/30/24 | 25.00 | | 167.48 | 49444545 |
| 01/01/2025 | utlwatcb | Water - 10/06/24-11/05/24 | 39.73 | | 207.21 | 49444546 |
| 01/01/2025 | rent | Resident Rent (01/2025) | 2,408.00 | | 2,615.21 | 50027960 |
| 01/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (01/2025) | 40.00 | | 2,655.21 | 50030573 |
| 01/01/2025 | filter | HVAC Filter (01/2025) | 9.95 | | 2,665.16 | 50030719 |
| 01/03/2025 | | chk# 272172476 Debit Card On-Line Payment ; Web - Resident Services | | 2,665.16 | 0.00 | 15439733 |
| 02/01/2025 | utlsetup | Service Fee | 9.95 | | 9.95 | 50495597 |
| 02/01/2025 | utlsewcb | Sewer - 11/06/24-12/05/24 | 61.62 | | 71.57 | 50495598 |
| 02/01/2025 | utlgascb | Vacant Gas - 10/30/24-11/26/24 | 90.00 | | 161.57 | 50495599 |
| 02/01/2025 | utlsetup | Vacant Service Fee - 10/30/24-11/26/24 | 25.00 | | 186.57 | 50495600 |
| 02/01/2025 | utlwatcb | Water - 11/06/24-12/05/24 | 40.28 | | 226.85 | 50495601 |
| 02/01/2025 | filter | HVAC Filter (02/2025) | 9.95 | | 236.80 | 50955648 |
| 02/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (02/2025) | 40.00 | | 276.80 | 50955649 |
| 02/01/2025 | rent | Resident Rent (02/2025) | 2,408.00 | | 2,684.80 | 50955650 |
| 02/03/2025 | | chk# :ACH-WEB Online Payment - EFT Payment. Web - Resident Services NSFed by ctrl# 15800395 Automatic NSF 0Z3HFWVRLJ4, Return Code: R01 Uncollected NSF | | 2,684.80 | 0.00 | 15752635 |
| 02/04/2025 | late | Late Fee | 115.00 | | 115.00 | 51239196 |
| 02/07/2025 | nsf | Returned check charge | 30.00 | | 145.00 | 51235989 |
| 02/07/2025 | | chk# :ACH-WEB NSF receipt Ctrl# 15752635 Automatic NSF 0Z3HFWVRLJ4, Return Code: R01 Uncollected NSF | | (2,684.80) | 2,829.80 | 15800395 |
| 02/08/2025 | | chk# 277579635 Debit Card On-Line Payment ; Web - Resident Services | | 2,829.80 | 0.00 | 15807429 |
| 03/01/2025 | utlsetup | Service Fee | 9.95 | | 9.95 | 51332902 |
| 03/01/2025 | utlsewcb | Sewer - 12/06/24-01/07/25 | 68.55 | | 78.50 | 51332903 |

| Date | Code | Description | Charge | Payment | Balance | Ref |
|---|---|---|---|---|---|---|
| 03/01/2025 | utlwatcb | Water - 12/06/24-01/07/25 | 44.50 | | 379.01 | 51332906 |
| 03/01/2025 | filter | HVAC Filter (03/2025) | | | 388.96 | 51920168 |
| 03/01/2025 | rent | Resident Rent (03/2025) | 2,408.00 | | 2,796.96 | 51920169 |
| 03/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (03/2025) | 40.00 | | 2,836.96 | 51920170 |
| 03/02/2025 | | chk# :ACH-WEB Online Payment - EFT Payment. Web - Resident Services NSFed by ctrl# 16004067 Automatic NSF G07YXLYRLJ4, Return Code: R01 Uncollected NSF | | 2,836.96 | 0.00 | 16007869 |
| 03/04/2025 | late | Late Fee | 115.00 | | 115.00 | 52178219 |
| 03/06/2025 | nsf | Returned check charge | 30.00 | | 145.00 | 52174179 |
| 03/06/2025 | | chk# :ACH-WEB NSF receipt Ctrl# 16007869 Automatic NSF G07YXLYRLJ4, Return Code: R01 Uncollected NSF | | (2,836.96) | 2,981.96 | 16064067 |
| 03/07/2025 | | chk# 281681878 Credit Card On-Line Payment ; Web - Resident Services | | 2,981.96 | 0.00 | 16074854 |
| 04/01/2025 | utlsewcb | Sewer - 01/08/25-02/05/25 | 66.91 | | 66.91 | 52286106 |
| 04/01/2025 | utlgascb | Vacant Gas - 12/30/24-01/30/25 | 258.15 | | 325.06 | 52286107 |
| 04/01/2025 | utlsetup | Vacant Service Fee - 12/30/24-01/30/25 | 25.00 | | 350.06 | 52286108 |
| 04/01/2025 | utlwatcb | Water - 01/08/25-02/05/25 | 43.51 | | 393.57 | 52286109 |
| 04/01/2025 | rent | Resident Rent (04/2025) 12 days | 963.20 | | 1,356.77 | 52878681 |
| 04/01/2025 | rent | Resident Rent (04/2025) 18 days | 1,444.80 | | 2,801.57 | 52878682 |
| 04/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (04/2025) | 40.00 | | 2,841.57 | 52878683 |
| 04/01/2025 | filter | HVAC Filter (04/2025) | 9.95 | | 2,851.52 | 52878684 |
| 04/03/2025 | | chk# 285328292 Debit Card On-Line Payment ; Web - Resident Services | | 2,851.52 | 0.00 | 16353743 |
| 05/01/2025 | utlsetup | Service Fee | 9.95 | | 9.95 | 53379026 |
| 05/01/2025 | utlsewcb | Sewer - 02/06/25-03/06/25 | 59.37 | | 69.32 | 53379027 |
| 05/01/2025 | utlgascb | Vacant Gas - 01/30/25-02/28/25 | 162.26 | | 231.58 | 53379028 |
| 05/01/2025 | utlsetup | Vacant Service Fee - 01/30/25-02/28/25 | 25.00 | | 256.58 | 53379029 |
| 05/01/2025 | utlwatcb | Water - 02/06/25-03/06/25 | 38.89 | | 295.47 | 53379030 |
| 05/01/2025 | filter | HVAC Filter (05/2025) | 9.95 | | 305.42 | 53889003 |
| 05/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (05/2025) | 40.00 | | 345.42 | 53889004 |
| 05/01/2025 | rent | Resident Rent (05/2025) | 2,408.00 | | 2,753.42 | 53889005 |
| 05/04/2025 | late | Late Fee | 115.00 | | 2,868.42 | 54126359 |
| 05/11/2025 | | chk# 290811029 Credit Card On-Line Payment ; Web - Resident Services | | 2,868.42 | 0.00 | 16695234 |
| 06/01/2025 | utlsetup | Service Fee | 9.95 | | 9.95 | 54242152 |
| 06/01/2025 | utlsewcb | Sewer - 03/07/25-04/03/25 | 41.45 | | 51.40 | 54242153 |
| 06/01/2025 | utlgascb | Vacant Gas - 02/28/25-03/31/25 | 119.68 | | 171.08 | 54242154 |
| 06/01/2025 | utlsetup | Vacant Service Fee - 02/28/25-03/31/25 | 25.00 | | 196.08 | 54242155 |
| 06/01/2025 | utlwatcb | Water - 03/07/25-04/03/25 | 27.91 | | 223.99 | 54242156 |
| 06/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (06/2025) | 40.00 | | 263.99 | 54859083 |
| 06/01/2025 | filter | HVAC Filter (06/2025) | 9.95 | | 273.94 | 54859084 |
| 06/01/2025 | rent | Resident Rent (06/2025) | 2,408.00 | | 2,681.94 | 54859085 |
| 06/04/2025 | late | Late Fee | 115.00 | | 2,796.94 | 55102549 |
| 06/14/2025 | | chk# 295612244 Debit Card On-Line Payment ; Web - Resident Services | | 2,796.94 | 0.00 | 16983999 |
| 07/01/2025 | utlsetup | Service Fee | 9.95 | | 9.95 | 55215564 |
| 07/01/2025 | utlsewcb | Sewer - 04/04/25-05/05/25 | 42.39 | | 52.34 | 55215565 |
| 07/01/2025 | utlgascb | Vacant Gas - 03/31/25-04/30/25 | 57.85 | | 110.19 | 55215566 |
| 07/01/2025 | utlsetup | Vacant Service Fee - 03/31/25-04/30/25 | 25.00 | | 135.19 | 55215567 |
| 07/01/2025 | utlwatcb | Water - 04/04/25-05/05/25 | 28.49 | | 163.68 | 55215568 |
| 07/01/2025 | filter | HVAC Filter (07/2025) | 9.95 | | 173.63 | 55817419 |
| 07/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (07/2025) | 40.00 | | 213.63 | 55817420 |
| 07/01/2025 | rent | Resident Rent (07/2025) | 2,408.00 | | 2,621.63 | 55817421 |
| 07/04/2025 | late | Late Fee | 115.00 | | 2,736.63 | 56105596 |
| 07/12/2025 | | chk# 299965713 Debit Card On-Line Payment ; Web - Resident Services | | 2,736.63 | 0.00 | 17252838 |
| 07/25/2025 | vioadmin | VI-366084 | 35.00 | | 35.00 | 56663159 |
| 08/01/2025 | utlsetup | Service Fee | 9.95 | | 44.95 | 56217815 |
| 08/01/2025 | utlsewcb | Sewer - 05/06/25-06/05/25 | 31.08 | | 76.03 | 56217816 |
| 08/01/2025 | utlgascb | Vacant Gas - 04/30/25-05/29/25 | 53.39 | | 129.42 | 56217817 |
| 08/01/2025 | utlsetup | Vacant Service Fee - 04/30/25-05/29/25 | 25.00 | | 154.42 | 56217818 |
| 08/01/2025 | utlwatcb | Water - 05/06/25-06/05/25 | 21.55 | | 175.97 | 56217819 |
| 08/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (08/2025) | 40.00 | | 215.97 | 56838046 |
| 08/01/2025 | filter | HVAC Filter (08/2025) | 9.95 | | 225.92 | 56838047 |
| 08/01/2025 | rent | Resident Rent (08/2025) | 2,408.00 | | 2,633.92 | 56838048 |

| Date | Code | Description | Charge | Payment | Balance | Ref |
|---|---|---|---|---|---|---|
| 09/01/2025 | utlsewcb | Sewer - 06/06/25-07/07/25 | 80.11 | | 2,838.98 | 57199427 |
| 09/01/2025 | utlgascb | Vacant Gas - 05/29/25-06/30/25 | 48.84 | | 2,887.82 | 57199428 |
| 09/01/2025 | utlsetup | Vacant Service Fee - 05/29/25-06/30/25 | 25.00 | | 2,912.82 | 57199429 |
| 09/01/2025 | utlwatcb | Water - 06/06/25-07/07/25 | 51.61 | | 2,964.43 | 57199430 |
| 09/01/2025 | filter | HVAC Filter (09/2025) | 9.95 | | 2,974.38 | 57802426 |
| 09/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (09/2025) | 40.00 | | 3,014.38 | 57802427 |
| 09/01/2025 | rent | Resident Rent (09/2025) | 2,408.00 | | 5,422.38 | 57802428 |
| 09/02/2025 | | chk# 40197691264118 :CHECKscan Payment | | 500.00 | 4,922.38 | 17748801 |
| 09/02/2025 | | chk# 40197691264100 :CHECKscan Payment | | 500.00 | 4,422.38 | 17748802 |
| 09/02/2025 | | chk# 40197691264091 :CHECKscan Payment | | 500.00 | 3,922.38 | 17748803 |
| 09/02/2025 | | chk# 40197691264073 :CHECKscan Payment | | 500.00 | 3,422.38 | 17748804 |
| 09/02/2025 | | chk# 40197691264082 :CHECKscan Payment | | 500.00 | 2,922.38 | 17748805 |
| 09/02/2025 | | chk# 40197691264127 :CHECKscan Payment | | 250.00 | 2,672.38 | 17748806 |
| 09/04/2025 | late | Late Fee | 115.00 | | 2,787.38 | 58048938 |
| 10/01/2025 | utlsetup | Service Fee | 9.95 | | 2,797.33 | 58289113 |
| 10/01/2025 | utlsewcb | Sewer - 07/08/25-08/06/25 | 40.51 | | 2,837.84 | 58289114 |
| 10/01/2025 | utlgascb | Vacant Gas - 06/30/25-07/30/25 | 45.17 | | 2,883.01 | 58289115 |
| 10/01/2025 | utlsetup | Vacant Service Fee - 06/30/25-07/30/25 | 25.00 | | 2,908.01 | 58289116 |
| 10/01/2025 | utlwatcb | Water - 07/08/25-08/06/25 | 27.33 | | 2,935.34 | 58289117 |
| 10/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (10/2025) | 40.00 | | 2,975.34 | 58788212 |
| 10/01/2025 | rent | Resident Rent (10/2025) | 2,408.00 | | 5,383.34 | 58788213 |
| 10/01/2025 | filter | HVAC Filter (10/2025) | 9.95 | | 5,393.29 | 58788214 |
| 10/04/2025 | late | Late Fee | 115.00 | | 5,508.29 | 59028547 |
| 10/14/2025 | legalfee | Legal Fee | 100.00 | | 5,608.29 | 59083748 |
| 11/01/2025 | utlsetup | Service Fee | 9.95 | | 5,618.24 | 59142436 |
| 11/01/2025 | utlsewcb | Sewer - 08/07/25-09/04/25 | 48.99 | | 5,667.23 | 59142437 |
| 11/01/2025 | utlgascb | Vacant Gas - 07/30/25-08/28/25 | 53.73 | | 5,720.96 | 59142438 |
| 11/01/2025 | utlsetup | Vacant Service Fee - 07/30/25-08/28/25 | 25.00 | | 5,745.96 | 59142439 |
| 11/01/2025 | utlwatcb | Water - 08/07/25-09/04/25 | 32.53 | | 5,778.49 | 59142440 |
| 11/01/2025 | filter | HVAC Filter (11/2025) | 9.95 | | 5,788.44 | 59743567 |
| 11/01/2025 | rent | Resident Rent (11/2025) | 2,408.00 | | 8,196.44 | 59743568 |
| 11/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (11/2025) | 40.00 | | 8,236.44 | 59743569 |
| 11/04/2025 | late | Late Fee | 115.00 | | 8,351.44 | 60106402 |
| 12/01/2025 | utlsetup | Service Fee | 9.95 | | 8,361.39 | 60276624 |
| 12/01/2025 | utlsewcb | Sewer - 09/05/25-10/03/25 | 55.59 | | 8,416.98 | 60276625 |
| 12/01/2025 | utlgascb | Vacant Gas - 08/28/25-09/29/25 | 59.07 | | 8,476.05 | 60276626 |
| 12/01/2025 | utlsetup | Vacant Service Fee - 08/28/25-09/29/25 | 25.00 | | 8,501.05 | 60276627 |
| 12/01/2025 | utlwatcb | Water - 09/05/25-10/03/25 | 36.58 | | 8,537.63 | 60276628 |
| 12/01/2025 | smtreng2 | Smart Home Fee w/ Video Doorbell (12/2025) | 40.00 | | 8,577.63 | 60862640 |
| 12/01/2025 | rent | Resident Rent (12/2025) | 2,408.00 | | 10,985.63 | 60862641 |
| 12/01/2025 | filter | HVAC Filter (12/2025) | 9.95 | | 10,995.58 | 60862642 |
| 12/04/2025 | late | Late Fee | 115.00 | | 11,110.58 | 61094471 |
| 01/01/2026 | utlsetup | Service Fee | 9.95 | | 11,120.53 | 61243672 |
| 01/01/2026 | utlsewcb | Sewer - 10/04/25-11/04/25 | 55.59 | | 11,176.12 | 61243673 |
| 01/01/2026 | utlgascb | Vacant Gas - 09/29/25-10/31/25 | 73.62 | | 11,249.74 | 61243674 |
| 01/01/2026 | utlsetup | Vacant Service Fee - 09/29/25-10/31/25 | 25.00 | | 11,274.74 | 61243675 |
| 01/01/2026 | utlwatcb | Water - 10/04/25-11/04/25 | 36.58 | | 11,311.32 | 61243676 |
| 01/01/2026 | smtreng2 | Smart Home Fee w/ Video Doorbell (01/2026) | 40.00 | | 11,351.32 | 61828821 |
| 01/01/2026 | rent | Resident Rent (01/2026) | 2,408.00 | | 13,759.32 | 61830055 |
| 01/01/2026 | filter | HVAC Filter (01/2026) | 9.95 | | 13,769.27 | 61837479 |
| 01/04/2026 | late | Late Fee | 115.00 | | 13,884.27 | 62068434 |
| 01/05/2026 | baddebt | Settlement due to defaulting on BK Filing | (7,000.00) | | 6,884.27 | 62082532 |

**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Saturday, January 10, 2026 6:19 AM |
| **To:** | Matthew Totten |
| **Subject:** | Re: Voice mail to Curtis Parker |

**External Sender** - From: (Curtis Parker <curtis.parker1776@gmail.com>)
This message came from outside your organization.

[Learn More]

Mr. Totten and all concerned,
We consider this treachery and will act accordingly, first we will file motions Monday to rescind our Motion to dismiss and seek the evidence hearing as scheduled.

We considered this matter resolved, I will sue your client for any harm I suffer for this emotionally and financially. Additionally email to follow to the local media and FTC.

See you in court
Sent from my iPhone


On Jan 9, 2026, at 9:36 PM, Matthew Totten <mft@tottenfirm.com> wrote:


Mr. Parker –

Thank you for the email – it was a very hectic day today so only am able to circle back now.

Pursuant to the settlement, please see the attached accounting reflecting the application of a $7,000.00 credit to your account. As you can also see within the attached ledger, based on your filing of bankruptcy on 9/29/25, the credit addresses a substantial portion of your post-petition rental obligations which would not otherwise be discharged in the course of bankruptcy. Prior to the credit, the ledger reflects an amount of $13,884.27, of which $2,787.38 being pre-petition and $11,096.89 being post-petition.

Thanks,

<image001.png>

**Matthew F. Totten**
*Managing Attorney*

**Phone** (404) 692-4342    **Email** mft@tottenfirm.com
**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338
**Web** http://www.tottenfirm.com
<image002.png>

**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that

**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Saturday, January 10, 2026 8:14 AM |
| **To:** | Matthew Totten |
| **Subject:** | Re: Voice mail to Curtis Parker |
| **Attachments:** | 1.10.26 Motion to Enforce Settlement.pdf; Email From M. Totten dated 1.2.26.pdf; M. Totten email dated 1.10.26.pdf; 12.29.25 Offer Letter from M. Totten on behalf of Invitation Homes.pdf; 1.10.26 Formal Letter to FTC.pdf; 1.10.26 Letter to the Media regarding Invitation Homes.pdf |

**External Sender** - From: (Curtis Parker <curtis.parker1776@gmail.com>)
This message came from outside your organization.

Learn More

Mr. Totten,

I am in receipt of your email and the attached ledger.

You and your client's unilateral decision to apply the agreed-upon $7,000.00 settlement payment as a "credit" toward an alleged rental balance constitutes a material breach of the settlement agreement.

There is **nothing in the settlement terms**—express or implied—that authorizes Invitation Homes or 2017-1 IH Borrower LP to apply the settlement funds to any balance, ledger, or accounting. The agreement plainly states that your client "shall account and remit $7,000.00 to Parker" within ten business days. "Remit" does not mean internally offset, recharacterize, or condition payment on disputed accounting entries. You and your client requested the address by which to remit the funds as agreed,

The settlement, read as a whole, gives the clear and reasonable impression that the matter was being **resolved**, not converted into a unilateral accounting maneuver to your client's benefit after acceptance. Any ambiguity would be construed against the drafter—your client.

Critically, I relied on this agreement to my detriment. In good faith compliance with the settlement, I provided a Motion to Dismiss to the Bankruptcy Court after being requested to do so by yourself **before any funds were disbursed**, relinquishing active claims and leverage in reliance on your client's performance. Your client's post-acceptance conduct undermines the very basis of that reliance. I would ask that you review and consider this action as being cause for a Georgia Bar complaint.

We consider this action treacherous and a breach of contract. **As a result, your client's conduct voids the agreed-upon contract unless immediately cured. If not cured before motions are filed the new settlement amount is $25,000**

Unless the $7,000.00 settlement payment is promptly remitted to me as agreed—separate and apart from any internal ledger, offset, or accounting manipulation—I will proceed accordingly. This includes, but is not limited to:

- Seeking relief from the Bankruptcy Court based on breach of settlement and **misrepresentation**;

- Pursuing enforcement and damages for breach of contract; and

- Referring this matter to the Federal Trade Commission, **including requesting that the FTC pursue action on my behalf for breach of this settlement and for your client's conduct in connection with it.**

Please advise immediately how your client intends to cure this breach.

Attached:

- Motion to enforce settlement with (3) email attachments
- Letter to Federal Trade Commission
- Letter to media outlets


Regards,

Curtis Parker

On Fri, Jan 9, 2026 at 9:36 PM Matthew Totten <mft@tottenfirm.com> wrote:

Mr. Parker –


Thank you for the email – it was a very hectic day today so only am able to circle back now.


Pursuant to the settlement, please see the attached accounting reflecting the application of a $7,000.00 credit to your account. As you can also see within the attached ledger, based on your filing of bankruptcy on 9/29/25, the credit addresses a substantial portion of your post-petition rental obligations which would not otherwise be discharged in the course of bankruptcy. Prior to the credit, the ledger reflects an amount of $13,884.27, of which $2,787.38 being pre-petition and $11,096.89 being post-petition.


Thanks,


 **Matthew F. Totten**

*Managing Attorney*


**Phone** (404) 692-4342     **Email** mft@tottenfirm.com

**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338

**Web** http://www.tottenfirm.com



UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION


CURTIS PARKER, Debtor.

V.

2017-1 IH Borrower LP's ("IH")

**Chapter 7 Case No. 25-61216-bem**


**MOTION TO ENFORCE SETTLEMENT AGREEMENT, FOR DAMAGES, AND FOR FURTHER RELIEF**

**I. INTRODUCTION**

Debtor Curtis Parker ("Parker"), proceeding pro se, moves this Court to enforce a binding

settlement agreement entered into with **2017-1 IH Borrower LP** ("Invitation Homes"), and for

damages and further relief. Although Parker fully performed his obligations under the

agreement—including dismissing claims to his detriment—Invitation Homes materially breached

the settlement by unilaterally applying the agreed $7,000.00 settlement payment as an internal

"credit" against a disputed ledger balance rather than remitting payment as expressly required.


**II. UNDISPUTED FACTS**

1. On **December 29, 2025**, Invitation Homes—through counsel—made a written settlement

   offer expressly stating that it was **"FOR PURPOSES OF SETTLEMENT AND

   COMPROMISE."**

2. The settlement required Invitation Homes to **"account and remit $7,000.00 to Parker

   within ten business days of acceptance."**

3. The agreement **contains no language** authorizing offsets, credits, ledger applications, or conditional payment.

4. Parker timely **accepted the settlement via email** and fully complied with its terms.

5. In reliance on the settlement, Parker **filed a Motion to Dismiss** pending claims **before any funds were disbursed**, materially changing his legal position to his detriment.

6. On **January 9, 2026**, Invitation Homes' counsel advised that the $7,000.00 was not remitted, but instead **applied internally as a "credit"** toward alleged post-petition rent.

7. This action was taken **unilaterally, without consent, and contrary to the express settlement terms.**

## III. ARGUMENT

### A. A Binding Settlement Exists

A settlement agreement is a binding contract once accepted. Email acceptance satisfies contract formation requirements. No additional conditions precedent existed.

### B. Invitation Homes Materially Breached the Agreement

The term "remit" has a plain and ordinary meaning: to **pay or send** funds to another party.

It does **not** authorize:

- Internal offsets

- Ledger credits

- Conditional accounting maneuvers

Any ambiguity would be construed against Invitation Homes as the drafter.

### C. Parker Detrimentally Relied on the Agreement

Parker dismissed active claims and surrendered leverage in reliance on performance. This satisfies detrimental reliance and estoppel principles.

**D. Remedies Are Warranted**

The Court has inherent authority to:

- Enforce settlements;

- Vacate dismissals procured through non-performance; and

- Award damages caused by breach.

**IV. REQUESTED RELIEF**

Parker respectfully requests that the Court:

1. **Enforce the settlement agreement**;

2. Order Invitation Homes to **immediately remit $7,000.00** directly to Parker;

3. Award **damages** resulting from breach, including costs incurred;

4. Alternatively, **vacate any dismissal** entered in reliance on the settlement;

5. Retain jurisdiction to enforce compliance; and

6. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

January 12, 2026

/s/ Curtis Parker

Pro Se Plaintiff

1149 Autumn Glen Way

Dacula, GA  30019

(770) 369-6521

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing Motion To Dismiss due to Settlement

by way of regular U.S. Mail and Email to the following party of record:

Matthew F. Totten
Email: mft@tottenfirm.com
Georgia Bar No. 798589
The Totten Law Firm, LLC
5579 Chamblee-Dunwoody Road, Suite B-136
Atlanta, Georgia 30338
Attorney of records for Invitation Homes

**On January 12, 2026.**

Curtis Parker
*Pro Se* Plaintiff
1149 Autumn Glen Way
Dacula, GA  30019

Email from M. Totten dated January 2, 2026

On Jan 2, 2026, at 1:19 PM, Matthew Totten <mft@tottenfirm.com> wrote:

Mr. Parker –

Can you please provide your forwarding address?

Thanks

<image001.png>

**Matthew F. Totten**
*Managing Attorney*

Phone (404) 692-4342    Email mft@tottenfirm.com
Mailing Address 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338
Web http://www.tottenfirm.com

Email from Matthew Totten dated January 10, 2026



**Matthew Totten**                                                           Fri, Jan 9,
                                                                             9:36 PM (9
                                                                             hours ago)

to me

Mr. Parker –

Thank you for the email – it was a very hectic day today so only am able to circle back now.

Pursuant to the settlement, please see the attached accounting reflecting the application of a $7,000.00 credit to your account. As you can also see within the attached ledger, based on your filing of bankruptcy on 9/29/25, the credit addresses a substantial portion of your post-petition rental obligations which would not otherwise be discharged in the course of bankruptcy. Prior to the credit, the ledger reflects an amount of $13,884.27, of which $2,787.38 being pre-petition and $11,096.89 being post-petition.

Thanks,

**Matthew F. Totten**

***Managing Attorney***

**Phone** (404) 692-4342     **Email** mft@tottenfirm.com

**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338

**Web** http://www.tottenfirm.com

**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this

message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

On Monday, December 29, 2025, Matthew Totten <mff@tottenfirm.com> wrote:

FOR PURPOSES OF SETTLEMENT AND COMPROMISE

Mr. Parker –

Thank you again for breaking out your assertions with particularity to clarify the ask on your settlement offer.

My client counteroffers your settlement terms as follows:

- The parties shall file a joint notice of dismissal upon an email accepting the instant terms with the bankruptcy court. *See attached to be filed upon acceptance via email, which will be filed by my office.*
- Within seven days of an email accepting the instant terms, Parker shall dismiss with prejudice the pending claims against 2017-1 IH Borrower LP as to any asserted violations of the bankruptcy automatic stay. *See attached, as drafted for your convenience.*
  - In entering this settlement, Parker expressly stipulates that this settlement encompasses all purported violations of the bankruptcy automatic stay by 2017-1 IH Borrower LP, its employees, and its agents
- 2017-1 IH Borrower LP shall account and remit $7,000.00 to Parker and provide evidence of the same to Parker within ten business days of acceptance
- Parker expressly stipulates that he shall vacate the subject Premises (known as 1149 Autumn Glen Way, Dacula, GA 30019) on/before January 30, 2026; and that the Premises shall be abandoned as property of the bankruptcy estate upon discharge, this settlement agreement does not constitute a ratification or novation of the lease agreement for the subject Premises.
  - The security deposit for the subject Premises shall be treated in accordance with Georgia law subsequent to Parker vacating the Premises. See O.C.G.A. 44-7-30 – 44-7-37.
- Each party shall bear its own attorneys' fees in this action; to the extent any party may incur attorneys' fees in enforcing this settlement, the prevailing party is entitled to its costs and attorneys' fees in enforcing this settlement.

**Time is of the essence in this settlement offer** – should you fail to accept the foregoing terms via email by 12:00 p.m. EST on 12/30/2025, said offer shall automatically expire by its terms.

Thanks

<image001.png>

**Matthew F. Totten**
*Managing Attorney*

Phone (404) 692-4342    Email mff@tottenfirm.com
Mailing Address 5579 Chamblee Dunwoody Rd, Ste B-136, Atlanta,
GA 30338
Web http://www.tottenfirm.com

**FTC Complaint – Breach of Settlement & Deceptive Practices**

Federal Trade Commission
Submission via email: https://reportfraud.ftc.gov/
Office of the Secretary
600 Pennsylvania Avenue, NW
Washington, DC 20580

**Complaint Against Invitation Homes / 2017-1 IH Borrower LP**

**I. COMPLAINANT**

Curtis Parker
1149 Autumn Glen Way
Dacula, GA  30019

(770) 369-6521

---

**II. RESPONDENT**

Invitation Homes, Inc.
2017-1 IH Borrower LP
And their agents, employees, and attorneys

---

**III. SUMMARY OF COMPLAINT**

This complaint concerns **deceptive settlement practices, unfair contract manipulation, and post-bankruptcy coercive conduct** by Invitation Homes. After offering and securing acceptance of a settlement resolving alleged violations of the bankruptcy automatic stay, Invitation Homes deliberately failed to honor the payment terms and instead recharacterized settlement funds as an internal ledger "credit" to extinguish disputed obligations.

**IV. FACTUAL BACKGROUND**

1. Invitation Homes was accused of **violating the automatic stay** under federal bankruptcy law.

2. To resolve those violations, Invitation Homes offered a **cash settlement of $7,000.00**, explicitly conditioned on dismissal of claims.

3. The settlement was accepted, and the complainant **performed fully**, including dismissing claims.

4. Only after securing dismissal did Invitation Homes:

- o  Refuse to remit payment; and
- o  Apply the settlement amount to an alleged rental balance not referenced in the agreement.

5. This conduct effectively **converted a settlement payment into a debt-collection offset**, without disclosure or consent.

## V. UNFAIR AND DECEPTIVE PRACTICES

Invitation Homes' conduct constitutes:

- **Deceptive acts or practices** under Section 5 of the FTC Act.
- **Unfair settlement manipulation**, depriving consumers of bargained-for consideration.
- **Post-bankruptcy coercion**, leveraging dismissal to impose unilateral terms.
- Conduct consistent with patterns previously identified in FTC enforcement actions involving Invitation Homes.

## VI. CONSUMER HARM

The complainant suffered:

- Loss of settlement consideration.
- Legal prejudice due to dismissal reliance.
- Coercive pressure tied to housing instability.
- Financial and procedural harm caused by deceptive conduct.

## VII. REQUESTED FTC ACTION

The complainant respectfully requests that the FTC:

1. Investigate Invitation Homes' settlement and accounting practices.
2. Pursue enforcement for deceptive and unfair conduct.
3. Seek restitution and damages on behalf of the complainant.
4. Impose injunctive relief preventing similar conduct against other consumers.

Regards,

Curtis Parker

January 10, 2026

Editorial Desk,

I am writing to bring to your attention ongoing practices by **Invitation Homes** that raise serious consumer protection concerns, particularly in the context of settlements and bankruptcy-related disputes.

In late December 2025, Invitation Homes—through counsel—offered a written settlement to resolve alleged violations of the federal bankruptcy automatic stay. The settlement expressly required the company to **remit a cash payment** within a specified time frame in exchange for dismissal of claims. I accepted the offer and relied on it to my detriment by filing a dismissal with the bankruptcy court before any funds were disbursed.

After securing dismissal, Invitation Homes did not remit the settlement payment. Instead, the company unilaterally recharacterized the agreed settlement amount as an internal "credit" against a disputed rental ledger—terms that were never disclosed, negotiated, or included in the settlement agreement. This maneuver effectively converted a settlement payment into a post-hoc accounting offset.

The concern here extends beyond a single dispute. This practice—offering settlement to induce dismissal and then altering performance after acceptance—undermines the integrity of settlement agreements, particularly where consumers are vulnerable due to housing instability or bankruptcy proceedings. It raises broader questions about whether similar practices are being used against other tenants or consumers who lack the resources to challenge them.

I believe this issue is newsworthy because it implicates:

- The enforceability and good-faith execution of settlement agreements;

- Post-bankruptcy conduct affecting consumers' housing security; and

- Whether large institutional landlords are using accounting mechanisms to avoid paying agreed settlements after claims are withdrawn.

I am prepared to provide documentation, including the written settlement offer, acceptance, court filings made in reliance, and subsequent communications evidencing the recharacterization of funds.

Thank you for your consideration. I believe public scrutiny of these practices is in the public interest.

Sincerely,
Curtis Parker

**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Saturday, January 10, 2026 1:31 PM |
| **To:** | Matthew Totten |
| **Subject:** | Re: Voice mail to Curtis Parker |

**External Sender** - From: (Curtis Parker <curtis.parker1776@gmail.com>)
This message came from outside your organization.

Learn More

Mr. Totten,

I acknowledge receipt of your January 10, 2026 email.

Your message does not cure your client's material breach of the settlement agreement and, instead, introduces additional misstatements of law, mischaracterizations of the contract, and improper threats.

**1. "Account and remit" means payment, not internal offset**

Your attempt to redefine "account and remit" to mean a unilateral ledger credit is contrary to both ordinary contract law and the plain meaning of the settlement. "Remit" means to **pay, send, or deliver funds**. Transmitting a statement showing an internal credit is not remittance. No reasonable contracting party would interpret "remit $7,000.00 to Parker" to mean "apply the amount against an internal balance."

If your client intended an offset, that term had to be expressly stated. It was not. Silence on offsets bars them.

**2. Your client induced performance, then changed the deal**

I relied on the settlement by dismissing claims and surrendering litigation leverage **before any funds were paid**. Your client then unilaterally altered how it would perform. That constitutes material breach and equitable estoppel. The law does not permit a party to secure dismissal and then substitute a different form of performance after the fact.

**3. Post-petition rent and HOA issues are irrelevant**

Your attempt to introduce allegations about Airbnb activity, HOA fines, or lease compliance is legally improper and irrelevant to settlement performance. Those issues were not included as conditions, offsets, or carve-outs in the settlement. A party cannot retroactively rewrite a settlement by appending unrelated allegations after acceptance.

**4. Your defamation and abuse-of-process threats are improper**

Your email threatens me with defamation liability and "malicious abuse of process" for asserting breach of contract and regulatory complaints. That is not advocacy — it is an attempt to intimidate a pro se litigant from enforcing a written agreement.

Reporting suspected unfair or deceptive practices to regulators and seeking judicial enforcement of a settlement are **absolutely privileged activities** under federal and Georgia law. Threatening defamation claims for protected petitioning activity itself constitutes potential attorney misconduct.

**5. Your "anticipatory breach" theory is legally baseless**

Exercising contractual rights to enforce a settlement does not constitute anticipatory breach. Attempting to characterize lawful enforcement as a default is coercive and unsupported by law.

**6. Your client remains in breach**

The settlement requires your client to **remit $7,000.00 to Parker**. That has not occurred. A ledger entry is not payment. Until funds are transmitted to me, your client is not in compliance.

---

**Demand to Cure**

To avoid court and regulatory intervention, your client must, no later than 5:00 pm today** January 10, 2026**, transmit the $7,000.00 settlement payment to me in cash or equivalent (check, ACH, or wire), independent of any ledger or accounting offsets.

Absent timely cure, I will proceed with:

- A motion to enforce the settlement and vacate any dismissal entered in reliance on it;

- Claims for breach and damages; and

- Regulatory and court filings reflecting your client's conduct and your correspondence.

This email preserves all rights and remedies.

Curtis Parker

On Sat, Jan 10, 2026 at 11:19 AM Matthew Totten <mft@tottenfirm.com> wrote:

Mr. Parker –

Your statements and recitation in the below email are baseless and unfounded – resultingly, any of your threatened action would be defamatory and malicious abuse of process, at a minimum.

Particularly, within the settlement terms it was agreed that my client would "account and remit" a certain amount. An "accounting" is defined as a "statement by which someone seeks to describe or explain an event", including a "detailed statement of the debits and credits between parties to a contract." ACCOUNT, Black's Law Dictionary (12th ed. 2024). My client has accomplished exactly that in crediting the ledger provided as to post-petition sums accruing due to your continued occupancy of the subject real property in the agreed amount. My client similarly timely remitted – transmitted, as defined within Black's Law – the statement applying the agreed upon sum to you, as you acknowledge in your threatening email. There unequivocally is no ambiguity here.

**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Saturday, January 10, 2026 1:33 PM |
| **To:** | Matthew Totten |
| **Subject:** | Formal Complaint of Attorney Misconduct |
| **Attachments:** | 1.12.26 Formal Complain to Georgia Bar Association.pdf |

**External Sender** - From: (Curtis Parker <curtis.parker1776@gmail.com>) This message came from outside your organization.

Learn More

Mr. Totten,

Please see attached which will be filed with Georgia Bar on Monday.

Governing Accordingly,

Curtis Parker

## STATE BAR OF GEORGIA — FORMAL COMPLAINT

**Complainant Information**

Name: Curtis Parker
Address: 1149 Autumn Glen Way
City/State/Zip: Dacula, GA 30019
Phone: (770) 369-6521
Email: curtis.parker1776@gmail.com

---

**Attorney of Complaint**

Name: Matthew F. Totten
Law Firm: Totten Law Firm
Address: 5579 Chamblee-Dunwoody Rd., Ste B-136
City/State/Zip: Atlanta, GA 30338
Phone: (404) 692-4342
Email: mft@tottenfirm.com

**Georgia Bar No. 798589**

**Nature of Legal Matter**

Bankruptcy litigation, threats and settlement enforcement relating to violations of the federal automatic stay by Invitation Homes / 2017-1 IH Borrower LP.

**Summary of Complaint**

Matthew Totten engaged in **misrepresentation, coercion, and intimidation** in connection with a binding settlement agreement resolving bankruptcy stay violations. After inducing dismissal of claims through a written settlement promising to "account and remit $7,000.00," his client refused to pay and instead applied an internal ledger credit. Mr. Totten then threatened me with defamation, abuse of process, attorney's fees, and eviction for attempting to enforce the agreement and for reporting the conduct to regulators.

**Detailed Statement of Facts**

1. On **December 29, 2025**, Mr. Totten sent a written settlement offer stating that his client, 2017-1 IH Borrower LP, would **"account and remit $7,000.00 to Parker"** within ten business days in exchange for dismissal of claims for bankruptcy automatic stay violations.

2. I accepted the settlement and complied by submitting a motion to dismiss my claims with the Bankruptcy Court.

3. On **January 9, 2026**, instead of sending payment, Mr. Totten sent a ledger showing the $7,000.00 applied as a credit against alleged rent.

4. No part of the settlement authorized any offset, credit, or accounting maneuver in lieu of payment.

5. On **January 10, 2026**, Mr. Totten sent an email claiming that transmitting a ledger constituted "remittance" and asserting that I would be committing **defamation** and **malicious abuse of process** if I pursued court enforcement or contacted regulators.

6. He further threatened:

   o To treat court enforcement as an **anticipatory breach**;

   o To seek attorney's fees and eviction against me for asserting my rights.

7. These statements are legally false. Enforcing a settlement and reporting misconduct are protected activities. Mr. Totten's threats were designed to intimidate me, a pro se litigant, into abandoning enforcement of a binding contract.

---

**Rules Violated**

Mr. Totten's conduct violates:

- **Rule 3.1** — Frivolous legal positions

- **Rule 4.1** — False statements of law and fact

- **Rule 4.4(a)** — Using means to harass, intimidate, or burden

- **Rule 8.4(a), (c), (d)** — Dishonesty, misrepresentation, and conduct prejudicial to justice

Threatening defamation and abuse-of-process claims to suppress lawful court filings and regulatory complaints is unethical and coercive.

---

**Harm Caused**

Mr. Totten's conduct:

- Prevented payment of a settlement;

- Attempted to block court enforcement;

- Attempted to deter regulatory reporting;

- Placed me under improper legal threat as a bankruptcy debtor and tenant.

---

**Relief Requested**

I respectfully request that the State Bar of Georgia:

- Thoroughly Investigate Mr. Totten's conduct in this case and all related Invitation Homes cases;

- Impose appropriate discipline; and

- Review whether his firm engages in similar coercive settlement practices.

---

**Signature**

Curtis Parker
(770) 369-6521

**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Thursday, January 15, 2026 7:06 PM |
| **To:** | Matthew Totten |
| **Subject:** | Fwd: Receipt of Grievance |
| **Attachments:** | 1_GA Bar Association Complaint.pdf; Motion to Enforce Settlement Agreement.pdf |

> **External Sender** - From: (Curtis Parker <curtis.parker1776@gmail.com>)
> This message came from outside your organization.                    Learn More

The following was submitted on behalf of Curtis Parker, Pro Se Plantiff.

Regards.

 Emergency Motion for Temporary Restraining Order.pdf

---------- Forwarded message ---------
From: **OGC** <OGC@gabar.org>
Date: Thu, Jan 15, 2026 at 7:02 PM
Subject: Receipt of Grievance
To: Curtis Parker <Curtis.Parker1776@gmail.com>

The State Bar of Georgia is in receipt of your grievance submitted via our online portal. Your grievance will be placed in line for review. Please be aware that it may take several weeks for the initial review to be completed depending on the number of grievances we have received. Please do not make multiple or duplicate submissions as this will delay processing.

**Please do not reply to this email. This email address is not monitored.**

**Matthew Totten**

| | |
|---|---|
| **From:** | Matthew Totten |
| **Sent:** | Saturday, January 10, 2026 11:20 AM |
| **To:** | 'Curtis Parker' |
| **Subject:** | RE: Voice mail to Curtis Parker |
| **Attachments:** | Re: Voice mail to Curtis Parker; Re: 25-61216-bem Notice (BK); AIRBNB Parks - Houses for Rent in Dacula, Georgia - Airbnb.pdf; Re: 25-61216-bem Notice (BK) |

Mr. Parker –

Your statements and recitation in the below email are baseless and unfounded – resultingly, any of your threatened action would be defamatory and malicious abuse of process, at a minimum.

Particularly, within the settlement terms it was agreed that my client would "account and remit" a certain amount. An "accounting" is defined as a "statement by which someone seeks to describe or explain an event", including a "detailed statement of the debits and credits between parties to a contract." ACCOUNT, Black's Law Dictionary (12th ed. 2024). My client has accomplished exactly that in crediting the ledger provided as to post-petition sums accruing due to your continued occupancy of the subject real property in the agreed amount. My client similarly timely remitted – transmitted, as defined within Black's Law – the statement applying the agreed upon sum to you, as you acknowledge in your threatening email. There unequivocally is no ambiguity here.

My client expressly did not address whatsoever or waive any of the post-petition sums owed to it within the settlement – I have attached it again hereto as a reference. Resultingly, based upon the agreed settlement terms, my client has fully performed its to-date obligations within the settlement.

Moreover, in light of your express acknowledgment in writing – which was previously verified independently via AirBnB as reflected in the attached – you admittedly were in violation of several of the lease provisions prohibiting subletting of the property as an income-producing short term rental (until December 30th, when you admittedly ceased such operations), which was also an express violation of the HOA bylaws and resulted in fines being assessed by the HOA against my client.

I will not go through and correct your numerous misstatements of fact in your email, but at no point did I "request[] the address by which to remit the funds" – I simply asked for you to confirm your forwarding address. See attached.

To the extent that you do elect to frivolously move forward with any threatened motion to enforce the agreed-upon and performed (at least by my client to-date) settlement, my client intends to enforce the settlement provisions and seek recovery of its attorney's fees against you in doing so, as contemplated within the settlement.

My client may also elect to consider your filing of such a frivolous motion – should you elect to pursue such baseless action on Monday, as threatened - as an anticipatory breach of the settlement by you, namely you refusing to vacate the subject property by 1/30/26. In either event, my client would be well-founded in seeking its attorney's fees incurred in any dispossessory proceeding filed, as authorized by the order entered modifying the automatic stay, in similarly enforcing the settlement agreement.

1

Govern yourself accordingly.



**Matthew F. Totten**
*Managing Attorney*

Phone (404) 692-4342     Email mft@tottenfirm.com
Mailing Address 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338
Web http://www.tottenfirm.com



**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Saturday, January 10, 2026 8:14 AM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Re: Voice mail to Curtis Parker

**External Sender** - From: (Curtis Parker <curtis.parker1776@gmail.com>)
This message came from outside your organization.

Learn More

Mr. Totten,

I am in receipt of your email and the attached ledger.

You and your client's unilateral decision to apply the agreed-upon $7,000.00 settlement payment as a "credit" toward an alleged rental balance constitutes a material breach of the settlement agreement.

There is **nothing in the settlement terms**—express or implied—that authorizes Invitation Homes or 2017-1 IH Borrower LP to apply the settlement funds to any balance, ledger, or accounting. The agreement plainly states that your client "shall account and remit $7,000.00 to Parker" within ten business days. "Remit" does not mean internally offset, recharacterize, or condition payment on disputed accounting entries. You and your client requested the address by which to remit the funds as agreed,

The settlement, read as a whole, gives the clear and reasonable impression that the matter was being **resolved**, not converted into a unilateral accounting maneuver to your client's benefit after acceptance. Any ambiguity would be construed against the drafter—your client.

Critically, I relied on this agreement to my detriment. In good faith compliance with the settlement, I provided a Motion to Dismiss to the Bankruptcy Court after being requested to do so by yourself **before any funds were disbursed**, relinquishing active claims and leverage in reliance on your client's performance. Your client's post-acceptance conduct undermines the very basis of that reliance. I would ask that you review and consider this action as being cause for a Georgia Bar complaint.

We consider this action treacherous and a breach of contract. **As a result, your client's conduct voids the agreed-upon contract unless immediately cured. If not cured before motions are filed the new settlement amount is $25,000**

Unless the $7,000.00 settlement payment is promptly remitted to me as agreed—separate and apart from any internal ledger, offset, or accounting manipulation—I will proceed accordingly. This includes, but is not limited to:

**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Monday, December 29, 2025 5:09 PM |
| **To:** | Matthew Totten |
| **Subject:** | Re: Voice mail to Curtis Parker |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

**External Sender** - From: (Curtis Parker            Learn More
<curtis.parker1776@gmail.com>)
This message came from outside your organization.

Good evening Mr. Totten,

After careful review, I accept the counter offer from
your client, Invitation Homes. I have also reviewed the attached document to be filed with the court and
am approving.

Thank you for your prompt attention to this matter.

Regards,

Curtis Parker.

On Monday, December 29, 2025, Matthew Totten <mft@tottenfirm.com> wrote:

FOR PURPOSES OF SETTLEMENT AND COMPROMISE


Mr. Parker –


Thank you again for breaking out your assertions with particularity to clarify the ask on your settlement
offer.


My client counteroffers your settlement terms as follows:

**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Wednesday, December 31, 2025 11:50 AM |
| **To:** | Matthew Totten |
| **Subject:** | Re: 25-61216-bem Notice (BK) |

**External Sender** - From: (Curtis Parker <curtis.parker1776@gmail.com>)    Learn More
This message came from outside your organization.

Hello Mr Totten,
I wanted to make you aware the house is no longer listed on Airbnb effective yesterday. I was also wanting to request the funds be direct deposited into my account due to the mail is being forwarded. Please advise what account information is needed.
Thanks

Sent from my iPhone


On Dec 29, 2025, at 5:38 PM, Matthew Totten <mft@tottenfirm.com> wrote:


Mr. Parker –

See attached notice filed with the bankruptcy court, as filed.

Thanks

<image001.png>

**Matthew F. Totten**
*Managing Attorney*

**Phone** (404) 692-4342    **Email** mft@tottenfirm.com
**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338
**Web** http://www.tottenfirm.com
<image002.png>

**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

**From:** no-reply-notices@ganb.uscourts.gov <no-reply-notices@ganb.uscourts.gov>
**Sent:** Monday, December 29, 2025 5:36 PM
**To:** CourtMail@ganb.uscourts.gov
**Subject:** 25-61216-bem Notice (BK)

https://www.airbnb.com/rooms/1355077863701094619?location=Dacula%2C%20GA%203...

Parks - Houses for Rent in Dacula, Georgia, United States - Airbnb

12/22/2025, 10:38 PM

1 of 9



airbnb

Anywhere    Any week    Add guests

⊕    ≡

⬆ Share    ♡ Save




Show all photos




# Parks



https://www.airbnb.com/rooms/1355077863701094619?location=Dacula%2C%20GA%203...

# Entire home in Dacula, Georgia

6 guests · 3 bedrooms · 3 beds · 2 baths

Guest favorite

One of the most loved homes on Airbnb, according to guests

**4.88** ★★★★★

**41** Reviews



**Hosted by Curtis**

9 months hosting

Self check-in
Check yourself in with the keypad.

Extra spacious
Guests love this home's spaciousness for a comfortable stay.

Peace and quiet
Guests say this home is in a quiet area.

Some info has been automatically translated. **Show original**

Relax with the whole family at this peaceful place to stay.

## Add dates for prices

| CHECK-IN | CHECKOUT |
|----------|----------|
| Add date | Add date |

GUESTS
1 guest

Check availability

🚩 <u>Report this listing</u>

12/22/2025, 10:38 PM

2 of 9

https://www.airbnb.com/rooms/1355077863701094619?location=Dacula%2C%20GA%203...

12/22/2025, 10:38 PM

Parks - Houses for Rent in Dacula, Georgia, United States - Airbnb

# Where you'll sleep




1 / 2



**Bedroom 1**
1 king bed

**Bedroom 2**
1 queen bed

# What this place offers

Kitchen

Wifi

Free parking on premises

Pets allowed

TV



- Washer
- Free dryer
- Air conditioning
- Indoor fireplace
- Exterior security cameras on property

Show all 21 amenities

## Select check-in date

Add your travel dates for exact pricing

### December 2025

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 |   |   |   |

### January 2026

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

https://www.airbnb.com/rooms/1355077863701094619?location=Dacula%2C%20GA%203...

Parks - Houses for Rent in Dacula, Georgia, United States - Airbnb

12/22/2025, 10:38 PM

5 of 9

Clear dates



# 4.88

## Guest favorite

This home is a guest favorite based on
ratings, reviews, and reliability

| Overall rating | Cleanliness 4.8 | Accuracy 4.9 | Check-in 5.0 | Communication 4.9 | Location 5.0 | Value 4.8 |
|---|---|---|---|---|---|---|
| 5 | | | | | | |
| 4 | | | | | | |
| 3 | | | | | | |
| 2 | | | | | | |
| 1 | | | | | | |

**Tram**
4 years on Airbnb

★★★★★ · **1 day ago** · Group trip

Great stay! The place was very clean, comfortable, and



**Shaneika**
Grovetown, Georgia

★★★★★ · **2 weeks ago** · Stayed one night

This home was a great fit for my close friends and I. It

was peaceful, pleasant, and beautiful. We felt safe and comfortable for our one night stay.

exactly as described. The host was friendly and responsive. Would definitely stay again.



**Sharon**
Taylors, South Carolina

★★★★★ · 1 week ago · Stayed one night

Great space for a girlfriend weekend getaway. Extremely clean and spacious. Highly recommend, we would stay there again.



**Jodie**
Hoschton, Georgia

★★★★★ · 4 weeks ago · Stayed a few nights

This home was perfect and Curtis was very responsive. It was near everything including shopping, I-85, Mall of Georgia, restaurants, etc. The house was spotless an...

<u>Show more</u>



**Kimberly**
Greenville, South Carolina

★★★★☆ · November 2025 · Stayed with a pet

Very spacious home in nice neighborhood. Great fenced yard for pets. It is listed as no essentials and that is the case. Also, no extra linens, pillows, blankets...

<u>Show more</u>

**Cortney**
Chapin, South Carolina

★★★★★ · 3 weeks ago · Group trip

Sweet house in a quiet established neighborhood. We appreciated that there were plenty of bathroom linens and hot water. The huge tv was a hit with our teens. A...

<u>Show more</u>

**Show all 41 reviews**       <u>How reviews work</u>

# Where you'll be

Dacula, Georgia, United States

## Meet your host



**Curtis**
Host

**41**
Reviews

**4.88★**
Rating

**9**
Months hosting

## Host details

Response rate: 100%
Responds within an hour

## Message host

 To help protect your payment, always use Airbnb to send money and communicate with hosts.

## Things to know

**Cancellation policy**
Add your trip dates to get the
cancellation details for this stay.
Add dates

**House rules**
Check-in after 3:00 PM
Checkout before 11:00 AM
6 guests maximum
Learn more

**Safety & property**
Exterior security cameras on property
Carbon monoxide alarm
Smoke alarm
Learn more

Airbnb  ›  United States  ›  Georgia  ›  Gwinnett County

## Support

Help Center

Get help with a safety issue

AirCover

Travel insurance

Anti-discrimination

Disability support

Cancellation options

Report neighborhood concern

## Hosting

Airbnb your home

Airbnb your experience

Airbnb your service

AirCover for Hosts

Hosting resources

Community forum

Hosting responsibly

Airbnb-friendly apartments

Join a free Hosting class

Find a co-host

Refer a host

## Airbnb

2025 Summer Release

Newsroom

Careers

Investors

Gift cards

Airbnb.org emergency stays

© 2025 Airbnb, Inc. · Privacy · Terms · Your Privacy Choices

⊕ English (US)    $ USD

**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Friday, January 2, 2026 2:29 PM |
| **To:** | Matthew Totten |
| **Subject:** | Re: 25-61216-bem Notice (BK) |

**External Sender** - From: (Curtis Parker <curtis.parker1776@gmail.com>) This message came from outside your organization.

Learn More

Hello Mr Totten,
2805 Wadley Ln
Dacula Ga 30019.

Thanks
Sent from my iPhone

> On Jan 2, 2026, at 1:19 PM, Matthew Totten <mft@tottenfirm.com> wrote:
>
> Mr. Parker –
>
> Can you please provide your forwarding address?
>
> Thanks

<image001.png>

**Matthew F. Totten**
*Managing Attorney*

**Phone** (404) 692-4342    **Email** mft@tottenfirm.com
**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338
**Web** http://www.tottenfirm.com
<image002.png>

**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

**From:** Curtis Parker <curtis.parker1776@gmail.com>
**Sent:** Wednesday, December 31, 2025 11:50 AM
**To:** Matthew Totten <mft@tottenfirm.com>
**Subject:** Re: 25-61216-bem Notice (BK)

Hello Mr Totten,

I wanted to make you aware the house is no longer listed on Airbnb effective yesterday. I was also wanting to request the funds be direct deposited into my account due to the mail is being forwarded. Please advise what account information is needed.
Thanks

Sent from my iPhone

On Dec 29, 2025, at 5:38 PM, Matthew Totten <mft@tottenfirm.com> wrote:

Mr. Parker –

See attached notice filed with the bankruptcy court, as filed.

Thanks

<image001.png>

**Matthew F. Totten**
*Managing Attorney*

**Phone** (404) 692-4342    **Email** mft@tottenfirm.com
**Mailing Address** 5579 Chamblee-Dunwoody Rd, Ste B-136, Atlanta, GA 30338
**Web** http://www.tottenfirm.com
<image002.png>

**Notice**: This e-mail message and all attachments transmitted with it may contain legally privileged and confidential information intended solely for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by the telephone number listed above and delete this message and all copies and backups thereof. Thank you.

**From:** no-reply-notices@ganb.uscourts.gov <no-reply-notices@ganb.uscourts.gov>
**Sent:** Monday, December 29, 2025 5:36 PM
**To:** CourtMail@ganb.uscourts.gov
**Subject:** 25-61216-bem Notice (BK)

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

**U.S. Bankruptcy Court**

**Northern District of Georgia**

Notice of Electronic Filing

The following transaction was received from Matthew Franklin Totten entered on 12/29/2025 at 5:36 PM EST and filed on 12/29/2025

**Case Name:**          Curtis Parker
**Case Number:**        25-61216-bem
**Document Number:** 30

**Docket Text:**
Notice of Settlement, Debtor's Motions Against Respondent Filed by Matthew Franklin Totten on behalf of 2017-1 IH Borrower LP. (related document(s) [11], [15], [17], [21], [22], [23])(Totten, Matthew)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Notice of Settlement.pdf
**Electronic document Stamp:**
[STAMP GANBStamp_ID=875559624 [Date=12/29/2025] [FileNumber=90725598-0
] [ed755019a8051c240c7108bc57aba09e058f373cec4715549a8f2164968974a8a1c
5411692dd1d9849cc90bcd447b3b60cbecdf2a55cec11791d6b70cd6b1293]]

**25-61216-bem Notice will be electronically mailed to:**

Kyle A. Cooper
kylecoopertrustee@gmail.com, ecf.alert+Cooper@titlexi.com

Office of the United States Trustee
ustpregion21.at.ecf@usdoj.gov

Matthew Franklin Totten on behalf of Creditor 2017-1 IH Borrower LP
mft@tottenfirm.com, jet@tottenfirm.com,mtots@recap.email

**25-61216-bem Notice will not be electronically mailed to:**

Curtis Parker
1149 Autumn Glen Way
Dacula, GA 30019

<Doc 30 - Notice of settlement.pdf>

**Matthew Totten**

| | |
|---|---|
| **From:** | Curtis Parker <curtis.parker1776@gmail.com> |
| **Sent:** | Thursday, January 15, 2026 6:57 AM |
| **To:** | Elvis Gorinjac; Matthew Totten |
| **Subject:** | Re: 1149 Autumn Glen Way, Dacula, GA 30019 - Move Out/ Lock Box Drop Off |
| **Attachments:** | Lockbox Operation Instructions.pdf |

**External Sender** - From: (Curtis Parker
<curtis.parker1776@gmail.com>)
This message came from outside your organization.

Learn More

**Subject: Formal Notice of Breach and Demand to Cure**

Good morning Mr. Gorinjac,

Please take formal notice that Invitation Homes ("IH") is in **material breach** of the agreement under which IH committed to remit **Seven Thousand Dollars ($7,000.00)** to me in exchange for my agreement to vacate the premises on or before **January 30, 2026**.

IH's failure to remit the agreed-upon funds constitutes a **unilateral and material breach**, thereby rendering the agreement **null, void, and unenforceable in its entirety**, including but not limited to the stated move-out date, unless the breach is cured.

**Demand is hereby made** that IH cure this breach by remitting the full **$7,000.00 no later than 5:00 PM today**. Absent timely cure, I will consider the agreement rescinded and will pursue all available legal remedies without further notice.

Additionally, I have reason to believe that IH has attempted, or directed others, to interfere with utilities or services held in my name. Any attempt to alter, transfer, disconnect, or otherwise interfere with my utilities constitutes **unlawful self-help** and an additional violation of my rights. Any such action will give rise to **additional damages in the amount of $5,000.00**, without limitation to other remedies available at law or in equity.

IH is further directed to **cease and desist** from placing any lockbox at the property and to immediately reverse any attempts to modify or interfere with my utilities or services. IH shall not interrupt, discontinue, or request changes to any services associated with the premises.

This correspondence is provided **without waiver of any rights, claims, or remedies**, all of which are expressly reserved.

Regards,

Curtis Parker

Sent from my iPhone

On Jan 12, 2026, at 11:07 AM, Elvis Gorinjac <Elvis.Gorinjac@invitationhomes.com> wrote:

Good Morning,

Good Day Mr. Parker my name is Elvis Gorinjac I am with Invitation Homes. I am reaching out to you because we received communication from your property manager that you would be moving out as of 1/30/26 and we needed to schedule a lockbox drop off to which you can leave your keys in upon moving out. I have our superintendent Rick scheduled to come by the home on Monday 1/26/26 to drop off a lockbox for you. You are not required to be home for this the superintendent will just leave the lockbox on the front door and the code will be (1325).  Upon moving out if you could just place one key in the lockbox and take a picture and send it back to me confirming that you are out of the home and they key is in the lockbox. From there I will forward all of that back over to your property manager so they can notate your account accordingly. Any other keys or garage remotes you have can be left on the kitchen counter/ kitchen drawer we just need one key to be placed in the lockbox so that we are able to gain possession of the home without having to drill the locks. I have also included the lockbox operating instructions in the attachment above just in case you need them, if you have any further questions or concerns please feel free to reach out. Thank you for your time at Invitation Homes and have a great day.

Thank You,

**Elvis Gorinjac**
Customer Service Representative – Field Services



**phone** 678.381.0411
elvis.gorinjac@invitationhomes.com
8625 Dunwoody Pl, Sandy Springs, GA 30350

invitationhomes.com  |  Contact us  |  Maintenance  |  Payments  |  Download Maintenance App

**Please note as of March 19 our workspace is under construction. We will not be able to accommodate any in-person visits or face-to-face rent payments. We expect our office to reopen in November 2025. Learn more here.**

If you believe you have received this email in error, please notify the sender by reply transmission and delete the message. Any disclosure, copying, and/or distribution of this message, or the taking of any action based on it, by you is strictly prohibited.  Invitation Homes cannot guarantee that the contents of this email transmission, including any attachments, are error-free or secure from viruses or similar defects.  Invitation Homes urges using caution when opening attachments, navigating to hyperlinks, or otherwise responding to this email, and accepts no liability for any damages that may arise as a result of this email transmission.

# Lockbox Operation Instructions

**Vault Locks (Black with silver handle)**
1. Enter and center the lockbox code (**1325**)
2. Hold the top front of the lockbox and pull the cover towards you (the hinge is on the bottom)
3. Insert a key (place remaining keys and garage remotes on the kitchen counter)
4. Close the lockbox and scramble the numbers on the front (to any other number combination) to lock it.



**Master Lock (Black and gray with black handle)**
1. Slide down black cover that hides the numbers (if closed)
2. Enter and center the lockbox code (**1325**). The numbers should be centered along the gray raised line on the number panel
3. Pull down on the black lever at the left of the numbers: the lockbox cover should spring open towards you (hinge is on the bottom)
4. Insert a key (place remaining keys and garage remotes on the kitchen counter)
5. Close the lockbox and scramble the numbers on the front (to any other number combination) to lock it.

