IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

**2017-1 IH BORROWER, LP,**
Movant,

v.

**CURTIS PARKER,**

Respondent.



Case No.: **25-61216-bem**
Chapter 7
Contested Matter

---

### RESPONDENT CURTIS PARKER'S OBJECTION AND RESPONSE TO MOVANT'S MOTION AND INCORPORATED BRIEF FOR STAY PENDING APPEAL AND TO SUSPEND ANY INJUNCTION

---

## I. INTRODUCTION

Movant's request for a stay pending appeal and suspension of the Court's injunction rests on a fundamentally flawed premise: that Movant is entitled to enforce a settlement agreement it **materially breached first**, and to do so notwithstanding the Court's express finding—made after an evidentiary hearing—that Movant's counsel **did not act in good faith**.

Equity, contract law, and the record before this Court foreclose such relief. Had Movant complied with its original contractual obligations, the Property would have already been returned. Movant's present posture is therefore not one of enforcement, but of attempting to **revive forfeited rights through post-hoc reinterpretation of the word "remit."**

## II. MOVANT MATERIALLY BREACHED THE SETTLEMENT AGREEMENT FIRST

The settlement agreement contemplated a straightforward exchange:

(1) Movant would **account and remit** payment to Mr. Parker within a defined time period; and

(2) Upon satisfaction of that condition, possession of the Property would be relinquished.

Movant failed to timely and properly perform. Under Georgia law, **a party who commits the first material breach may not demand performance from the non-breaching party**, nor selectively enforce provisions advantageous to itself.

This breach is not academic. Had Movant performed as required, **the Property would already be back in Movant's possession**. Movant's nonperformance is the sole reason this dispute persists.

## III. THE COURT HAS ALREADY FOUND MOVANT'S COUNSEL DID NOT ACT IN GOOD FAITH

At the evidentiary hearing, after hearing testimony and reviewing the evidence, **the Court expressly stated that Attorney Matthew Totten did not act in good faith**. That finding is dispositive.

A party seeking equitable relief—particularly extraordinary relief such as a stay pending appeal—must come to the Court with clean hands. Movant cannot satisfy that burden where:

1. It breached the agreement first;

2. Its counsel's conduct was found to lack good faith; and

3. The relief sought would reward the very conduct the Court has already rejected.

Movant's attempt to ignore or minimize this finding underscores why a stay is inappropriate.

## IV. THE PROPER FRAMEWORK IS REVERSION TO THE ORIGINAL CONTRACT

Because Movant breached first and proceeded without good faith, the correct legal posture is not selective enforcement of an altered interpretation, but **reversion to the original contractual framework**.

That framework requires a plain-language analysis of the operative term at issue: **"remit."**

## V. "REMIT" HAS A PLAIN MEANING UNDER GEORGIA CONTRACT LAW — AND MOVANT DID NOT COMPLY

The settlement agreement provides, in relevant part:

"2017-1 IH Borrower LP shall account and remit $7,000.00 to Parker and provide evidence of the same to Parker within ten (10) business days of acceptance."

Under Georgia law, **contracts are interpreted according to their plain and ordinary meaning**, and courts must give effect to the language chosen by the parties where that language is clear and unambiguous. *O.C.G.A. § 13-2-3*; *CareAmerica, Inc. v. S. Care Corp.*, 229 Ga. App. 878, 880, 495 S.E.2d 79 (1997).

The word **"remit"** is not ambiguous. In ordinary usage, "remit" means **to send, deliver, or transmit payment**. Georgia courts consistently hold that where contractual language imposes a duty to remit funds within a defined time period, **performance requires actual delivery of payment**, not an intent to pay, conditional steps, or internal accounting measures. See *Deep Six, Inc. v. Abernathy*, 246 Ga. App. 71, 74, 538 S.E.2d 886 (2000) (contractual payment obligations require completed performance, not partial acts).

Moreover, Georgia law requires that contracts be construed so as to **give effect to all provisions and avoid interpretations that render terms meaningless.** *O.C.G.A. § 13-2-2(4)*; *Board of Regents v. A.B. & E., Inc.*, 182 Ga. App. 671, 672, 357 S.E.2d 100 (1987). Reading "remit" as anything less than completed payment would nullify both the **ten-day deadline** and the requirement to "provide evidence of the same," an interpretation Georgia law expressly forbids.

Where, as here, a contract specifies **both a time for payment and an evidentiary requirement**, Georgia courts treat timely payment as a **condition precedent** to the other party's performance. *DPLM, Ltd. v. J.H. Harvey Co.*, 241 Ga. App. 219, 221, 526 S.E.2d 409 (1999). Movant's failure to timely remit payment therefore **excused further performance by Mr. Parker as a matter of law**.

Finally, any ambiguity—assuming arguendo one exists—**must be construed against the drafter**, particularly where that party seeks equitable relief after breaching the agreement. *O.C.G.A. § 13-2-2(5)*; *Precision Planning, Inc. v. Richmark Cmtys., Inc.*, 298 Ga. App. 78, 82, 679 S.E.2d 43 (2009). Movant cannot manufacture ambiguity through nonperformance and then invoke equity to benefit from its own breach.

Accordingly, the term "remit" must be enforced according to its plain meaning: **actual delivery of payment within ten business days**. Movant failed to satisfy that obligation and is therefore barred—both legally and equitably—from enforcing the settlement on its preferred terms.

## VI. MOVANT CANNOT MANUFACTURE AMBIGUITY THROUGH NONPERFORMANCE

Georgia law requires contracts to be interpreted so as to give effect to all terms and avoid unreasonable results. Movant's proposed interpretation would:

4

- Nullify the ten-day deadline;

- Render the "evidence" requirement meaningless; and

- Convert a settlement agreement into an indefinite option controlled solely by the breaching party.

That construction is untenable. Ambiguity cannot be created by refusal to perform.

## VII. CONCLUSION

The record is clear:

1. Movant materially breached the settlement agreement first;
2. The Court has already found Movant's counsel did not act in good faith;
3. Equity and contract law require reversion to the original agreement, not selective enforcement; and
4. The word "remit" must be given its plain meaning—a requirement Movant failed to satisfy.

For these reasons, Movant's Motion for Stay Pending Appeal and to Suspend the Court's Injunction should be **DENIED in its entirety**.

Respectfully submitted,

Curtis Parker, Debtor Pro Se

**CERTIFICATE OF SERVICE**

This is to certify that I have served the foregoing Respondent Curtis Parker's Objection And Response To Movant's Motion And Incorporated Brief For Stay Pending Appeal And To Suspend Any Injunction by way of United States Postal Service Mail to the following party of record:

Matthew F. Totten
Georgia Bar No. 798589
The Totten Law Firm, LLC
5579 Chamblee-Dunwoody Road, Suite B-136
Atlanta, Georgia 30338
Attorney of records for Invitation Homes

**February 11, 2026**

Curtis Parker
1149 Autumn Glen Way
Dacula, GA  30019
(770_ 369-6521

*/s/ Curtis Parker*